PROSKAUER ROSE LLP
Lawrence R. Sandak
Joseph C. O'Keefe
1585 Broadway
New York, NY 10036-8299
T: 212.969.3000
F: 212.969.2900
Attorneys for Defendant
Nextel Communications, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x

MICHAEL S. JOHNSON, DONNA DYMKOWSKI,  :
PATRICIA LONG-CORREA, ANTONIO         :
SAMUEL, VINCENT HALL, ANGELETTTE      :
WATERS, Individually, and on behalf of the Class,  :
                                      :       07 Civ. 08473 (GBD)
            Plaintiffs,               :
                                      :
            - against -               :
                                      :
NEXTEL COMMUNICATIONS, INC., a Delaware  :
Corporation; LEEDS, MORELLI & BROWN, P.C.;  :
LENARD LEEDS, STEVEN A. MORELLI;      :
JEFFREY K. BROWN; JAMES VAGNINI;      :
FREDERIC DAVID OSTROVE; BRYAN         :
MAZOLLA; SUSAN FITZGERALD; AND JOHN   :
AND JANE DOES 1-10, (a fictitious designation for  :
presently unknown Defendants),        :
                                      :
            Defendants.               :

- - - - - - - - - - - - - - - - - - - - - - - - - - x


**SUPPLEMENTAL MEMORANDUM OF NEW YORK LAW IN
SUPPORT OF NEXTEL COMMUNICATIONS, INC.'S MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

PROCEDURAL POSTURE ...................................................................................2

LEGAL ARGUMENT ........................................................................................3

   I.    THIS COURT MAY PROPERLY CONSIDER THE DOCUMENTS RELIED UPON
       BY PLAINTIFFS AND REFERENCED IN THE COMPLAINT ....................................3

   II.   UNDER NEW YORK LAW, PLAINTIFFS' CLAIMS AGAINST NEXTEL ARE
       BARRED DUE TO THE GENERAL RELEASE THEY SIGNED. ..................................4

       A.    New York Public Policy Favors The Enforcement Of The General Release. .......5

       B.    Plaintiffs Fail To And Cannot Adequately Plead Fraud In The Inducement
            As To Nextel Under Applicable Law And, Therefore, the General Release
            Must Be Enforced Under New York Law. ...........................................................6

   III.  PLAINTIFFS' INDIVIDUAL AGREEMENTS ESTABLISH THAT THEY WERE
       AWARE OF THE TERMS OF THE DRSA, WHICH LEEDS MORELLI
       NEGOTIATED ON THEIR BEHALF WITH NEXTEL AND, THUS, UNDER NEW
       YORK LAW, PLAINTIFFS' COMMON LAW CLAIMS FAIL AS A MATTER OF
       LAW. ............................................................................................................11

       A.    New York Law Requires Dismissal of Plaintiffs' Aiding and Abetting Breach
            of Fiduciary Duty and Aiding and Abetting Fraud Claims..................................11

       B.    New York Law Also Warrants Dismissal of Plaintiffs' Tortious Interference
            With Contract, Aiding and Abetting Legal Malpractice and Aiding and
            Abetting Breach of Contract Claims. ..................................................................12

   IV.  THE COURT SHOULD ALSO DISMISS THE SECOND COUNT OF THE
       COMPLAINT BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF
       CAN BE GRANTED UNDER NEW YORK LAW. .......................................................13

  CONCLUSION....................................................................................................13

# TABLE OF AUTHORITIES

CASES

Booth v. 3669 Delaware, Inc.,
    92 N.Y.2d 934, 703 N.E.2d 757 (1998).................................................................5

Brasseur v. Speranza,
    21 A.D.3d 297, 800 N.Y.S.2d 669 (1st Dep't 2005) ............................................11

Brown v. City of South Burlington,
    393 F.3d 337 (2d Cir. 2004)...............................................................................5

Da Silva v. Musso,
    53 N.Y.2d 543, 428 N.E.2d 382 (1981).................................................................7

In re Merrill Lynch & Co., Inc.,
    273 F. Supp. 2d 351 (S.D.N.Y. 2003)...................................................................3

In re Tower Automotive Securities Litigation,
    483 F. Supp. 2d 327 (S.D.N.Y. 2007)...............................................................3, 8

Int'l Audiotext Network, Inc., v. Am. Telephone and Telegraph Co.,
    62 F.3d 69 (2d Cir. 1995)..................................................................................3

Jaggie v. Northstar Tubular Corp.,
    195 A.D.2d 336, 600 N.Y.S.2d 18 (1st Dep't 1993) ...............................................12

Kaufman v. Cohen,
    307 A.D.2d 113, 760 N.Y.S.2d 157 (1st Dep't 2003) ............................................11

Kavoukian v. Kaletta,
    294 A.D.2d 646, 742 N.Y.S.2d 157 (3d Dep't 2002)..........................................9-10

King v. GeorgeSchonberg & Co.,
    233 A.D.2d 242, 650 N.Y.S.2d 107 (1st Dep't 1996) ...........................................11

Krumme v. WestPoint Stevens Inc.,
    238 F.3d 133 (2d Cir. 2000)................................................................................6

Lama Holding Co. v. Smith Barney Inc.,
    88 N.Y.2d 413, 668 N.E.2d 1370 (1996)...............................................................12

Lancer Offshore, Inc. v. Dominion Income Management Corp.,
    2002 WL 441309 (S.D.N.Y. March 20, 2002) ........................................................10

Mangiafico v. Blumenthal,
    471 F.3d 391 (2d Cir. 2006).............................................................................3

Morby v. Di Siena Assoc.,
    291 A.D.2d 604, 737 N.Y.S.2d 678 (3d Dep't 2002) ..............................................6

Niagara Mohawk Power Corp. v. Freed,
    265 A.D.2d 938, 696 N.Y.S.2d 600 (4th Dep't 1999) ............................................13

Pressely v. Rochester City Sch. District,
    234 A.D.2d 998, 652 N.Y.S.2d 191 (4th Dep't 1996) ..............................................9

Rapoport v. Asia Elecs. Holding Co.,
    88 F. Supp. 2d 179 (S.D.N.Y. 2000)...................................................................8

Rocanova v. Equitable Life Assur. Socy.,
    83 N.Y.2d 603, 634 N.E.2d 940 (1998)............................................................5-6

Ross v. Louise Wise Servs., Inc.,
    8 N.Y.3d 478, 868 N.E.2d 189 (2007)................................................................7

Sardanis v. Sumitomo Corp.,
    279 A.D.2d 225, 718 N.Y.S.2d 66 (1st Dep't 2001) .............................................13

Touloumis v. Chalem,
    156 A.D.2d 230, 548 N.Y.S.2d 493 (1st Dep't 1989) .............................................6

Wint v. ABN Amro Mtge. Group, Inc.,
    19 A.D.3d 588, 800 N.Y.S.2d 411 (2d Dep't 2005) ..............................................13

STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS

Fed. R. Civ. P. 12(b)(6)...................................................................................2

New York Penal Law § 180................................................................................12

Penal Law 180.03.........................................................................................13

## PRELIMINARY STATEMENT

Defendant Nextel Communications, Inc. ("Nextel") submits this supplemental memorandum of law in further support of its December 22, 2006 Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint ("the Motion" and "the Complaint"). The Motion was initially filed with the United States District Court for the District of New Jersey, before this matter was transferred to this District, and it remains sub judice.[1]

## PROCEDURAL POSTURE

On December 22, 2006, Nextel filed its Motion to Dismiss with the United States District Court for the District of New Jersey. On December 29, 2006, co-defendants Leeds, Morelli & Brown, P.C. ("Leeds Morelli"), Lenard Leeds, Steven A. Morelli, Jeffrey K. Brown, James Vagnini, Frederic David Ostrove, Bryan Mazolla, and Susan Fitzgerald filed a motion to dismiss and a motion to transfer venue to the Southern District of New York. The court granted the motion to transfer venue to this District but did not rule on Defendants' fully briefed motions to dismiss.

Nextel's Motion to Dismiss relied primarily on New Jersey and Third Circuit authority in seeking dismissal of Plaintiffs' common law claims against Nextel – aiding and abetting breach of fiduciary duty (First Count), commercial bribery (Second Count), aiding and abetting fraud

---

[1] Nextel's prior submissions are incorporated herein as if set forth at length and will be referred to as follows: Nextel's Memorandum in Support of Motion to Dismiss Plaintiffs' First Amended Complaint ("Moving Brief"); Declaration of Susan Z. Haller in Support of Nextel's Motion to Dismiss dated December 21, 2006 ("Haller Declaration"); Plaintiffs' Brief in Opposition to Motion to Dismiss Plaintiffs' First Amended Complaint ("Opposing Brief"); and Nextel's Memorandum in Further Support of Motion to Dismiss Plaintiffs' First Amended Complaint ("Reply Brief"). Documents referred to in Plaintiffs' Complaint were submitted to the Court as exhibits to the Haller Declaration. As such, all citations, herein, to "(Ex. [Number].)" are citations to the specific documents Plaintiffs relied on or incorporated into their Complaint, as annexed to the Haller Declaration.

(Third Count), tortious interference (Fourth Count), aiding and abetting legal malpractice (Seventh Count), aiding and abetting breach of contract (Eighth Count) and conversion (Tenth Count). Nextel files this "supplemental memorandum," which demonstrates that New York and Second Circuit authority also warrant dismissal of these claims for the same reasons articulated in Nextel's Moving and Reply Briefs.

## **LEGAL ARGUMENT**

I.    **THIS COURT MAY PROPERLY CONSIDER THE DOCUMENTS RELIED UPON BY PLAINTIFFS AND REFERENCED IN THE COMPLAINT.**

In deciding Nextel's Motion to Dismiss, this Court is not limited solely to the allegations in the Complaint. Where a plaintiff has relied on the terms and effect of documents in drafting the complaint or referenced documents in the complaint, a court may consider the contents of such documents even if they are not attached as an exhibit to the complaint. Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (holding that court can consider documents "integral" to complaint even if document is not attached to or incorporated by reference in complaint); Int'l Audiotext Network, Inc., v. Am. Telephone and Telegraph Co., 62 F.3d 69, 72 (2d Cir. 1995) (same). A court may also consider documents or information contained in the defendant's motion papers if the plaintiff has knowledge or possession of the material and relied on it in framing the complaint. Mangiafico, 471 F.3d at 398; In re Tower Automotive Securities Litigation, 483 F. Supp. 2d 327, 334 (S.D.N.Y. 2007); In re Merrill Lynch & Co., Inc., 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003).

As set forth in Nextel's Moving Brief, the Complaint relies on and repeatedly references several critical documents – the Dispute Resolution Settlement Agreement ("DRSA") with attachments, including the General Release and the Individual Agreements – each of which was

executed by every Plaintiff. (See, e.g., Moving Brief, at 10-11.) As a result, the Court can and should look to the contents of the General Release and Individual Agreement when considering Nextel's Motion to Dismiss, which warrants the dismissal of Plaintiffs' claims against Nextel.

## II.    UNDER NEW YORK LAW, PLAINTIFFS' CLAIMS AGAINST NEXTEL ARE BARRED DUE TO THE GENERAL RELEASE THEY SIGNED.

As explained at length in the Statement of Fact Section of Nextel's Moving Brief, all Plaintiffs in this putative class action voluntarily agreed to participate in an alternative dispute resolution process ("DRP") to resolve their alleged claims against Nextel.[2] This DRP was memorialized in the Dispute Resolution and Settlement Agreement ("DRSA") and allowed the parties to mediate their disputes, and if unable to settle through mediation, have the disputes decided by neutral arbitrators in binding arbitration.[3] Attached to the DRSA was a General Release to be executed by each claimant if that claimant reached a satisfactory settlement of his or her claim. Each named Plaintiff, represented by counsel, resolved his/her claims through the DRP and executed the General Release, discharging Nextel from "any and all claims, liabilities, losses, agreements, rights, causes of action and expenses of any nature whatsoever, by reason of any matter, action, omission, course or thing whatsoever, whether known or unknown, occurring up to the date of execution of [the] General Release."[4] (Ex. 1(C), at ¶1; see also Exs. 8-13, at

---

[2] Named Plaintiffs (indeed any potential Claimants) were free to elect not to participate in the DRP and to pursue their alleged claims in separate legal actions, in fora of their choice. (See, e.g., Ex. 2, at ¶4.)

[3] Pursuant to the DRSA, Claimants were not required to settle their claims at the mediation stage. Each claimant was free to take his/her claims to binding arbitration before an arbitrator chosen by the parties from lists provided by the CPR Institute for Dispute Resolution. (Ex. 1, at ¶7h(iii)(a).)

[4] A few of the members of this putative class action, while they may have participated in the DRP, may not have executed a General Release because they were unsuccessful at the binding arbitration stage and, therefore, did not receive a settlement from Nextel. However, pursuant to

4

¶1.)  In exchange for this release, Plaintiffs received substantial consideration from Nextel, which they have not surrendered.[5]

### A.    New York Public Policy Favors The Enforcement Of The General Release.

New York law, like the New Jersey law cited in Nextel's Moving Brief, and the law in the majority of other jurisdictions,[6] favors the enforcement of settlements and requires strict enforcement of releases, such as the General Release executed by Plaintiffs in this action.  See, e.g., Rocanova v. Equitable Life Assur. Socy., 83 N.Y.2d 603, 616, 634 N.E.2d 940 (1998) (enforcing release signed by plaintiff and noting public policy favoring enforcement of settlements (citing Denburg v. Parker Chapin Flattau & Klimpl, 82 N.Y.2d 375, 383, 624 N.E.2d 995 (1993))).  Releases are afforded a presumption of enforceability and execution of a release is a "jural act" binding on the parties.  Booth v. 3669 Delaware, Inc., 92 N.Y.2d 934, 935, 703 N.E.2d 757, 758 (1998).  As such, this Court may not disregard the General Release and must

---

their Individual Agreements, they agreed "not to seek to participate as a class representative or member of any purported class action that may be filed against [Nextel] ... based on events up to and including the date that the Dispute Resolution and Settlement Agreement was executed." (Ex. 2, at ¶2.)

[5] "In order to avoid a finding of ratification where consideration has been paid, it is essential that the releasor tender back the sum received."  Brown v. City of South Burlington, 393 F.3d 337 (2d Cir. 2004) (noting, with approval, that where plaintiff had executed release of discrimination claims in consideration of payment by defendant, absence of tender back was fatal to her claim). Because Plaintiffs have not returned the settlement payments they received in consideration for the releases, they have ratified the releases and, for this additional reason, the releases should be enforced.

[6] For example, two plaintiffs, not members of this putative class but who participated in the DRP with Nextel and executed identical General Releases, filed a similar suit to the instant one against Nextel and Leeds Morelli in the State of Colorado's District Court.  (See Colorado District Court order regarding Nextel's Motion For Summary Judgment, dated October 4, 2007, attached hereto as Exhibit A.)  That court dismissed the plaintiffs' claims against Nextel because, inter alia, they were barred due to the General Releases executed by the parties.  In rendering this decision, the court explicitly disagreed with the plaintiffs that the General Releases violated public policy. (Id.)

enforce it unless Plaintiffs clearly establish that the releases were procured through fraud. Touloumis v. Chalem, 156 A.D.2d 230, 231, 548 N.Y.S.2d 493, 494-495 (1st Dep't 1989); Rocanova, 83 N.Y.2d at 616, 634 N.E.2d 940 (holding that "[i]nasmuch as the language of the release is clear, *effect must be given* to the intent of the parties as indicated by the language employed [in the release]") (emphasis added) (internal quotations omitted); see also Krumme v. WestPoint Stevens Inc., 238 F.3d 133, 144 (2d Cir. 2000) (same).

Plaintiffs neither dispute that the General Release is clear and unambiguous nor that their claims against Nextel fall within the scope of the release. (See generally Opposing Brief, at 21-34.) Further, Plaintiffs do not allege that the General Release was procured by fraud committed by Nextel. Rather, in their Opposition to Nextel's Motion to Dismiss, Plaintiffs suggest that because Leeds Morelli refused to afford them the opportunity to read the DRSA they were fraudulently induced – by Leeds Morelli and not Nextel – into executing the General Release. (See Opposing Brief, at 26.) For the same reasons presented in Nextel's Moving and Reply Briefs, this allegation is insufficient to invalidate the General Release as to Nextel under New York law. Rocanova, 83 N.Y.2d at 616, 612 N.Y.S.2d at 945 (holding that absent fraud or duress a release must be enforced).

**B.**    **Plaintiffs Fail To And Cannot Adequately  Plead Fraud In The Inducement As To Nextel Under Applicable Law And, Therefore, the General Release Must Be Enforced Under New York Law.**

To the extent Plaintiffs are attempting to rely on a theory of fraud in the inducement to avoid the consequences of the valid general releases, such an attempt fails, as a matter of law, as against Nextel. Pursuant to New York law, the party alleging fraud in the inducement in order to avoid enforcement of a release bears the burden of "alleg[ing] every material element of fraud with specificity sufficient to establish a prima facie case." Morby v. Di Siena Assoc., 291

6

A.D.2d 604, 605, 737 N.Y.S.2d 678, 679 (3d Dep't 2002) (quoting Touloumis, 159 A.D.2d at

232, 548 N.Y.S.2d at 494-495).  In order to allege that the General Releases are invalid, based on

a theory of fraud in the inducement, Plaintiffs must plead with particularity: (1) a material

misrepresentation of a presently existing or past fact; (2) reasonable reliance on the

misrepresentation by Plaintiffs; and (3) resulting damages to them.  See, e.g., Ross v. Louise

Wise Servs., Inc., 8 N.Y.3d 478, 488, 868 N.E.2d 189 (2007).  As demonstrated in Nextel's

Moving and Reply Brief, Plaintiffs have not and *cannot* allege any material misrepresentation of

fact by Nextel or any of its agents. (See Reply Brief, at 5-7.)  Any such misrepresentation

allegation would be defeated by the Individual Agreements themselves which state in clear and

unambiguous language that ***each Plaintiff reviewed the DRSA***, had the opportunity to review its

terms with ***any counsel of their choosing***, and knew of the payments (both legal fees and

consultancy fees) to Leeds Morelli and their amounts.  (See Moving Brief, at 16-18.)  Further,

even assuming Plaintiffs could allege an actionable material misrepresentation, their reliance on

same would be unreasonable based on the clear and unambiguous language of the General

Release.

> (i)   **The alleged misrepresentation, even if made, does not support a claim against Nextel.**

Plaintiffs' entire defense to the General Release is premised upon only one alleged

material misrepresentation – that Leeds Morelli (neither a contracting party bound by the terms

of the General Release nor a representative of Nextel) hid the fact that Nextel would provide

Leeds Morelli with attorneys' and consulting fees.  Under New York law, however, Plaintiffs

must establish that the alleged misrepresentation was made by Nextel or its agent – the ***other***

***contracting party*** bound by the terms of the release.  See, e.g., Da Silva v. Musso, 53 N.Y.2d

543, 550, 428 N.E.2d 382 (1981) ("[u]nder long accepted principles one who signs a document

is, absent fraud or other wrongful act of the *other contracting party*, bound by its contents.")

(emphasis added). Plaintiffs have not pled that Nextel made a material misrepresentation of fact

or even that it was aware of Leeds Morelli's purported misconduct. The sole alleged

misrepresentation is attributable to Leeds Morelli alone, accordingly, their fraud in the

inducement claim, as against Nextel, fails as a matter of law.

Furthermore, even assuming a misrepresentation made by a non-contracting party could

be used to invalidate a release, Plaintiffs' conclusory allegation remains insufficient – as a matter

of law – to satisfy their heavy burden as their allegation is flatly contradicted by the signed,

notarized Individual Agreements. Each Individual Agreement memorialized the DRP and

unambiguously disclosed the fact that Nextel would pay attorneys' and consultancy fees to Leeds

Morelli. Further, these Individual Agreements explicitly state that *each Plaintiff reviewed the*

*DRSA*, had the opportunity to review its terms with *any counsel of their choosing*, and knew of

the payments (both legal fees and consultancy fees) to Leeds Morelli and their amounts. (Ex.

1(A), at ¶¶ 1, 3; see also Ex. 1, at ¶¶ 11, 12.) This Court should not disregard the Individual

Agreements and accept the truth of Plaintiffs' contradictory allegation in deciding the instant

motion to dismiss. See In re Tower Automotive Securieties Litigation, 483 F. Supp. 2d at 334

(holding that when documents contradict allegations of complaint, court need not accept those

allegations as true); Rapoport v. Asia Elecs. Holding Co., 88 F. Supp. 2d 179, 184 (S.D.N.Y.

2000) (same).

Plaintiffs baldly assert that neither the Individual Agreement nor the General Release

establish that Plaintiffs read the DRSA, or had any opportunity to learn of its contents.

(Opposing Brief, at 22). And, to further avoid the impact of their own signed statements,

Plaintiffs disingenuously argue that because the Individual Agreements do not recite the date of

the DRSA, it cannot be assumed that these agreements are referring to the DRSA.  As demonstrated in Nextel's Reply Brief, these allegations are of no moment to enforceability of the General Release or their claims against Nextel.

      Indeed, whether this Court applies New Jersey or New York law, "[a] party is under an obligation to read a document before executing it and cannot avoid its effect by asserting that he or she did not read it or know its contents." Pressely v. Rochester City Sch. District, 234 A.D.2d 998, 999, 652 N.Y.S.2d 191 (4th Dep't 1996); see also Kavoukian v. Kaletta, 294 A.D.2d 646, 647, 742 N.Y.S.2d 157 (3d Dep't 2002) (although representative allegedly misrepresented scope of release, court enforced the release because motorist admitted that he did not read release before signing it).  (See also Reply Brief, at 3, citing Van Houten Serv., Inc. v. Shell Oil Co., 417 F. Supp. 523, 527 (D.N.J. 1975) (same).)  Plaintiffs voluntarily executed the Individual Agreements, which explicitly acknowledged that they read the DRSA.  Pursuant to the law, Plaintiffs were under an obligation to read these documents and cannot now claim they did not read the DRSA or the Individual Agreements to avoid their effect.

      **(ii)**    **Plaintiffs' reliance on Leeds Morelli's purported misrepresentation was unreasonable as a matter of law and cannot support a claim against Nextel.**

      Despite Plaintiffs' argument under the applicable law, they could not have reasonably relied on Leeds Morelli's alleged failure to disclose the specific content of the DRSA in executing the General Release due to its clear and unambiguous language.  First, the General Release explicitly expresses Plaintiffs' intention to "irrevocably and unconditionally release and forever discharge [Nextel]" from all matters up to and including the date of execution of the General Release.  (Exs. 8-13, at ¶¶ 1,3.)  Further, Plaintiffs unambiguously acknowledged that they did not rely on any "representation, statement, promise, inducement, threat or suggestion

made by [Nextel or any of its agents] or by any other individual to influence him/her to sign this Release except such statements as are expressly set forth herein." (Id.) Plaintiffs' assertion that they actually did rely on a statement made outside the General Release is so clearly contradicted by the language in the release that such purported reliance is unreasonable as a matter of law. See, e.g., Lancer Offshore, Inc. v. Dominion Income Management Corp., 2002 WL 441309, * 4 (S.D.N.Y. March 20, 2002) (concluding that plaintiffs' alleged reliance on outside statement was unreasonable and not justified *as a matter of law* because contract explicitly provided that plaintiffs did not rely on any representations made by other party) (emphasis added).

In addition, even if Plaintiffs did rely on a purported misrepresentation by Leeds Morelli, this does not salvage their claims against Nextel. Nextel reasonably relied on Plaintiffs' written representations and their execution of the General Release in participating in the DRP with each Plaintiff and negotiating settlements which provided each Plaintiff with substantial monetary settlements. Indeed, Nextel had to rely upon Plaintiffs' written representations, because Plaintiffs were all represented by counsel. Nextel was prohibited from engaging in any direct communications with them. To invalidate this clear and unambiguous release, entered into by the contracting parties in good faith, due to the purported misconduct of an outsider, would be contrary to the strong New York favoring the enforcement of settlements and releases.

For all of the foregoing reasons, this Court should enforce the terms of the General Release and dismiss Plaintiffs' claims against Nextel.

III.    **PLAINTIFFS' INDIVIDUAL AGREEMENTS ESTABLISH THAT THEY WERE AWARE OF THE TERMS OF THE DRSA, WHICH LEEDS MORELLI NEGOTIATED ON THEIR BEHALF WITH NEXTEL AND, THUS, UNDER NEW YORK LAW, PLAINTIFFS' COMMON LAW CLAIMS FAIL AS A MATTER OF LAW.**

Plaintiffs' claims against Nextel all rest upon Plaintiffs' demonstrably false assertion that Nextel entered into a "secret" agreement to pay Leeds Morelli attorneys' and consultancy fees as set forth in the DRSA and, thus, aided and abetted Leeds Morelli's wrongs by "paying a bribe" that affected Leeds Morelli's fidelity to Plaintiffs. As set forth at length in Sections I(B) and (C) of Nextel's Moving Brief, the Individual Agreement establishes that there was neither a "secret" agreement between Leeds Morelli and Nextel nor did Nextel "bribe" Leeds Morelli.

A.    **New York Law Requires Dismissal of Plaintiffs' Aiding and Abetting Breach of Fiduciary Duty and Aiding and Abetting Fraud Claims.**

Like the New Jersey law cited in Sections I(B) and (C) of Nextel's Moving Brief, under New York law, *inter alia*, to state a claim of aiding and abetting breach of fiduciary duty (First Count) and aiding and abetting fraud (Third Count), Plaintiffs must plead facts establishing that Nextel substantially assisted Leeds Morelli's purported misconduct – the alleged concealment of the fact that Nextel was providing Leeds Morelli with legal and consulting fees. Kaufman v. Cohen, 307 A.D.2d 113, 126, 760 N.Y.S.2d 157, 170 (1st Dep't 2003) (aiding and abetting breach of fiduciary duty); King v. GeorgeSchonberg & Co., 233 A.D.2d 242, 243, 650 N.Y.S.2d 107, 108 (1st Dep't 1996) (aiding and abetting fraud). Actual knowledge, as opposed to constructive knowledge, is required and a plaintiff may not merely rely on conclusory and sparse allegations that the aider or abettor knew or should have known about the primary breach of fiduciary duty. See, e.g., Brasseur v. Speranza, 21 A.D.3d 297, 800 N.Y.S.2d 669 (1st Dep't 2005).

11

Plaintiffs cannot allege that Nextel had constructive knowledge, let alone actual knowledge, of Leeds Morelli's purported misconduct. As discussed above, through the Individual Agreement, Plaintiffs unambiguously represented to Nextel that they were provided with the opportunity to review the terms of the DRSA. Nextel, in good faith, relied on Plaintiffs' representations to provide them substantial settlements, which they have not surrendered. Accordingly, Plaintiffs' claims of aiding and abetting breach of fiduciary duties and fraud fail as a matter of law.

**B.    New York Law Also Warrants Dismissal of Plaintiffs' Tortious Interference With Contract, Aiding and Abetting Legal Malpractice and Aiding and Abetting Breach of Contract Claims.**

In order to state claims for tortious interference with contract (Fourth Count), aiding and abetting legal malpractice (Seventh Count) or aiding and abetting breach of contract (Eight Count), under either New Jersey or New York law, Plaintiffs must plead, *inter alia*, the existence of a contract or relationship and an intentional procurement of a breach of this contract or relationship. See Lama Holding Co. v. Smith Barney Inc., 88 N.Y.2d 413, 424, 668 N.E.2d 1370 (1996). Here, Plaintiffs set forth the same allegations for each of these claims – that through the alleged bribe Nextel procured the breach of Plaintiffs' "contract" or relationship with Leeds Morelli. As discussed above and in Nextel's Moving Brief, the Individual Agreements irrefutably establish that no bribe occurred. Like New Jersey, under New York law, bribery requires a showing that a "secret" payment was made to an agent to influence his/her action. See, e.g., Jaggie v. Northstar Tubular Corp., 195 A.D.2d 336, 600 N.Y.S.2d 18, 19 (1st Dep't 1993) (complaint fails to allege bribing under New York Penal Law § 180, where alleged benefit conferred on agent was not a *secret*) (emphasis added). Accordingly, the Fourth, Seventh and Eighth Counts of the Complaint fail to state a claim under New York law.

**IV. THE COURT SHOULD ALSO DISMISS THE SECOND COUNT OF THE COMPLAINT BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER NEW YORK LAW.**

The Second Count of the Complaint asserts a claim entitled "Commercial Bribery." New York does not recognize a private cause of action for commercial bribery. See Sardanis v. Sumitomo Corp., 279 A.D.2d 225, 229-30, 718 N.Y.S.2d 66, 68 (1st Dep't 2001) (concluding no private right of action for commercial bribery); Wint v. ABN Amro Mtge. Group, Inc., 19 A.D.3d 588, 589-90, 800 N.Y.S.2d 411, 412 (2d Dep't 2005) (agreeing with First Department that no private right of action exists for violation of Penal Law 180.03); but see Niagara Mohawk Power Corp. v. Freed, 265 A.D.2d 938, 939, 696 N.Y.S.2d 600, 602 (4th Dep't 1999) (recognizing civil cause of action for commercial bribery). Accordingly, this Court should dismiss the Second Count of the Complaint.

## CONCLUSION

For all of the foregoing reasons, and for the reasons contained in Nextel's Moving and Rely Briefs, Plaintiffs' First Amended Complaint should be dismissed with prejudice as it relates to Nextel.

Dated:  February 29, 2008                PROSKAUER ROSE LLP

By: _s/Lawrence R. Sandak_____
Lawrence R. Sandak
Joseph C. O'Keefe
Attorneys for Defendant Nextel
Communications, Inc.

13

# EXHIBIT A

DISTRICT COURT, CITY & COUNTY OF DENVER,
STATE OF COLORADO

Court Address: 1437 Bannock Street
                 Denver, CO 80202

EFILED Document
CO Denver County District Court 2nd JD
Filing Date: Oct 4 2007 1:35PM MDT
Filing ID: 16558581
Review Clerk: Kari S Elizalde

**Plaintiffs:** DENISE McNEIL and ALENCIA MOORE,

v.

**Defendants:** LEEDS, MORELLI & BROWN, P.C., et al.

▲ **COURT USE ONLY** ▲

Case Number: 03CV893

Courtroom: 2

---

**COURT'S ORDER RE: NEXTEL'S MOTION FOR SUMMARY JUDGMENT**

---

       This Matter is before the Court pursuant to Defendant Nextel Communication's Motion for Summary Judgment filed August 13, 2007. The Court, having reviewed the pleadings, file, and applicable authorities, hereby Finds and Orders as follows:

       1.     Plaintiffs have asserted eleven claims against Defendant Nextel Communications. Nextel has moved for summary judgment as to all claims. As the factual and procedural history of this case is lengthy and complex, the Court will not recite it in this Order. All parties are well acquainted with the history of this matter.

       2.     Many of the claims asserted against Defendant Nextel are also asserted against Defendants Leeds, Morelli & Brown and the individual attorneys ("Lawyer Defendants"). This Order will <u>only</u> address the claims as they pertain to Nextel. The Lawyer Defendants have filed separate Motions for Summary Judgment on several of the same claims and these will be addressed separately.

       3.     As a preliminary matter, the Court notes that Plaintiffs have stipulated to dismissal of their **Fourth Claim** for Relief against Nextel (Negligent Misrepresentation) and their **Eighth Claim** for Relief (Interference with LMB's Promises).

       4.     A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that that the moving party is entitled to judgment as a matter of law." C.R.C.P. 56(c); <u>Casey v. Christie Lodge Owners Ass'n., Inc.</u>, 923 P.2d 365, 366 (Colo. App. 1996). The burden of demonstrating the absence of a genuine issue of material fact is on the moving party. <u>Ellerman v. Kite</u>, 625 P.2d 1006, 1008 (Colo. 1981). "All doubts as to whether a triable issue of fact exists

must be resolved against the moving party." <u>Bayou Land Co. v. Talley</u>, 924 P.2d 136, 151 (Colo. 1996).

5.      The party opposing summary judgment "may not rest upon mere allegations or denials . . . but must provide specific facts demonstrating the existence of a genuine issue" of material fact. <u>Sender v. Powell</u>, 902 P.2d 947, 950 (Colo. App. 1995). In their Response, rather than address the specific arguments asserted by Nextel in its Motion, Plaintiffs merely incorporate by reference a large number of previously filed voluminous pleadings and exhibits. Such a Response requires the Court not only to search for the relevant portions of the other pleadings, but also, in essence, to make Plaintiffs' arguments on their behalf. The Court finds, therefore, that Plaintiffs' Response is legally insufficient as a matter of law. <u>See e.g. Mauldin v. Lowery</u>, 255 P.2d 976 (Colo. 1953); <u>Castillo v. Koppes-Conway</u>, 148 P.3d 289 (Colo. App. 2006). Plaintiffs' Response to Nextel's Motion for Summary Judgment is hereby STRICKEN. As such, the Court deems the facts as presented by Nextel in its Motion to be undisputed.

6.      Notwithstanding the above, the Court finds that Plaintiffs' claims against Nextel are barred due to the General Releases executed between the parties in early 2002. Plaintiffs assert the General Releases are void as against public policy and were procured through constructive fraud. The Court is not persuaded by Plaintiffs' assertions. Constructive fraud is a legal concept which is predicated upon the existence of a fiduciary duty between the parties. <u>See e.g. U. S. Nat. Bank of Denver v. Bartges</u>, 224 P.2d 658 (Colo. 1950). As will be discussed in further detail below, no fiduciary duty flowed from Nextel to the Plaintiffs. Therefore, there can be no constructive fraud as a matter of law. Additionally, Plaintiffs make only one conclusory reference (with no authority) in their pleadings that the General Releases violate public policy. This is inadequate as a matter of law to defeat a Motion for Summary Judgment.

7.      Defendant Nextel also argues that a number of Plaintiffs' claims are time barred. Specifically, Nextel asserts the First, Second, Tenth, Eleventh, and Thirteenth claims are barred by the applicable statute of limitations. Based on the findings below, the Court declines to address this issue at this time.

8.      In addition to the above, the Court finds that a number of independent grounds exist upon which to grant Nextel's Motion for Summary Judgment. The Court will discuss these in detail below.

9.      Plaintiffs' **First Claim** for Relief is for Outrageous Conduct. This claim requires Plaintiffs show Nextel intentionally or recklessly engaged in extreme and outrageous conduct with the intent to cause Plaintiffs severe emotional distress which caused Plaintiffs severe emotional distress. <u>Culpepper v. Pearl Street Building, Inc.</u>, 877 P.2d 877 (Colo. 1994). Outrageous conduct is that which "is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." <u>Coors Brewing</u>

Co. v. Floyd, 978 P.2d 633, 666 (Colo. 1999).

10.     "Before permitting a Plaintiff to present a claim for outrageous conduct to the jury, the trial court must initially rule on the threshold issue of whether the Plaintiff's allegations of outrageous conduct are sufficiently outrageous as a matter of law." Culpepper at 883.  The basis of Plaintiffs' Outrageous Conduct claim is the DRSA which Nextel entered into with Leeds, Morelli & Brown ("LMB").  Plaintiffs allege that by entering into the DRSA, Nextel breached its fiduciary duty to Plaintiffs and the DRSA gave rise to a conflict of interest between Plaintiffs and Defendants.  The Court finds that these representations do not rise to the level of outrageous behavior required to sustain a claim for Outrageous Conduct.  When viewed in comparison to other Colorado cases in which the Court has declined to allow a claim for Outrageous Conduct to survive, it is apparent Plaintiffs First Claim for Relief is insufficient as a matter of law.  See e.g., in addition to the cases cited above, Gordon v. Boyles, 99 P.3d 75 (Colo. App. 2004); English v. Griffith, 99 P.3d 90 (Colo. App. 2004); and Rawson v. Sears Roebuck & Co., 530 F.Supp. 776 (D.C.Colo. 1982).

11.     Plaintiffs' **Second Claim** for Relief is Interference with Nextel's Promises.  The Court notes that as pled, Plaintiffs' Second Claim is not a recognizable claim under Colorado law as promises are generally not legally enforceable.  See e.g. Board of County Com'rs of Summit County v. DeLozier, 917 P.2d 714 (Colo. 1996).  However, based on the representations in the Fourth Amended Complaint ("Complaint"), it appears Plaintiffs may have intended to assert a claim for Intentional Interference with Contractual Relations.  This claim also fails as a matter of law.  The contract to which the Complaint refers is the employment contract between Plaintiffs and Nextel.  Nextel cannot "improperly interfere with" (as opposed to breaching) a contract to which it is itself a party.  See e.g. Telluride Real Estate Co. v. Penthouse Affiliates, LLC, 996 P.2d 151 (Colo. App. 1999).  Additionally, any claims arising from Plaintiffs' employment contract with Nextel are time barred.  See ¶ 16 of this Order.

12.     Plaintiffs' **Third Claim** for Relief is Fraud.  A claim for fraud requires Plaintiffs to show Nextel: (1) made a false representation of material fact; (2) knew it to be false and with the intent that Plaintiffs would rely on the representation; (3) Plaintiffs did in fact rely on the representation and; (4) due to their reliance, Plaintiffs suffered damages.  Brody v. Brock, 897 P.2d 769 (Colo. 1995).  Plaintiffs must set forth the facts supporting their fraud claim by direct and particular allegations.  C.R.C.P. 9(b); State Farm Mut. Auto. Ins. Co. v. Parrish, 899 P.2d 285 (Colo. App.1994).  All main facts or incidents that constitute the fraud must be pled.  Id.

13.     Plaintiffs' Complaint and Response to the Motion for Summary Judgment fail to put forth any factual allegations which support their assertions that Nextel made false representations of material fact.  In its Motion for Summary Judgment, Nextel offers portions of Plaintiffs' own deposition transcripts as support that Nextel neither made false representations nor concealed material facts pertaining to the DRSA.  Plaintiffs offer no

3

evidence to refute these statements. The Court finds, therefore, that Plaintiffs have failed to state a claim for fraud.

14.    Plaintiffs' **Sixth Claim** for Relief is for Breach of Fiduciary Duty. The Complaint states that Nextel's status as Plaintiffs' employer gives rise to a fiduciary duty between Plaintiffs and Nextel. However, under Colorado law, an employer does not owe an employee fiduciary duties. *See e.g.* Equitex, Inc. v. Ungar, 60 P.3d 746 (Colo. App. 2002); Jet Courier Service, Inc. v. Mulei, 771 P.2d 486 (Colo. 1989); Bithell v. Western Care Corp., 762 P.2d 708 (Colo. App. 1988). The Court finds, therefore, that Plaintiffs' claim for Breach of Fiduciary Duty fails as a matter of law.

15.    Plaintiffs' **Seventh Claim** for Relief (Aiding and Abetting Breach of Fiduciary Duty) against Nextel must include these elements: (1) breach by a fiduciary of a duty owed to a plaintiff, (2) a defendant's knowing participation in the breach, and (3) damages. Holmes v. Young, 885 P.2d 305 (Colo. App. 1994). The Defendant must give substantial assistance to the other's breach and knowingly participate in the breach. Nelson v. Elway, 971 P.2d 245 (Colo. App. 1998). The attorney-client relationship between Plaintiffs and the Lawyer Defendants created a fiduciary duty. However, the record is devoid of evidence that Nextel, by entering into the DRSA with the Lawyer Defendants, engaged in the requisite conduct to show it aided and abetted the Lawyer Defendants in the breach of their duty owed to Plaintiffs. Plaintiffs' seventh claim, therefore, fails as a matter of law.

16.    Plaintiff's **Tenth Claim** for Relief is (Ordinary) Negligence. As to this Claim, the Complaint states, in its entirety, "Plaintiffs incorporate paragraphs one through 113 of this Fourth Amended Complaint. All defendants were negligent. The negligence of all defendants was a cause of Plaintiffs' damages." The elements of a negligence claim are: (1) Nextel owed Plaintiffs a duty; (2) Nextel breached its duty; (3) and such breach caused Plaintiffs' damages. Plaintiffs fail to allege what duty Nextel owed them. In the Response to Nextel's Motion for Summary Judgment, Plaintiffs simply refer the Court to other pleadings which they have filed in this case. Plaintiffs have presented no facts to show Nextel owed them a duty of care, and as stated above, the employer-employee relationship does not give rise to such a duty. The Court finds, therefore, that Plaintiffs have failed to state a claim for negligence as a matter of law.

17.    Plaintiffs' **Eleventh Claim** for Relief is for Breach of Contract. The **Thirteenth Claim** for Relief is for Retaliation. Both of these claims are based on Plaintiffs' allegations that Nextel constructively discharged Plaintiffs for improper reasons. The statute of limitations on a claim for breach of contract is three years. C.R.S. § 13-80-101(a). The statute of limitations on a claim for retaliation is two years. C.R.S. § 13-80-102(1)(a). It is undisputed that both Plaintiffs were discharged from employment with Nextel in October 1999. Therefore, Plaintiffs' breach of contract claim and retaliation claim are both barred by the statute of limitations as this case was not filed until February 2003.

18.    Plaintiffs' **Fifteenth Claim** for Relief is for Civil Conspiracy. A civil conspiracy claim requires: (1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) an unlawful overt act, and (5) damages as the proximate result. Jet Courier Service, Inc. v. Mulei, 771 P.2d 486 (Colo. 1989). "To prove that the Defendants consciously conspired and deliberately pursued a common plan or design that resulted in a tortious act" Plaintiffs must present evidence to support their assertion. Resolution Trust Corp. v. Heiserman, 898 P.2d 1049, 1057 (Colo. 1995).

19.    In its Motion for Summary Judgment, Nextel offers the depositions of Plaintiff McNeil and of several LMB attorneys from New York to demonstrate there is a lack of evidence supporting Plaintiffs' assertion of an unlawful overt act committed by Nextel and the Lawyer Defendants. Plaintiffs offer no evidence to refute this contention in their Response, nor is there any evidence to support their claim in the Complaint. Therefore, Plaintiffs' Fifteenth Claim fails as a matter of law.

20.    In light of the above findings, the Court does not reach Nextel's arguments regarding whether Plaintiffs are obligated to return their settlement funds. Nextel's Motion for Summary Judgment is GRANTED.

Dated this _4th_ day of October, 2007.

By the Court:

_Herbert L. Stern IV_

Herbert L. Stern III
District Court Judge

cc: Counsel of Record

5