EXHIBIT "B"

RIVKIN RADLER LLP
JOHN J. ROBERTELLI, ESQ.
COURT PLAZA SOUTH-WEST WING
21 MAIN STREET
HACKENSACK, NEW JERSEY 07601
(201) 287-2460
MCCONNELL SIDERIUS FLEISCHNER
HOUGHTALING & CRAIGMILE, LLC
TRACI L. VAN PELT, ESQ.
MICHAEL T. McCONNELL, ESQ.
ROBERT W. STEINMETZ, ESQ.
2401 15th STREET, SUITE 300
DENVER, CO 80202
(303) 458-9555
Attorneys for defendants Leeds, Morelli & Brown P.C., Lenard Leeds, Esq.
Steven A. Morelli, Esq., and Jeffrey K. Brown, Esq.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL S. JOHNSON, DONNA DYMKOWSKI, PATRICIA LONG-CORREA, ANTONIO SAMUEL, VINCENT HALL, ANGELETTE WATERS, Individually, and on behalf of the Class, | |
| Plaintiffs, | Civil Action No. 06-5547 (DMC) (MF) |
| -against- | **Document Electronically Filed** |
| NEXTEL COMMUNICATIONS, INC., a Delaware Corporation; LEEDS, MORELLI & BROWN, P.C.; LENARD LEEDS, STEVEN A. MORELLI; JEFFREY K. BROWN; JAMES VAGNINI; FREDERIC DAVID OSTROVE; BRYAN MAZOLLA; SUSAN FITZGERALD; AND JOHN AND JANE DOES 1-10, (a fictitious designation for presently unknown Defendants), | **NOTICE OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** |
| Defendants. | |

PLEASE TAKE NOTICE, that on a date and time to be determined by the Court, the undersigned will move before this Court on behalf of defendants Leeds, Morelli & Brown P.C., Lenard Leeds, Esq. Steven A. Morelli, Esq., and Jeffrey K. Brown, Esq., for an Order dismissing Plaintiffs' Complaint pursuant to Fed.R.Civ.P.12(b)(6).

PLEASE TAKE FURTHER NOTICE that in support of this motion, the undersigned will rely upon the accompanying brief and certification, and proposed form of Order.

RIVKIN RADLER LLP
Attorneys for Defendants Leeds, Morelli & Brown P.C., Lenard Leeds, Esq., Steven A. Morelli, Esq., and Jeffrey K. Brown, Esq.

Dated: December 29, 2006

By: _____
JOHN J. ROBERTELLI, ESQ. (jr0821)
21 Main Street
Court Plaza South-West Wing
Hackensack, New Jersey 07601-7021
(201) 287-2460 (ph)
(201) 489-0495 (fx)

RIVKIN RADLER LLP
JOHN J. ROBERTELLI, ESQ.
COURT PLAZA SOUTH-WEST WING
21 MAIN STREET
HACKENSACK, NEW JERSEY 07601
(201) 287-2460
MCCONNELL SIDERIUS FLEISCHNER
HOUGHTALING & CRAIGMILE, LLC
TRACI L. VAN PELT, ESQ.
MICHAEL T. McCONNELL, ESQ.
ROBERT W. STEINMETZ, ESQ.
2401 15th STREET, SUITE 300
DENVER, CO 80202
(303) 458-9555
Attorneys for defendants Leeds, Morelli & Brown P.C., Lenard Leeds, Esq.
Steven A. Morelli, Esq., and Jeffrey K. Brown, Esq.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL S. JOHNSON, DONNA DYMKOWSKI, PATRICIA LONG-CORREA, ANTONIO SAMUEL, VINCENT HALL, ANGELETTE WATERS, Individually, and on behalf of the Class,<br><br>Plaintiffs,<br><br>-against-<br><br>NEXTEL COMMUNICATIONS, INC., a Delaware Corporation; LEEDS, MORELLI & BROWN, P.C.; LENARD LEEDS, STEVEN A. MORELLI; JEFFREY K. BROWN; JAMES VAGNINI; FREDERIC DAVID OSTROVE; BRYAN MAZOLLA; SUSAN FITZGERALD; AND JOHN AND JANE DOES 1-10, (a fictitious designation for presently unknown Defendants),<br><br>Defendants. | Civil Action No. 06-5547 (DMC) (MF)<br><br>**Document Electronically Filed**<br><br>**CERTIFICATION OF JOHN J. ROBERTELLI, ESQ. IN SUPPORT OF NOTICE OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED.R.CIV.P.12(b)(6)** |

JOHN ROBERTELLI, ESQ., of full age, hereby certifies as follows:

1. I am an Attorney-at-Law of the State of New Jersey, a partner in the law firm of Rivkin Radler, LLP and represent the Defendants Leeds, Morelli & Brown P.C., Lenard Leeds, Esq., Steven A. Morelli, Esq., and Jeffrey K. Brown, Esq. in the above-captioned matter. As such, I am responsible for the handling of the within matter, and I am fully familiar with the facts and circumstances set forth.

2. I make this Certification in support of Defendants' Notice of Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed.R.Civ.P.12(b)(6).

3. A true and accurate copy of the First Amended Complaint is attached hereto as Exhibit "1".

4. I respectfully request that the Court consider said Exhibits, in conjunction with the Brief filed on behalf of Defendants Leeds, Morelli & Brown P.C., Lenard Leeds, Esq., Steven A. Morelli, Esq., and Jeffrey K. Brown, Esq. in support of said Defendants' motion to dismiss Plaintiffs' Complaint pursuant to Fed.R.Civ.P.12(b)(6).

5. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

Dated: December 29, 2006

RIVKIN RADLER LLP
Attorneys for Defendants Leeds, Morelli & Brown P.C., Lenard Leeds, Esq., Steven A. Morelli, Esq., and Jeffrey K. Brown, Esq.

By: _____
JOHN J. ROBERTELLI, ESQ. (jr0821)
21 Main Street
Court Plaza South-West Wing
Hackensack, New Jersey 07601-7021
(201) 287-2460 (ph); (201) 489-0495 (fx)

UNITED STATES DISTRICT COURT
RIVKIN RADLER LLP
JOHN J. ROBERTELLI, ESQ.
COURT PLAZA SOUTH-WEST WING
21 MAIN STREET
HACKENSACK, NEW JERSEY 07601
(201) 287-2460

Attorneys for defendants Leeds, Morelli & Brown P.C., Lenard Leeds, Esq.
Steven A. Morelli, Esq., and Jeffrey K. Brown, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

MICHAEL S. JOHNSON, DONNA DYMKOWSKI, PATRICIA LONG-CORREA, ANTONIO SAMUEL, VINCENT HALL, ANGELETTE WATERS, Individually, and on behalf of the Class,

Plaintiffs,

-against-

NEXTEL COMMUNICATIONS, INC., a Delaware Corporation; LEEDS, MORELLI & BROWN, P.C.; LENARD LEEDS, STEVEN A. MORELLI; JEFFREY K. BROWN; JAMES VAGNINI; FREDERIC DAVID OSTROVE; BRYAN MAZOLLA; SUSAN FITZGERALD; AND JOHN AND JANE DOES 1-10, (a fictitious designation for presently unknown Defendants),

Defendants.

Civil Action No. 06-5547 (DMC) (MF)

**Document Electronically Filed**

---

**BRIEF IN SUPPORT OF LEEDS, MORELLI & BROWN, P.C., LENARD LEEDS, STEVEN MORELLI AND JEFFREY BROWN'S MOTION TO DISMISS**

## TABLE OF CONTENTS

| | Page |
|---|---|
| INTRODUCTION | 1 |
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF FACTS | 3 |
| LEGAL ARGUMENT | 6 |
|     I. PLAINTIFFS' FIRST AMENDED COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFFS ARE BOUND BY THEIR REPRESENTATIONS AND AGREEMENTS CONTAINED IN EACH OF THE "INDIVIDUAL AGREEMENTS" AND "GENERAL RELEASES" THAT PLAINTIFFS SIGNED | 6 |
|         A. STANDARDS FOR A MOTION TO DISMISS | 6 |
|         B. PLAINTIFFS READ THE DRSA AND KNEW ABOUT THE ATTORNEYS' FEE AND CONSULTANCY PROVISIONS; THEREFORE THEIR CLAIMS MUST BE DISMISSED | 8 |
|         C. PLAINTIFFS' MALPRACTICE CLAIMS ARE BARRED UNDER PUBLIC POLICY: PLAINTIFFS' GENERAL RELEASES REPRESENT THAT PLAINTIFFS ENTERED INTO THEIR RESPECTIVE SETTLEMENTS VOLUNTARILY | 9 |
| CONCLUSION | 10 |

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Mruz v. Caring, Inc.*, 39 F.Supp.2d 495, 500 (D.N.J. 1999) ................................................ 7

*Papasan v. Allain*, 478 U.S. 265 (1986) ................................................................................ 7

*Morse v. Lower Merion Sch. Dist.*, 132 F. 3d 902, 906 (3d. Cir. 1997) ........................... 7

*Schuylkill Energy Resources, Inc. v. Penn. Power & Light Co.*, 113 F. 3d 405,
    417 (3d Cir. 1997) ............................................................................................. 7

*Van Houten Serv. Inc. v. Shell Oil Co.*, 417 F.Supp. 523, 527 (D.N.J. 1975) ..................... 8

*Wirth v. Telcordia Tech. Inc.*, No. 03-1929, 2006 U.S. Dist. LEXIS 1150 (D.N.J.
    Jan. 11, 2006) ................................................................................................... 8

### STATE CASES

*2175 Lemoine Avenue v. Finco, Inc.*, 272 N.J.Super. 478, 488 (App. Div. 1994) ............. 9

*Bilotti v. Accurate Forming Corp.*, 39 N.J. 184 (1963) ..................................................... 8

*Newell v. Hudson,* 376 N.J. Super. 29, 40 (App. Div. 2005) ........................................ 7, 9

*Peter W. Kero Inc. v. Terminal Construction Corp.*, 6 N.J. 361, 368 (1951) ................... 8

*Puder v. Buechel*, 183 N.J. 428 (App. Div. 2005) ........................................................ 7, 9

*Raroha v. Earle Finance Corp., Inc.*, 47 N.J. 229 (1966) ................................................. 8

### FEDERAL STATUTES

28 U.S.C. § 1404 .................................................................................................................. 5

Fed. R. Civ. P. 12(b) ........................................................................................................... 3

### TREATISES

5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure,
    § 1363 at 464-65 (2d Ed. 1995) ......................................................................... 7

## INTRODUCTION

Defendants Leeds, Morelli & Brown, P.C., Lenard Leeds, Steven Morelli, and Jeffrey Brown (collectively referred to as "LM&B"), hereby submit this Memorandum of Law in support of their motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss all claims asserted against them in the First Amended Complaint. This is a putative class action. All of Plaintiffs' claims are premised upon the core allegation that they settled their underlying claims against Nextel without knowing that Nextel had agreed to pay LM&B's attorneys fees and that LM&B would become a consultant for Nextel to advise the company on its employment practices at the conclusion of the alternative dispute resolution process.

Each Plaintiff (along with all 581 other clients) executed an agreement acknowledging that he or she had read the alternative dispute resolution agreement, had the opportunity to review it with counsel of their choosing, understood and accepted its terms, and specifically acknowledged that Nextel was paying LM&B's attorneys' fees and expenses and that LM&B would consult with Nextel at the conclusion of the alternative dispute process. Furthermore, during the course of each Plaintiff's ADR process, each Plaintiff voluntarily settled his or her dispute. Each Plaintiff executed a General Release. Under New Jersey law, LM&B are entitled to dismissal.

## PRELIMINARY STATEMENT

Leeds Morelli & Brown, P.C. ("the Firm") is a New York law firm. The individually named defendants, Messrs. Leeds, Morelli, Brown, Vagnini, Ostrove, and Mazzola and Ms. Fitzgerald, are New York lawyers who reside in the State of New York. (Amended Complaint ¶¶ 9-16.) Plaintiffs are six of a group of 587 clients represented by

1

the Firm and its various lawyers in a complex alternative dispute resolution process to resolve employment and discrimination claims against Defendant Nextel Communications, Inc. ("Nextel"). The 587 clients were current or former Nextel employees and hailed from 23 states. Plaintiffs seek certification of a sub-class of 48 of the group 587 nationwide clients.

All 587 clients agreed to participate in an ADR process to resolve their claims against Nextel. The ADR process was memorialized in the "Dispute Resolution and Settlement Agreement" ("DRSA"). The DRSA explicitly provided that Nextel would pay the Firm $5.5 million in attorneys' fees and expenses for the representation of the 587 clients through the ADR process. The DRSA also provided that Nextel would retain the Firm to advise it on employment discrimination matters at the conclusion of the ADR process. Nextel agreed to pay $2 million for the Firm's consulting services over a two-year period commencing at the *conclusion* of the ADR process. Each client, including the six named Plaintiffs in this action, voluntarily agreed to participate in the ADR process and executed individually signed and notarized agreements indicating each client was aware of the DRSA and all of its terms, and each client consented to the Firm's representation. Each of the six named Plaintiffs proceeded with the ADR process. The six named Plaintiffs eventually settled their claims against Nextel and each of them executed a General Release.

Plaintiffs now claim they did not know that Nextel was paying LM&B's attorneys' fees and expenses. Plaintiffs now claim they did not know that LM&B agreed to act as consultants to Nextel at the conclusion of the process. Based upon this core allegation, Plaintiffs have asserted ten causes of action against LM&B: (1) breach of

2

fiduciary duty; (2) commercial bribery; (3) fraud; (4) accounting; (5) unjust enrichment; (6) negligence/legal malpractice; (7) breach of contract; (8) consumer fraud/unauthorized practice of law/attorney misconduct; (9) conversion; and (10) racketeering.

All of Plaintiffs' claims against LM&B are predicated on their allegation that LM&B failed to disclose that Nextel agreed to pay $5.5 million in attorneys' fees and expenses and that Nextel retained LM&B to act as consultants at the conclusion of the ADR process. Plaintiffs have even gone so far as to characterize these payments as "secret payments" or a "bribe," and have asserted a claim for "commercial bribery" and violation of New Jersey's Racketeer Influenced and Corrupt Organizations Act. The predicate of Plaintiffs' claims is indisputably false. Documents signed by each plaintiff acknowledge they each reviewed the DRSA, all of its terms, and consented to the fee and consultancy arrangements. Each Plaintiff voluntarily settled his or her claims and executed a General Release. For these reasons, as well as the additional bases set forth below, LM&B's motion to dismiss should be granted in its entirety and Plaintiffs' First Amended Complaint should be dismissed with prejudice.

## STATEMENT OF FACTS

Contemporaneous with the filing of the Motion to Dismiss, LM&B has moved pursuant to 28 U.S.C. § 1404 for a change of venue. For the sake of brevity, LM&B incorporates by reference, as if fully set forth herein, its Statement of Facts and Procedural History Sections.[1] Moreover, on December 22, 2006, Nextel filed a motion to

---

[1] The First Amended Complaint repeatedly references documents not attached as exhibits to the First Amended Complaint. Nextel attached the documents referenceD by Plaintiffs as exhibits to the Declaration of Susan Z. Haller, dated December 21, 2006. All citations herein, and in Nextel's Brief in support of its Motion to Dismiss, are to the specific documents Plaintiffs relied upon or incorporated into their First Amended Complaint.

3

dismiss. LM&B incorporates by reference the Statement of Facts contained in Nextel's Memorandum Brief in Support of Motion to Dismiss and the exhibits filed with Nextel's Motion to Dismiss. Those exhibits will be cited herein as "Nextel Exhibit __." Exhibits filed with LM&B's Motion to Transfer Venue are cited herein as "LM&B Exhibit ___."

Each of the six named Plaintiffs (as well as each of the 572 of the other clients) executed an Individual Agreement. (Nextel Exhibits 2-7.) Each Individual Agreement provides, in pertinent part:

> I have reviewed the **Dispute Resolution and Settlement Agreement**; had the opportunity to discuss that Agreement with LM&B or any other counsel of my choosing; and agree to comply fully with the terms of that Agreement. While I may consult other counsel of my choosing with respect to the Dispute Resolution and Settlement Agreement, I agree that LM&B shall be my legal representative throughout the Dispute Resolution Process. I hereby authorize LM&B to execute on my behalf the Dispute Resolution and Settlement Agreement attached hereto and to make the Representations contained therein on my behalf. . .
>
> **I acknowledge and understand that, under paragraph 11 of the Dispute Resolution and Settlement Agreement, Nextel has agreed to pay an amount of money to LM&B to cover the attorneys' fees and expenses, other than expert fees, that Claimants might otherwise pay to LM&B and for which Claimants might otherwise reimburse LM&B** for its representation of all Claimants through the Dispute Resolution Process, and for LM&B's services rendered in representing all claimants through the expedited Dispute Resolution Process. LM&B will not collect or seek to collect from any Claimant any attorneys' fees (contingent or otherwise) or expenses, other than expert fees, to which it might otherwise be entitled pursuant to an agreement between LM&B and Claimants or otherwise. **I hereby knowingly and voluntarily consent to this payment arrangement.**
>
> I acknowledge and understand that, **under Paragraph 12 of the Dispute Resolution and Settlement Agreement, after the processing and resolution of my claims and all other Claimants' claims against the Companies, LM&B will be hired by Nextel to serve as a consultant to the Companies** for a two-year period, to provide such assistance and legal advice to the Companies as they may request regarding their anti-discrimination and diversity policies and programs ("the Consultancy"). I

4

> further acknowledge and understand that such Consultancy presents a conflict of interest for LM&B, and hereby knowingly and voluntarily waive any objection to such conflict.

(Nextel Exhibits 2-7, emphasis added.)

In addition to the Individual Agreement, each claimant, including Plaintiffs, executed a "Pledge of Good Faith." (LM&B Exhibit 4.) The Pledge states, in pertinent part:

> Furthermore, I recognize that the terms of the Agreement with Nextel, as well as, what takes place during the Dispute Resolution Process, must be kept confidential. I know that my promise to keep the Agreement and the Dispute Resolution Process confidential is an important part of why Nextel is entering into this Agreement. For these reasons, **I understand that it is in the interest of the entire group to limit the number of copies of the Agreement which are in circulation. Therefore, I agree to selecting two (2) representatives in my area to maintain a copy of the Agreement. Upon request to either of the area representatives, claimants will be allowed to review the Agreement.**

(LM&B Ex. 4, emphasis added.)

In those two documents, each claimant – including the six named Plaintiffs – expressly acknowledged: (1) Nextel would be paying LM&B's attorneys' fees; (2) LM&B would act as consultants to Nextel at the conclusion of the DRP; and (3) a copy of the DRSA would be held by a custodian for review by a claimant at any time. (Nextel Exs. 2-7, LM&B Ex. 4.)

Ultimately, the six named Plaintiffs settled and each of them executed a general release. (Nextel Exhibits 8-13). The General Release provides, in pertinent part:

> In consideration of the (a) Dispute Resolution and Settlement Agreement . . . and (b) the award made to [plaintiff] . . . [plaintiff] irrevocably and unconditionally releases and forever discharges [Nextel] from any and all claims, liabilities, losses, agreements, rights, causes of action and expenses of any nature whatsoever, by reason of any matter, action, omission,

5

course or thing whatsoever, whether known or unknown, occurring up to the date of the execution of this General Release by [plaintiff] which he/she may now have or at any time hereafter have against [Nextel]. This includes, but is not limited to, any claims or rights he/she may have under any federal, state or local lows or regulations . . . [or] any claim or right he/she may have based upon contract, covenant, public policy or tort or otherwise."

. . . [¶] . . .

[Plaintiff] has not been forced or pressured in any manner whatsoever to sign this General Release and [Plaintiff] agrees to all of its terms voluntarily. [Plaintiff] represents and acknowledges that no representation, statement, promise, inducement, threat or suggestion has been made by [Nextel] or by any other individual to influence [Plaintiff] to sign this Release except such statements as are expressly set forth herein.

(Nextel Exs. 8-13 at ¶¶ 1, 3.)

Based upon the undisputed facts set forth above, LM&B are entitled to dismissal of Plaintiffs' claims, with prejudice.

## LEGAL ARGUMENT

I.  **PLAINTIFFS' FIRST AMENDED COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFFS ARE BOUND BY THEIR REPRESENTATIONS AND AGREEMENTS CONTAINED IN EACH OF "INDIVIDUAL AGREEMENTS" AND "GENERAL RELEASES" PLAINTIFFS SIGNED.**

All of Plaintiffs' claims against LM&B are predicated on the allegation that LM&B failed to disclose and kept secret from Plaintiffs the attorneys fee and consultancy provisions of the DRSA. Plaintiffs' claims must fail, as a matter of law, because they each executed documents which indisputably establish these allegations are false. Moreover, Plaintiffs cannot voluntarily enter into a settlement of their claims and then pursue a legal malpractice case against their attorneys. LM&B's motion should be granted.

A.  **Standards for A Motion to Dismiss.**

6

This Court may dismiss a complaint where, "under any set of facts which could be shown to be consistent with the complaint, the plaintiff is not entitled to relief." *Mruz v. Caring, Inc.*, 39 F. Supp. 2d 495, 500 (D.N.J. 1999). While this Court should generally treat the factual allegations of the First Amended Complaint as true in ruling on a motion pursuant to Rule 12, this Court is not bound by conclusory allegations couched as "statements of fact." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Bald assertions," conclusions unsupported by the facts alleged," or "unwarranted inferences" cannot defeat a motion to dismiss. *Morse v. Lower Merion Sch. Dist.*, 132 F. 3d 902, 906 (3d Cir. 1997). This Court need not accept conclusory allegations set forth in the First Amended Complaint, particularly when those allegations are belied by the complaint's remaining factual allegations. *Schuylkill Energy Resources, Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir.1997). This Court need not accept conclusory allegations when contradicted by documents incorporated in the pleadings. *See* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1363, at 464-65 (2d ed.1995).

Moreover, in a legal malpractice case, a client cannot sue her lawyer for malpractice based upon a settlement the client represented was fair and reasonable. *Newell v. Hudson*, 868 A.2d 1149, 1161 (App. Div. 2005); *Puder v. Buechel*, 874 A.2d 428, 443 (App. Div. 2005)(public policy favors settlements and clients are bound by their representations regarding settlement).

### B. Plaintiffs Read The DRSA And Knew About The Attorneys' Fee And Consultancy Provisions; Therefore Their Claims Must Be Dismissed.

When a party signs a written contract, "a conclusive presumption arises that he or she read, understood, and assented to its terms." *Van Houten Serv. Inc. v. Shell Oil Co.*, 417 F. Supp. 523, 527 (D.N.J. 1975). When a plaintiff enters into a release that he or she later seeks to have set aside, the plaintiff has the burden of proving that the release is unenforceable. *Wirth v. Telcordia Tech. Inc.*, No. 03-1929, 2006 U.S. Dist. Lexis 1150, at *27 & n. 12 (D.N.J. Jan. 11, 2006); *Raroha v. Earle Fin. Corp., Inc.*, 47 N.J. 229, 234 (1966); *Bilotti v. Accurate Forming Corp.*, 39 N.J. 184 (1963); *Peter W. Kero Inc. v. Terminal Constr. Corp.*, 6 N.J. 361, 368 (1951).

Here, Plaintiffs all executed an Individual Agreement acknowledging and representing that he or she had read the DRSA, understood its terms, specifically understood that Nextel was paying LM&B's attorneys' fees and expenses (and that each plaintiff would not be responsible for paying LM&B its fees), and that LM&B had agreed to act as consultants with Nextel at the conclusion of the process. Each of Plaintiffs' claims against LM&B must be dismissed because each of the agreements they signed indisputably establishes that they knew what they now claim they did not know, namely that the payments by Nextel were "secret."

Because there was no "bribe" or "secret payment," all of Plaintiffs' claims fail. Nextel's Brief in Support of its motion to dismiss thoroughly addresses the effect of this indisputable fact on each of Plaintiffs' claims. For the sake of brevity, LM&B incorporate by reference, as if fully set forth herein, the arguments raised by Nextel in its motion to dismiss. LM&B join in that motion and seek dismissal of all claims against them on the legal bases set forth in Nextel's brief.

8

C. **Plaintiffs' Malpractice Claims Are Barred Under Public Policy: Plaintiffs' General Releases Represent That Plaintiffs Entered Into Their Respective Settlements Voluntarily.**

A plaintiff's burden to prove legal malpractice "is not satisfied by mere conjecture, surmise or speculation." *2175 Lemoine Ave. v. Finco, Inc.*, 272 N.J. Super. 478, 488 (App. Div. 1994). As the New Jersey Supreme Court has held, a litigant may not "settle a case for less than it is [subsequently perceived to be] worth and then seek to recoup the difference in a malpractice action against the attorney." *Puder v. Buechel*, 183 N.J. 428, 443 (2005). To hold otherwise, would open the door to malpractice suits by every dissatisfied party to a settlement. *Id.* When a plaintiff expressly states that he or she was not coerced or influenced to settle, they cannot sue their attorneys for malpractice based upon the settlement. *Newell*, 376 N.J.Super. at 40. As the New Jersey Court stated in *Newell*:

> [A]llowing plaintiffs to disavow a voluntary settlement made on the record in open court would "wreak havoc" with the judicial system. Not only would defense counsel be more reluctant to settle, out of fear that those settlements would later be set aside simply because plaintiffs changed their minds, but the attorney-client relationship would also be undermined. Plaintiffs' attorneys would also be more reluctant to settle, because even if their clients agreed to a voluntary settlement, plaintiffs' counsel would be concerned that plaintiffs would sue them for malpractice at a later time.

*Id.* (citing *Broad v. Conway*, 675 F. Supp. 768 (N.D.N.Y. 1987).

Here, each Plaintiff executed a general release. (Nextel Exs. 8-13.) Each release expressly states that the client voluntarily entered into the settlement without influence from anyone. (Nextel Ex. 8-13 at ¶¶ 1, 3.) Under these circumstances, Plaintiffs' claims must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, and for the reasons stated in Nextel's Brief in support of its motion to dismiss, the First Amended Complaint should be dismissed with prejudice.

Dated this 29th day of December, 2006.

> RIVKIN RADLER LLP
> Court Plaza
> South-West Wing
> 21 Main Street
> Hackensack, NJ 07601
>
> *Attorneys for Defendants Leeds, Morelli & Brown, P.C., Lenard Leeds, Steven Morelli and Jeffrey Brown*
>
> By: /s/ John J. Robertelli