EXHIBIT "1"

ROPER & TWARDOWSKY, LLC
77 Jefferson Place
Totowa, New Jersey 07512-2614
(973) 790-4441

Attorneys for Plaintiffs, Michael S. Johnson, Donna Dymkowski, Patricia Long-Correa, Antonio Samuel, and Angelette Waters and the Class Members

| | |
|---|---|
| MICHAEL S. JOHNSON, DONNA DYMKOWSKI, PATRICIA LONG-CORREA, ANTONIO SAMUEL, VINCENT HALL, ANGELETTE WATERS, Individually, and on behalf of the Class<br><br>      Plaintiffs,<br><br>vs.<br><br>NEXTEL COMMUNICATIONS, INC., a Delaware Corporation; LEEDS, MORELLI & BROWN, P.C.; LENARD LEEDS, STEVEN A. MORELLI; JEFFREY K. BROWN; JAMES VAGNINI; FREDERIC DAVID OSTROVE; BRYAN MAZOLLA; SUSAN FITZGERALD; AND JOHN AND JANE DOES 1 -10, (a fictitious designation for presently unknown Defendants)<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: PASSAIC COUNTY DOCKET NO.: PAS-L-004121-06<br><br><br>CIVIL ACTION<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiffs,   Michael S. Johnson, Donna Dymkowski, Patricia Long-Correa, Antonio Samuel, Vincent Hall, and Angelette Waters, individually and on behalf of the Class Members ans Subclass Members similarly situated, as and for their Complaint against the Defendants, allege and state as follows:

## I. PARTIES

1. At all relevant times, Plaintiff, Michael S. Johnson (hereinafter "Johnson"), resided at 38 Ward Street, 1st Floor, Clifton, County of Passaic, State of New Jersey 07011.

2. At all relevant times, Plaintiff, Donna Dymkowski (hereinafter "Dymkowski"), resided at 42 Union Avenue, Garfield, County of Bergen, State of New Jersey 07026.

3. At all relevant times, Plaintiff, Patricia Long-Correa (hereinafter "Long-Correa"), resided at 316 Elmwood Drive, Keyport, County of Monmouth, State of New Jersey 07735.

4. At all relevant times, Plaintiff, Antonio Samuel (hereinafter "Samuel"), resided at 21 Berkeley Street, Maplewood, County of Essex, State of New Jersey 07040.

5. At all relevant times, Plaintiffs, Vincent Hall (hereinafter "Hall"), resided at 27 Dennett Road, Englewood, County of Bergen, State of New Jersey 07621.

6. At all relevant times, Plaintiff, Angelette Waters (hereinafter "Waters"), resided at 542 Bramhall Avenue, Jersey City, County of Hudson, State of New Jersey 07304.

7. Plaintiffs' case is brought individually and as a Class Action pursuant to R. 4:32 on behalf of a Class consisting of all persons who were represented by the Lawyer Defendants pursuant to the agreements with Defendant, Nextel, which are recited herein and on behalf of a Subclass of 48 persons who opted out of the sealed Class Action Suit filed in the State of Colorado captioned Brewer v. Leeds & Morelli, Docket No. 02-CV-1484. Defendant Nextel was not a party to the sealed Class Action Suit.

8. At all relevant times, Nextel Communications, Inc. (hereinafter "Nextel"), was a corporation incorporated under the laws of the State of Delaware with a principal place of business in a state other than the State of New Jersey, with license to do business and was and is doing business in New Jersey.

9. At all relevant times, Defendant, Leeds, Morelli & Brown, L.L.P. (formerly Defendant Leeds & Morelli, L.L.P., now Defendant Leeds, Morelli & Brown, P.C., and hereinafter collectively "Leeds-Morelli"), was a New York law firm with its principal office located at One Old Country Road, Suite 282, Carle Place, Nassau County, New York. Upon information and belief, in or about 2001, Leeds, Morelli & Brown, L.L.P. became Defendant Leeds, Morelli & Brown, P.C.

10. At all relevant times, Defendant, Lenard Leeds (hereinafter "Leeds"), was a lawyer licensed to practice law in the State of New York and a partner of Leeds-Morelli.

2

11. At all relevant times, Defendant, Steven A. Morelli (hereinafter "Morelli"), was a lawyer licensed to practice law in the State of New York and a partner of Leeds-Morelli.

12. At all relevant times, Defendant, Jeffrey K. Brown (hereinafter "Brown"), was a lawyer licensed to practice law in the State of New York and a partner/employee of Leeds-Morelli.

13. At all relevant times, James Vagnini (hereinafter "Vagnini"), was a lawyer licensed to practice law in the State of New York and a partner or employee of Leeds-Morelli.

14. At all relevant times, Frederic David Ostrove (hereinafter "Ostrove"), was a lawyer licensed to practice law in the State of New York and a partner or employee of Leeds-Morelli.

15. At all relevant times, Bryan Mazolla (hereinafter "Mazolla"), was a lawyer licensed to practice law in the State of New York and a partner or employee of Leeds-Morelli.

16. At all relevant times, Susan Fitzgerald (hereinafter "Fitzgerald"), was a lawyer licensed to practice law in the State of New York and a partner or employee of Leeds-Morelli.

17. Defendants, Leeds, Morelli, Brown, Vagnini, Ostrove, Mazolla, and Fitzgerald worked on Plaintiffs' and the Class Members' cases.

18. Certain Lawyer Defendants, including Defendants, Brown, Leeds, Morelli, Vagnini and Ostrove stated or implied that they practiced in a partnership and are personally liable for the law firm and the partners and employees of the law firm.

19. John and Jane Does (1-10) are persons and/or entities whose identities or deeds are not presently known to Plaintiffs, who Plaintiffs believe conspired together with the named Defendants for the tortious and illegal purposes which will be described below. Plaintiffs will amend this Complaint to join such persons or entities as parties hereto when their identities and deeds have become sufficiently known through the course of discovery in this action.

20. Defendants, Leeds, Morelli, Brown, Vagnini, Ostrove, Mazolla, Fitzgerald and Leeds-Morelli are hereby collectively referred to as the "Lawyer Defendants".

3

## II. PLAINTIFFS BRING THIS CASE INDIVIDUALLY AND AS A CLASS ACTION

21. Members of the Class are so numerous that joinder of all Members is impracticable. The Class consists of at least 500 persons with claims against Nextel for fraud, tortious interference with contract, commercial bribery, conspiracy to cause Plaintiffs' attorneys to breach their fiduciary duty to and contract with Plaintiffs and to commit legal malpractice.

22. Plaintiffs' claims are typical of the claims of the Class. Plaintiffs and all Class Members sustained damages as a result of Defendants' wrongful conduct complained of herein. Plaintiffs and all Class Members are entitled to an award of damages in the amount of the improper and illegal payment made to the Lawyer Defendants from Nextel as said payment was a commercial bribe, plus an award of punitive damages.

23. The Subclass Members are those members of the Class who opted out of a Class Action captioned Frederick Charles Foster, et al. v. Leeds, Morelli & Brown, et al., Case No. 02-CV-1484, and are entitled to obtain these damages from the Lawyer Defendants.

24. Plaintiffs will fairly and adequately protect the interests of the Class Members and have retained counsel competent to prosecute the Class litigation. Plaintiffs have no interests that are adverse or antagonistic to those of the Class.

25. A Class Action is superior to other available method for the fair and efficient adjudication of this controversy. The Class is entitled to disgorgement of the $7 million plus payment from Nextel, punitive damages, and other relief as a result of this bribe.

26. When actual harm, as here, may be difficult to ascertain, the amount of the commercial bribe is the measure of damages. These damages are collectible from Defendant Nextel by the Class and from all Defendants by the Subclass.

27. Common questions of law and fact exist as to all Class Members and they predominate over any questions affecting solely individual Members of the Class.

4

### III. NEXTEL AND LEEDS-MORELLI'S ILLEGAL ACTIONS AGAINST PLAINTIFFS AND THE CLASS MEMBERS

28. After attending a meeting conducted by Leeds- Morelli, Plaintiffs executed a one-third contingent fee "retainer" agreement, by which each Plaintiff hired Leeds-Morelli to prosecute claims against Nextel.

29. The retainer agreements did not contain the elements required by the New Jersey Rules of Civil Procedure and are consequently, invalid, void and unenforceable.

30. Prior to execution of the retainer agreements, Leeds-Morelli told Plaintiffs that Plaintiffs would collect millions of dollars in damages against Nextel, and that Leeds-Morelli would vigorously prosecute Plaintiffs' claims against Nextel.

31. The Lawyer Defendants held themselves out to Plaintiffs as licensed, professional, competent attorneys, with specific expertise in the field of civil rights, employment discrimination law, and class action lawsuits, implicitly including laws governing Plaintiffs' employment in the State of New Jersey.

32. The Lawyers Defendants promised and represented to Plaintiffs, either expressly or through their conduct, that they would zealously represent the Plaintiffs' legal rights and interests, and protect and vindicate Plaintiffs' rights with respect to claims against Nextel.

33. Plaintiffs specifically retained the Lawyer Defendants for the purpose of receiving competent legal services with respect to their claims against Nextel, including having their claims adequately investigated and – if adequate settlements could not be reached – having their claims managed and otherwise prosecuted with undivided loyalty so that Plaintiffs' legal rights would be fully protected.

34. Contrary to their promises and representations, the Lawyer Defendants did not, in fact, have, or in the alternative, did not exercise, the knowledge, skill, judgment and ability ordinarily possessed by members of the legal profession during their purported representation of Plaintiffs.

35. The Lawyer Defendants, upon information and belief, were not licensed or authorized to practice law in the State of New Jersey, the state where significant discriminatory acts involving Plaintiffs took place.

36. Although the nature of the Lawyer Defendants' engagement with Plaintiffs necessarily involved the practice of law in the State of New Jersey, the Lawyer Defendants did not discuss New Jersey law with the Plaintiffs.

37. On information and belief, the Lawyer Defendants did not have substantial or significant knowledge of relevant New Jersey law or procedure applicable to Plaintiffs' claims.

38. As described in more detail below, the Lawyer Defendants chose not to exercise their legal knowledge, skills, and judgment in their representation of Plaintiffs, but instead improperly aligned themselves with Nextel's interests, and conspired to accept improper financial remuneration from Nextel in exchange for this unethical and illegal conspiracy.

39. Leeds-Morelli did not advise Plaintiffs that Leeds-Morelli would seek to obtain "legal fees" in excess of $5,000,000.00 (five million dollars) prior to resolution of Plaintiffs' claims, or that Leeds-Morelli would seek "consulting" fees in excess of $2,000,000.00 (two million dollars) from Nextel while purporting to represent Plaintiffs and Nextel.

40. Leeds, Morelli, Brown, Vagnini, and Leeds-Morelli knew when the "retainer" agreements were signed that they did not intend to and would not file a lawsuit against Nextel.

41. Prior to executing the retainer agreement, Leeds-Morelli failed to advise Plaintiffs that Leeds-Morelli has entered into agreements with employers in previous matters that provided that Leeds-Morelli would obtain payments which interfered with the exercise of their independent professional judgment in representing employees.

42.  Leeds-Morelli intentionally concealed its intent to obtain payments from Nextel which substantially exceeded the legal fees agreed in the retainer agreements executed by Plaintiffs and other members of the class of Nextel employees who intended to file claims against Nextel.

43.  Leeds-Morelli had previously entered into agreements with employers of its prior clients which included, as a precondition to approval of the overall settlement that Leeds-Morelli would receive "fees" from the clients' employers for providing "consulting" services to the employer, and would receive multimillion dollar payment from the clients' employers.  Leeds-Morelli would conceal these fees from its clients.

44.  Leeds-Morelli deliberately concealed its intention to enter into an agreement with Nextel which provided Leeds-Morelli would receive substantial additional compensation from Nextel for consulting services, in addition to legal fees arising out of the "retainer" fee agreements Leeds-Morelli executed with Plaintiffs and other clients.  In so doing, Leeds-Morelli agreed to become Nextel's agent at the same time it supposedly was representing the Plaintiffs in furtherance of their claims against Nextel.

45.  In or about 2000, Leeds-Morelli, Leeds, Morelli, and Brown agreed to become Nextel's agents in exchange for $7,500,000.

    a.   Leeds-Morelli, Leeds, Morelli, and Brown promised to perform such duties and responsibilities as may be assigned to it by Nextel and which may include assistance and legal advice to Nextel;

    b.   Leeds-Morelli, Leeds, Morelli, and Brown promised to stop accepting new clients with claims against Nextel;

    c.   Leeds-Morelli, Leeds, Morelli, and Brown promised not to refer individuals with claims against Nextel to other attorneys and promised not to consult with local counsel about Plaintiffs' claims;

    d.   Leeds-Morelli, Leeds, Morelli, and Brown promised not to accept fees for referring individuals to other attorneys;

    e.   Leeds-Morelli, Leeds, Morelli, and Brown promised to limit the scope of their representation of Plaintiffs and promised not to confer with local counsel;

f.  Leeds-Morelli, Leeds, Morelli, and Brown promised to advise Plaintiffs to waive part of their claims for non-economic damages;

g.  Leeds-Morelli, Leeds, Morelli, and Brown promised to advise Plaintiffs to waive their claims for equitable relief;

h.  Leeds-Morelli, Leeds, Morelli, and Brown promised to advise Plaintiffs to waive their claims for punitive damages;

I.  Leeds-Morelli, Leeds, Morelli, and Brown promised to advise Plaintiffs to waive their right to pursue their claims as members of a class.

j.  Leeds-Morelli, Leeds, Morelli, and Brown promised to advise Plaintiffs to waive their rights to a jury trial;

k.  Leeds-Morelli, Leeds, Morelli, and Brown promised to advise Plaintiffs to pursue their claims pursuant to the laws of the Commonwealth of Virginia;

l.  Leeds-Morelli, Leeds, Morelli, and Brown promised to pay $50,000.00 per month to Nextel for delay in handling Plaintiffs' claims beyond a certain date;

m.  Leeds-Morelli, Leeds, Morelli, and Brown promised to provide consulting services to Nextel; and

n.  Leeds-Morelli, Leeds, Morelli, and Brown promised to pay $25,000.00 as liquidated damages for each disclosure of the terms of their agreement with Nextel.

Each of these promises were made in exchange for a commercial bribe. These promises benefitted the interests of Nextel at the expense of the conflicting interests of the Plaintiffs.

46.  In September and October 2000, Leeds-Morelli presented documents entitled "Highlights of Settlement Agreement ("Highlights") with Nextel, and "Individual Agreement" to Plaintiffs and others with respect to proposed dispute resolution and settlement agreement Leeds-Morelli had negotiated with Nextel. This Agreement was not designed to inform its clients of the terms of the Agreement itself, but rather was designed to mislead the clients about the numerous conflicts of interest.

47.  Leeds-Morelli failed and refused to present a full and complete copy of the proposed Dispute Resolution and Settlement Agreement "Agreement") to Plaintiffs or others prior to execution of the documents. Only a signature page of the Agreement was presented by Leeds-Morelli to Plaintiffs.

8

48. The Lawyer Defendants, rather than zealously asserting Plaintiffs' individual claims against Nextel, negotiated a "global" settlement of all of the claims for the primary purpose of obtaining millions of dollars from Nextel in an Agreement whose terms were hostile to the rights and interests of Plaintiffs, but which benefitted the financial interests of the Lawyer Defendants and Nextel.

49. The Highlights prepared by Leeds-Morelli and Nextel did not show that Nextel would deliver a $5,500,000.00 (five million five hundred thousand dollar) payment to Leeds-Morelli upon execution fo the Agreement by Plaintiffs and other claimants.

50. This payment was a bribe designed by Nextel to interfere with Leeds-Morelli's fiduciary duty to represent the Plaintiffs.

51. The Agreement and the five million dollar plus payment provided financial benefit to Leeds-Morelli which conflicted with their obligation to their clients. The acceptance of this payment by Leeds-Morelli, without any portion of it being shared with its clients who are entitled to two-thirds pursuant to their preexisting retainer agreements with Leeds-Morelli, constituted a business transaction adverse to Leeds-Morelli's clients. Leeds-Morelli were required to disclose this transaction and the terms of this transaction in writing to the Plaintiffs and other Class Members in a manner and term that would have been reasonably understood by the clients and other Class Members, were required to advise the Plaintiffs and other clients of the desirability of seeking independent counsel, and were required to give the Plaintiffs and other Class Members a reasonable opportunity to seek the advice of independent counsel of the clients' choice, and were required to obtain from the Plaintiffs and other Class Members their consent in writing thereto. Leeds-Morelli did none of these things. Instead, Leeds-Morelli conspired with Nextel to keep this payment hidden from the clients to further its own pecuniary interests and the interests of its co-conspirator, Nextel.

52. Nextel later agreed to retain Leeds-Morelli pursuant to a secret "Consultancy Agreement" which provided that for a period of two (2) years after processing and resolution of all claims Leeds-

9

Morelli would perform "only such duties and responsibilities as may be assigned it by Nextel. . ." for an additional agreed fee of $83,333.34 per month for twenty-four (24) months [for a total additional payment of $2,000,000.00 (two million dollars)].

53. Induced by false, incomplete, and misleading representations by Leeds-Morelli, Leeds, Morelli, Brown, and Vagnini, Plaintiffs signed the signature page of the Agreement. Pursuant to the Agreement, Leeds-Morelli bound itself and Plaintiffs to submit all present and future claims against Nextel to a private and confidential dispute resolution process (DRP) created by Nextel and Leeds-Morelli.

54. The Agreement provided that Plaintiffs waived their right to a jury or other civil trial with respect to all claims, gave up the right to claim punitive damages, and were required to participate in an onerous three-step process in order to receive any damages, with no minimum recovery guaranteed to any signee of the Agreement.

55. The Agreement did not require Nextel, for the purpose of the DRP, to admit violations of civil rights statutes. When a claimant was unable to resolve a claim with Nextel through mediation, the DRP process required each claimant to prove both Nextel's violation of civil rights laws and damages, and required mini-trials (which included discovery depositions) to be conducted with respect to each Plaintiff's claims.

56. Nextel, Leeds-Morelli, Leeds, Morelli, Brown, Vagnini, upon information and belief, various John and Jane Does, entered into additional secret agreements which purported to modify the Agreement.

57. The additional agreements were never presented to or reviewed by the clients and Plaintiffs, and were not fully or sufficiently disclosed to Plaintiffs or the other clients prior to the execution of additional agreements by Nextel and Leeds-Morelli.

58. An agreement between Leeds-Morelli and Nextel was never discussed, reviewed or approved by Plaintiffs, and provided the total recovery by all of the Class Members involved in the Nextel

10

Agreement would be limited to a specific dollar amount. No such limitation was contained in the original Agreement.

59. The September 28, 2000 Agreement between Leeds-Morelli and Nextel required submission of the claims of Leeds-Morelli's clients to Nextel for a three (3) step resolution process that, at most, would ultimately end in a form of binding arbitration that denied, *inter alia*, the clients' right to jury trials in New Jersey.

60. The Agreement, as interpreted by Nextel and Leeds-Morelli, permitted Nextel to require Plaintiffs to undergo depositions, medical examinations at Nextel's request, and other procedures which were inconsistent with the provisions of reasonably and competently drafted settlement agreements.

61. Plaintiffs were among approximately 600 employees of Nextel whose claims against Nextel were the subject of the September 28, 2000 Agreement between Nextel and Leeds-Morelli.

62. The Lawyer Defendants advised Plaintiffs and other clients to execute separate signature pages to the Agreement, but refused to allow Plaintiffs and other clients to review or possess copies of the Agreement.

63. The clients, including Plaintiffs, signed the execution page to the Agreement in reliance on the false representations of the Lawyer Defendants that the terms of the Agreement were fair and equitable, and in their best interests. When the Lawyer Defendants rendered this advice, Plaintiffs believed the Lawyer Defendants were acting in Plaintiffs' best interests, when in fact, the Lawyer Defendants were acting to further the conflicting interests of Nextel and their own selfish interests.

64. The Agreement created egregious non-waivable, non-consentable, and irreconcilable conflicts of interest among the clients and between the clients and Leeds-Morelli.

65. The Agreement was specifically illegal, unethical, and against public policy and is thus void and unenforceable.

11

66. To the degree waivers or consents to the conflicts of interest created by the Agreement were allegedly executed, the informed consent of Plaintiffs was not obtained by Leeds-Morelli prior to execution of such waivers or consents, and any alleged disclosures failed to approach that required by R.P.C. 1.8 and DR 5-104(a).

67. The Lawyer Defendants engaged in the unauthorized practice of law in the State of New Jersey by contracting to provide legal representation with respect to New Jersey claims, and conducting legal proceedings in New Jersey concerning the rights of New Jersey residents (including Plaintiffs) arising out of Plaintiffs' employment in New Jersey.

68. In return for the agreement by Leeds-Morelli to waive clients' rights to pursue civil actions in New Jersey courts, to settle claims for inadequate compensation, and to effectively submit to private binding arbitration, and in return for other improper consideration from Leeds-Morelli, Nextel agreed to pay and did indeed pay Leeds-Morelli the sum of $5,500,000.00 (five million five hundred thousand dollars), purportedly as attorney's fees.

69. Nextel, and upon information and belief Does, and the Defendant Lawyers contemplated resolving all 600 client claims for an undisclosed amount with $5,500,000.00 (five million five hundred thousand dollars) going to Leeds-Morelli up front, and the remaining undisclosed aggregate amount to be distributed to the clients through the Nextel and Leeds-Morelli resolution process.

70. Leeds-Morelli, acting in collusion with Does and Nextel, and in derogation of its obligations and duties to Plaintiffs, entered into agreements causing Plaintiffs to relinquish their rights to a jury trial, their right to claim non-monetary relief, and their right to claim punitive damages.

71. The Agreement did not provide for a conditional admission of liability by Nextel, but instead required each claimant to prove his or her claim for liability and damages in a mini-hearing in binding arbitration proceedings, and contained numerous punitive provisions that were weighted in favor of Nextel and against claimants.

12

72. Leeds-Morelli entered into the agreements prior to any significant investigation of the claims of its clients, including the claims of Plaintiffs. Again, such agreements and the conduct of Leeds-Morelli were illegal, unethical, and against public policy.

73. Nextel's $5,500,000.00 (five million five hundred thousand dollar) payment to Leeds-Morelli was for the sole benefit of Leeds-Morelli, with the understanding that no part of the payment would be distributed to any of the clients of Leeds-Morelli, including Plaintiffs. Nextel received in consideration for such payment the loyalty of Plaintiffs' attorneys and ensured that Plaintiffs' claims would not be pursued by zealous advocates and would be kept secret.

74. Leeds-Morelli accepted the payment from Nextel without client consultation or consent.

75. Acceptance of the $5,500,000.00 (five million five hundred thousand dollar) payment by the Lawyer Defendants interfered with the Lawyer Defendants' independent professional judgment as well as the lawyer-client relationship.

76. Leeds-Morelli received at least a portion of the $5,500,000.00 (five million five hundred thousand dollar) payment from Nextel before its clients, including Plaintiffs, began to receive any compensation for their injuries and/or claims, and the remainder after completion of the DRP process.

77. In addition to the $5,500,000.00 (five million five hundred thousand dollar) payment to Leeds-Morelli, Does and Nextel secretly agreed to retain Leeds-Morelli for a period of two (2) years after processing and resolution of all claims to perform "only such duties and responsibilities as may be assigned it by Nextel. . ."

78. Nextel agreed to pay Leeds-Morelli a fee of $83,333.34 per month for twenty-four (24) months for such additional services [for a total additional payment of $2,000,000.00 (two million dollars)]. As a result of the Consultancy Agreement with Nextel, Leeds-Morelli would be unable to represent any other client in actions against Nextel.

79. The payment of $5,500,000.00 (five million five hundred thousand dollars) by Nextel to Leeds-Morelli bought the silence of the Lawyer Defendants and their clients who had been and continue to be abused by Nextel.

80. The amounts received by Leeds-Morelli from Nextel grossly exceeded the amount Leeds-Morelli agreed to receive in its retainer agreements with Plaintiffs and other clients who retained Leeds-Morelli with respect to the proposed actions against Nextel.

81. Upon information and belief, Doe, on behalf of Nextel, negotiated the agreements with Leeds-Morelli. At the time he negotiated the agreements, Doe was acting with the scope of his employment and/or agency with Nextel.

82. Doe and Nextel knew or should have known that the agreements were dishonest and unethical as to Plaintiffs and other Leeds-Morelli clients, and that the agreements would necessarily cause the Leeds-Morelli lawyers to breach their professional and fiduciary duties to their clients, including Plaintiffs.

83. The agreements were entered into with the intention that the Lawyer Defendants would breach their professional and fiduciary duties to their clients, and that the agreements would necessarily cause the Lawyer Defendants to breach their professional and fiduciary duties to their clients, including Plaintiffs.

84. The agreements were entered into with the intention that the Lawyer Defendants would breach their professional and fiduciary duties to their clients, including Plaintiffs, and that Nextel would, therefore, benefit by achieving a more favorable settlement of the claims of Plaintiffs and other clients by shielding these claims from the public eye.

85. Upon information and belief, Doe and various John and Jane Does conspired in a scheme with Nextel to "buy off" and bribe the Lawyer Defendants to achieve a more favorable settlement for Nextel of the claims of Plaintiffs and the other clients of Leeds-Morelli, and to shield these claims and the illegal actions of Nextel from public scrutiny.

14

86. The actions of Nextel and Does were intended to and did in fact injure Plaintiffs and the other clients by wrongly interfering with the attorney-client relationship, and by converting what was supposed to be an adversarial process into a staged show with a predetermined outcome.

87. Nextel poisoned the well of justice by bribing Plaintiffs' attorneys and depriving Plaintiffs of their rights.

88. All of the Defendants intended to and did in fact conceal by dishonesty and fraud the true nature of the Nextel/Leeds-Morelli agreements from the clients of Leeds-Morelli, including Plaintiffs.

89. From and after September 28, 2000, the Lawyer Defendants, Nextel and Does engaged in conduct which was calculated to deceive Plaintiffs and to create a false appearance that Leeds-Morelli was engaged in the active prosecution of Plaintiffs' claims against Nextel.

90. Although the September 28, 2000 Agreement purported to contemplate that the Nextel internal settlement process would resolve the claims of the claimants more quickly than if the clients pursued claims in court, in fact, Nextel and Leeds-Morelli delayed commencement of the clients' claims, including the claim of Plaintiffs.

91. During the Nextel resolution process, Leeds-Morelli failed to properly develop the claims and damages of Plaintiffs, and other clients with claims against Nextel. Instead, the process dragged on as Nextel and Leeds-Morelli entered into further illegal agreements to resolve how to allocate the intended aggregate fund.

92. The Lawyer Defendants failed to investigate each of Plaintiffs' claims on its merits, to negotiate each claim, to become familiar with the claims, or to properly, competently, or reasonably prepare the claimants, including Plaintiffs, to participate in the DRP claim resolution process.

93. On information and belief, Plaintiffs allege the Lawyer Defendants and Nextel agreed to a lump sum amount with respect to the value of all of the claims, and failed and refused to advise claimants of the total amount available for distribution to the claimants, including Plaintiffs.

15

94. The amounts awarded Plaintiffs and other claimants were unreasonably low and did not approximate the true value of the claims of Plaintiffs and other claimants.

95. Plaintiffs relied on the "professional" advice of the Lawyer Defendants and, to Plaintiffs' detriment, Plaintiffs did not know of the remuneration the Lawyer Defendants had secretly negotiated with Nextel.

96. Rather than focus on the merits of each Plaintiffs' claim, as was their ethical and legal duty, the Lawyer Defendants overall scheme focused only on generating the largest compensation for the Lawyer Defendants in derogation of their duties to Plaintiffs and the other claimants.

97. On information and belief, in September 2001, Leeds-Morelli entered into a secret written agreement with Nextel to settle the remaining unsettled claims for the total aggregate sum of $3,690,000.00 (three million six hundred ninety thousand dollars).

98. A secret September 2001 supplemental agreement (without the clients' knowledge and for Nextel's benefit) limited each claimant to a maximum damage recovery in the amount of $25,000.00 (twenty five thousand dollars), and assigned Leeds-Morelli as the party designated to allocate recovery amounts to each claimant out of the aggregate sum (thereby placing Leeds-Morelli in yet another untenable conflict between its putative clients).

99. The secret September 2001 agreement also provided for a reduction of the monthly consulting fee to Leeds-Morelli from $83,333.34 to $63,333.34 based on Nextel's reservation of $20,000.00 per month to defend actions by claimants who opted out of the supplemental agreement; provided, however, that if Leeds-Morelli managed to limit actions by claimants, Leeds-Morelli would be paid, in a lump sum, all monies not used by Nextel to defend claims by persons electing to opt out of the supplemental agreement.

100. This secret agreement created even more egregious conflicts of interests among the clients, and between the clients and Leeds-Morelli.

16

101. This secret agreement was specifically illegal, unethical, against public policy, and is thus void and unenforceable.

102. The agreements were intended to harm and did harm the clients of Leeds-Morelli including Plaintiffs.

103. Pursuant to the agreements between Nextel and Leeds-Morelli, Plaintiffs were counseled to and induced to sign a release of claims against Nextel. Said release was obtained by fraud, bribery and other tortious conduct of Defendants.

104. The conduct of the Lawyer Defendants violated, *inter alia*, New Jersey Rules of Professional Conduct ,1.2(a), 1.3, 1.4(a)(b)(c), 1.5, 1.7(a)(b), 1.8(a)(f)(g), 2.1, 5.4(c), 5.5, 5.6(b), 7.1(a)(1)(2), 8.3(a) and 8.4(c)(d)(e)(f), as well as New York Code of Professional Responsibility Disciplinary Rules 1-102(A)(1)(2)(3)(4)(5)(7), 5-101, 5-104(A), 5-105(B), 5-106(A), and 5-107(A)(1).

105. Leeds-Morelli refused to provide a copy of the Agreement to Plaintiffs and the other clients.

106. Leeds-Morelli would have the clients sign the signature page of the Agreement and did not permit the clients, including Plaintiffs, to review the entire document to which the signature page would be appended.

107. Plaintiffs requested copies of the Agreements from Leeds-Morelli prior to executing the signature pages, but were falsely told they could not see the documents because of confidentiality agreements.

108. Plaintiffs suffered tremendous mental and emotional distress as a result of the betrayal by the Lawyer Defendants in their conspiracy with Nextel and others.

109. During the course of the representation, Leeds-Morelli and its lawyers specifically violated their duties to Plaintiffs by *inter alia*: (1) entering into agreements with Nextel which created a conflict between the interests of Plaintiffs and other Leeds-Morelli clients with claims against Nextel; (2) entering into agreements with Nextel which created a conflict between the interests of Plaintiffs and Leeds-Morelli;

17

(3) failing to make a full disclosure to Plaintiffs of the conflicts of interest; (4) preferring their own interests and those of Nextel to the conflicting interests of Plaintiffs; (5) failing to properly prosecute Plaintiffs' claims against Nextel; (6) resolving their claims in an aggregate manner without full disclosure in violation of the rules of ethics; (7) failing and refusing to inform Plaintiffs of relevant information or to provide relevant documents concerning their case; (8) failing to conduct essential and rudimentary discovery relating to Plaintiffs' claims and damages; (9) agreeing to advise and, in fact, advising Plaintiff to waive their rights to litigate their claims in the courts of New Jersey or other states; (10) agreeing to advise and advising Plaintiffs to submit their claims against Nextel to binding private mediation; and (11) failing to properly prepare Plaintiffs' claims for mediation and arbitration.

110.  Nextel and John and Jane Does (1-10) conspired with the Lawyer Defendants to breach the Lawyer Defendants' professional and fiduciary duties to Plaintiffs, and the Lawyer Defendants were bribed and corrupted by Nextel, for which they are all jointly and severally liable.

<u>FIRST COUNT - BREACH OF FIDUCIARY DUTY</u>

1.  Plaintiffs repeat, reiterate and reallege Paragraphs 1 through 110 of the Complaint as if fully set forth herein.

2.  There was an attorney-client relationship between Plaintiffs and the Lawyer Defendants.  A fiduciary relationship such as the attorney-client relationship is one of special trust and confidence. The law requires that all dealings between an attorney and client be characterized by the utmost good faith, candor and honesty. An attorney must affirmatively disclose to his client all material facts bearing on the client's case, as well as the legal consequences flowing from the facts.

3.  Leeds-Morelli and Nextel knew that the agreements created conflicts of interest between Leeds-Morelli and its clients, which although irreconcilable, nevertheless, were required to be disclosed in writing to the Plaintiffs and other Class Members, and Leeds-Morelli were required to obtain the clients' written consent to same.

18

4. Rather than providing for written disclosure of these conflicts, Nextel and Leeds-Morelli conspired to enter into writings which allowed these conflicts to remain hidden and conspired to breach the Lawyer Defendants' fiduciary duties to their clients.

5. The Lawyer Defendants breached their fiduciary duties to Plaintiffs and the other Class Members, and Nextel, John and Jane Does (1-10) by active participation, aided and abetted and conspired to cause the Lawyer Defendants to breach their professional and fiduciary duties to Plaintiffs, which was done for the benefit of Nextel and Leeds-Morelli, for which they are all jointly and severally liable.

6. Nextel bribed and/or bought off Leeds-Morelli so as to compromise the Lawyer Defendants' fidelity to Plaintiff and their other clients. Leeds-Morelli accepted the bribe of Nextel and agreed to compromise the Lawyer Defendants' representation of Plaintiffs and other Class Members and to render certain advice to Plaintiffs and other Class Members in exchange for it.

7. The Lawyer Defendants conspired with Nextel to enter into secret aggregate settlements to dispose of the claims of Plaintiffs and all Class Members for an amount certain. These agreements were deliberately kept hidden from the Plaintiffs and other Class Members and were for the benefit of Nextel and Leeds-Morelli, not Plaintiffs.

8. Plaintiffs suffered harm and damages as a result of Defendants' breaches of fiduciary duties and participation in the conspiracy to defraud Plaintiffs. The conduct of Defendants was malicious and/or in wanton and willful disregard of Plaintiffs' rights. Defendants knew or should have known that their actions would harm Plaintiffs and were recklessly indifferent to the consequences of their actions to Plaintiffs.

9. The Lawyer Defendants knew or should have known of the fraudulent and illegal and unethical conduct of Leeds, Brown and Leeds-Morelli in relation to Plaintiffs and other Class Members. The Lawyer Defendants had a duty to disclose this conduct to Plaintiffs and Class Members and breached this duty, resulting in harm to the Plaintiffs and Class Members.

19

10. The Lawyer Defendants knew or should have known that the fraudulent, illegal and unethical conduct of Leeds, Brown and Leeds-Morelli raised substantial question as to those lawyers' honesty, trustworthiness and fitness as a lawyer in other respects. The Lawyer Defendants had a duty to inform Plaintiffs and the appropriate professional authorities of this unethical and illegal conduct. The Lawyer Defendants breached this duty to Plaintiffs and Class Members resulting in further harm to Plaintiffs.

11. Nextel's and Does' action in paying this bribe to the Lawyer Defendants was to aid and abet the Lawyer Defendants in breaching their fiduciary duties to the Plaintiffs and Class Members. Plaintiffs and the other Class Members are entitled to collect the amount of the bribe as damages and to have such amount trebled.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly, severally, and in the alternative, for:

    a.    Compensatory damages;

    b.    Disgorgement of all fees received by Leeds-Morelli and the Lawyer Defendants from their representation of Plaintiffs and the other Class Members;

    c.    Reasonable attorney's fees, filing fees and costs of suit;

    d.    Interest;

    e.    Punitive damages; and/or

    f.    Any further relief which the Court may deem just, proper, and/or equitable.

### SECOND COUNT - COMMERCIAL BRIBERY

1. Plaintiffs repeat, reiterate and reallege each and every Paragraph of the First Count of the Complaint as though the same were set forth at length herein.

2. By virtue of the aforementioned acts, Nextel (acting through its authorized agents and representatives) and Leeds-Morelli engaged in acts of commercial bribery. Alternatively, and additionally, Nextel, Does, Leeds-Morelli and the Lawyer Defendants conspired to commit acts of commercial bribery.

3. Leeds-Morelli solicited, accepted, and agreed to accept five million dollars for knowingly violating and agreeing to violate their duty of fidelity to Plaintiffs as Plaintiffs' lawyer.

4. Nextel conferred, offered and agreed to confer upon Leeds-Morelli the amount of five million dollars as consideration for Leeds-Morelli knowingly violating and agreeing to violate their duty of fidelity as attorneys for Plaintiffs and other Class Members.

5. The payments made to Leeds-Morelli by Nextel were made secretly, i.e., without the knowledge of Plaintiffs. Nextel conspired with Leeds-Morelli and the Lawyer Defendants to prepare a secret agreement to conceal this payment from Plaintiffs.

6. The payments made or to be made to Leeds-Morelli by Nextel were accompanied with an intent by Nextel to influence the actions of the Lawyer Defendants who were Plaintiffs' agents and fiduciaries. Nextel aided and abetted the Lawyer Defendants in their breach of their fiduciary duty of loyalty to the Plaintiffs. These acts invaded the Plaintiffs' rights to undivided loyalty from the Lawyer Defendants.

7. Plaintiffs are entitled to collect the amount of the bribe.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally, and in the alternative, for:

a.    Treble damages;

b.    Disgorgement of all bribes paid to Leeds-Morelli by Nextel;

c.    Reasonable attorney's fees, filing fees and costs of suit;

d.    Interest;

e.    Punitive damages; and/or

f.    Any further relief which the Court may deem just, proper, and/or equitable.

### THIRD COUNT - FRAUD

1. Plaintiffs repeat, reiterate and reallege each and every Paragraph of the First and Second Counts of the Complaint as though the same were set forth at length herein.

2. On various dates, Leeds-Morelli and the Lawyer Defendants made deliberate misrepresentations of material facts to Plaintiffs, such as that they were advocates for Plaintiffs' interests, that they had an adversarial relationship with Nextel, that they were litigating Plaintiffs' claims on the merits and that their loyalty was to the Plaintiffs and not to Plaintiffs' adversary, Nextel, and that Plaintiffs would not be responsible for any costs or expenses in litigating these claims.

3. The Lawyer Defendants also failed to disclose material factual information that they were required to disclose in writing to Plaintiffs and Class Members, such as that they had been paid millions of dollars by Nextel to render specific advice to their clients, that they had agreed to an aggregate settlement on behalf of their clients, that they had entered into separate, secret agreements with Nextel alone, and that they owed contractual duties and obligations to Nextel in exchange for the multimillion dollar payment, and that the clients were entitled to two-thirds of this multimillion dollar payment and that the Lawyer Defendants had acquired a pecuniary interest adverse to Plaintiffs'.

4. Nextel, John and Jane Does (1-10) conspired with and bribed Leeds-Morelli and the Defendant Lawyers to commit fraud, to make false representations to Plaintiffs, and to conceal from Plaintiffs information which Leeds-Morelli and the Lawyer Defendants were required to disclose to Plaintiffs.

5. Nextel misrepresented to Plaintiffs and Plaintiffs' subsequent counsel the nature, extent and existence of the secret agreements between Leeds-Morelli and Nextel.

6. At the time these misrepresentations and concealments occurred, Defendants knew the misrepresentations were false and that the failure to disclose the information required to be disclosed in writing was done for the purposes of deceiving Plaintiffs and denying resolution of the claims, to keep such claims confidential and shielded from the public eye, and to further the conspiracy among the Defendants.

7. When the misrepresentations and the concealment occurred, Plaintiffs did not know the true facts, believed the representations to be true, and justifiably relied upon the representations of Leeds-Morelli and the Lawyer Defendants and the absence of written disclosure.

8. Plaintiffs suffered harm and damages as a result of Defendants' fraud and participation in the conspiracy to defraud Plaintiffs. The conduct of Defendants was malicious and/or in wanton and willful disregard of the Plaintiffs' rights. Defendants knew or should have known that their actions would harm Plaintiffs and were recklessly indifferent to the consequences of their action to Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly, severally, and in the alternative, for:

    a.    Compensatory damages;

    b.    Disgorgement of all fees received by Leeds-Morelli and the Lawyer Defendants from their representation of Plaintiffs and other Class Members;

    c.    Reasonable attorney's fees, filing fees and costs of suit;

    d.    Return of all costs charged to the Plaintiffs and other Class Members;

    e.    Interest;

    f.    Punitive damages; and/or

    g.    Any further relief which the Court may deem just, proper, and/or equitable.

### FOURTH COUNT - TORTIOUS INTERFERENCE

1. Plaintiffs repeat, reiterate and reallege each and every Paragraph of Counts One, Two, and Three of the Complaint as though the same were set forth at length herein.

2. Leeds-Morelli and the Lawyer Defendants had an attorney-client relationship with Plaintiffs and the other Class Members. Nextel, John and Jane Does (1-10) maliciously and illegally and intentionally interfered with Plaintiffs' relationship with their attorneys, wrongfully and without justification or excuse.

23

3. Nextel bribed and/or bought off Leeds-Morelli so as to compromise Leeds-Morelli's and the Lawyer Defendants' fidelity to Plaintiffs and the other Class Members. Leeds-Morelli and the Lawyer Defendants accepted the bribe of Nextel and agreed to compromise the representation of Plaintiffs and the other Class Members and to render certain advice in exchange for this payment. Thus, Leeds-Morelli and the Lawyer Defendants effectively became the lawyers or adjusters for Nextel in the handling of the claims of Plaintiffs and the other Class Members.

4. Plaintiffs suffered harm and damages as a result of the tortious interference. The conduct of Nextel, John and Jane Does (1-10) was malicious and/or in wanton and willful disregard of the Plaintiffs' rights and was far below the conduct of those similarly situated. Such Defendants knew or should have known that their actions would harm Plaintiffs and were recklessly indifferent to the consequences of their action to Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against such Defendants, jointly, severally, and in the alternative, for:

a.      Compensatory damages;

b.      Reasonable attorney's fees, filing fees and costs of suit;

c. _    Interest;

d.      Disgorgement of all payments to Leeds-Morelli by Nextel;

e.      Punitive damages; and/or

f.      Any further relief which the Court may deem just, proper, and/or equitable.

### FIFTH COUNT – DEMAND FOR ACCOUNTING AND RETURN OF COSTS PAID

1. Plaintiffs repeat, reiterate and reallege each and every Paragraph of the First, Second, Third and Fourth Counts of the Complaint as though the same were set forth at length herein.

2. The Lawyer Defendants represented that Nextel agreed to pay all costs and expenses. This was an intentional misrepresentation.

24

3. Plaintiffs never received any accounting of the purported costs incurred.

4. Leeds-Morelli and the Lawyer Defendants were required to provide Plaintiffs with a breakdown of expenses pursuant to the Rules of Professional Conduct.

5. Leeds-Morelli and the Lawyer Defendants entered into an aggregate settlement without the required disclosure pursuant to the Rules of Professional Conduct.

6. The aggregate settlement has never been adequately disclosed to the Plaintiffs and the other Class Members, and upon information and belief, was not properly allocated among the Class Members.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally, and in the alternative, for:

    a.    An accounting of all costs purportedly incurred and charged to Plaintiff and other Class Members;

    b.    An accounting of all funds distributed pursuant to the aggregate settlement;

    c.    Disgorgement of all costs charged by Leeds-Morelli and the Lawyer Defendants;

    c.    Reasonable attorney's fees, filing fees, and costs of suit;

    d.    Interest;

    e.    Punitive damages; and/or

    f.    Any further relief which the Court may deem just, proper, and/or equitable.

### SIXTH COUNT – UNJUST ENRICHMENT

1. Plaintiffs repeat, reiterate and reallege each and every Paragraph of the First, Second, Third, Fourth and Fifth Counts of the Complaint as though the same were set forth at length herein.

2. Based upon the foregoing, Leeds-Morelli and the Lawyer Defendants have been unjustly enriched to the detriment of the Plaintiffs and Class Members in that they received a multimillion dollar payment that they were not entitled to receive and payment for costs that they were not entitled to receive.

25

3. By reason of Defendants' unjust enrichment, Plaintiffs and Class Members have incurred financial loss.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally, and in the alternative, for:

a.     Compensatory and consequential damages;

b.     Disgorgement of all monies paid to Leeds-Morelli by Nextel;

c.     Attorney's fees and costs of suit;

d.     Any further relief which the Court may deem just, proper, and/or equitable.

## SEVENTH COUNT - NEGLIGENCE/LEGAL MALPRACTICE

1. Plaintiffs repeat, reiterate and reallege each and every Paragraph of the First, Second, Third, Fourth, Fifth and Sixth Counts of the Complaint as though the same were set forth at length herein.

2. Leeds-Morelli and the Lawyer Defendants had an attorney-client relationship with Plaintiffs and the Class Members. Thus, Leeds-Morelli and the Lawyer Defendants had the duty to exercise the knowledge, skill and ability possessed and employed by members of the legal profession similarly situated in connection with the discharge of their responsibilities to Plaintiffs and to utilize reasonable care and prudence in connection with those responsibilities.

3. Leeds-Morelli and the Lawyer Defendants breached their duties to Plaintiffs and the Class Members to utilize reasonable care and prudence in their representation of Plaintiffs and Class Members, which negligence was a direct and proximate cause of damages suffered by Plaintiffs and Class Members. Leeds-Morelli and the Lawyer Defendants neglected and mismanaged Plaintiffs' and Class Members' cases and are therefore liable for all damages.

4. Defendants Nextel, John and Jane Does (1-10) conspired with and bribed Leeds-Morelli and the Lawyer Defendants and caused Leeds-Morelli and the Lawyer Defendants to commit legal malpractice in the representation of Plaintiffs and other Class Members, for which they are jointly and severally liable.

5. Plaintiffs and Class Members suffered harm and damages as a result of Defendants' negligence, legal malpractice, and participation in the conspiracy to breach the Lawyer Defendants' fiduciary duties to Plaintiffs and Class Members. The conduct of Defendants was malicious and/or in wanton and willful disregard of the Plaintiffs' and Class Members' rights. Defendants knew or should have known that their actions would harm Plaintiffs and Class Members and were recklessly indifferent to the consequences of their actions to Plaintiffs and Class Members.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally, and in the alternative, for:

      a.     Compensatory damages;

      b.     Disgorgement of all fees received by Leeds-Morelli and the Lawyer Defendants from their representation of Plaintiffs and other Class Members;

      c.     Reasonable attorney's fees, filing fees and costs of suit;

      d.     Interest;

      e.     Punitive damages; and/or

      f.     Any further relief which the Court may deem just, proper, and/or equitable.

## EIGHTH COUNT - BREACH OF CONTRACT

1. Plaintiffs repeat, reiterate and reallege each and every Paragraph of Counts One, Two, Three, Four, Five, Six and Seven of the Complaint as though the same were set forth at length herein.

2. Leeds-Morelli and the Lawyer Defendants breached their contract with Plaintiffs by among other things, agreeing with Nextel, without proper consultation and consent of Plaintiffs or the other clients, to accept the five million dollar payment to render advice to Plaintiffs.

3. Defendants Nextel, John and Jane Does (1-10) conspired with and bribed Leeds-Morelli and the Lawyer Defendants to and in fact caused Leeds & Morelli and the Lawyer Defendants to breach their contracts with Plaintiffs and other Class Members, for which they are jointly and severally liable.

4. Plaintiffs suffered harm and damages as a result of the breaches of contract and the participation in the conspiracy to breach the contract. The conduct of Defendants was malicious and/or in wanton and willful disregard of the Plaintiffs' rights. Defendants knew or should have known that their actions would harm Plaintiffs and were recklessly indifferent to the consequences of their actions to Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally, and in the alternative, for:

a.    Compensatory damages;

b.    Disgorgement of all fees received by Leeds-Morelli and the Lawyer Defendants from their representation of Plaintiffs and other Class Members or "consultation fees" paid by Nextel;

c.    Reasonable attorney's fees, filing fees and costs of suit;

d.    Interest;

e.    Punitive damages; and/or

f.    Any further relief which the Court may deem just, proper, and/or equitable.

### NINTH COUNT - CONSUMER FRAUD/ UNAUTHORIZED PRACTICE OF LAW/ATTORNEY MISCONDUCT

1. Plaintiffs repeat, reiterate and reallege each and every Paragraph of the First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Counts of the Complaint as though the same were set forth at length herein.

2. Leeds-Morelli and the Lawyer Defendants used unconscionable commercial practices, deception, fraud, false pretenses, false promises and/or misrepresentations and knowingly concealed, suppressed and omitted material facts with the intent that Plaintiffs rely upon said misrepresentations and omissions.

3. Leeds-Morelli and the Lawyer Defendants engaged in the unauthorized practice of law and therefore, should be subject to the provisions of New Jersey's Consumer Fraud Act.

28

4. Said misrepresentations and omissions were made in connection with services they were offering to the public.

5. Leeds-Morelli's and the Lawyer Defendants' practices were in violation of the Consumer Fraud Act and caused Plaintiffs to suffer ascertainable losses.

6. Leeds-Morelli obtained over $7,000,000.00 by means of the unauthorized practice of law, consumer fraud and attorney misconduct.

7. Defendant Nextel conspired with, aided and abetted, and induced Leeds-Morelli and the Lawyer Defendants to engage in the unauthorized practice of law and professional misconduct and consumer fraud.

WHEREFORE, Plaintiffs demand judgment against Leeds-Morelli, Nextel and the Lawyer Defendants, for:

a.      Compensatory damages;

b.      Special and consequential damages;

c.      Treble damages;

d.      Refund of all monies paid to Leeds-Morelli by Nextel to Plaintiffs;

e.      Interest;

f.  -   Costs of suit;

g.      Attorney's fees;

e.      Any further relief which the Court may deem just, proper, and/or equitable.

### TENTH COUNT - CONVERSION

1. Plaintiffs repeat, reiterate and reallege each and every Paragraph of the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Counts of the Complaint as though the same were set forth at length herein.

29

2. Two-thirds of the initial $5 million plus payment/recovery belonged to the clients of Leeds-Morelli, Plaintiffs, and the Class Members, pursuant to the retainer Leeds-Morelli signed and claimed to have signed with the Class Members.

3. Plaintiffs and the Class Members became entitled to possession of two-thirds of the $5 plus million payment and subsequent consulting fees upon Leeds-Morelli's recovery of same.

4. Leeds-Morelli willfully and maliciously, and without justification or authority, deprived Plaintiffs and the other Class Members of the possession, use and enjoyment of the monies they were due.

5. Leeds-Morelli charged or threatened to charge Plaintiffs for costs which they had been paid by Nextel.

6. The conduct of Leeds-Morelli in exercising dominion over Plaintiffs' and the Class Members' property and wrongfully withholding same from Plaintiffs constitutes the wrongful conversion of property.

7. Defendant Nextel conspired with, contracted for, and aided and abetted Leeds-Morelli in this conversion of property to further Nextel's interests.

8. The wrongful conduct of the Defendants and the conversion of the money which belongs to Plaintiffs and Class Members entitles Plaintiffs and Class Members to the return of these sums and punitive damages.

WHEREFORE, Plaintiffs demand judgment against Leeds-Morelli, Nextel and the Lawyers Defendants and Does, for:

    a.    Compensatory damages;

    b.    Special and consequential damages;

    c.    Punitive damages;

    d.    Refund of all monies paid to Leeds-Morelli by Nextel;

    e.    Interest;

    f.    Costs of suit;

g.    Attorney's fees;

h.    Any further relief which the Court may deem just, proper, and/or equitable.

ELEVENTH COUNT – RACKETEERING IN VIOLATION OF N.J.S.A. 2C:41-1 *ET. SEQ.*

1.  Plaintiffs repeat, reiterate and reallege each and every Paragraph of the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Counts of the Complaint as though the same were set forth at length herein.

2.  Plaintiffs and Class Members are persons within the meaning of N.J.S.A. 2C:41-1(b).

3.  At all relevant times, there has been and continues to be an association of fact of Defendants. The purpose of the association in fact was to engage in payment of bribes to Leeds-Morelli and the Lawyer Defendants, to commit deceit and fraud against Plaintiffs and Class Members for Nextel's benefit and to the detriment of Plaintiffs and Class Members. This association in fact constitutes an "enterprise" within the meaning of N.J.S.A. 2C:41-1(c), and at all relevant times the enterprise has been and continues to be engaged in, and its activities have affected and continue to affect trade and commerce. The enterprise is separate and distinct from each of the respective Defendants' principals, officers, shareholders, members, employees, and particularly, the Lawyer Defendants who have, collectively and individually, participated in the enterprise.

4.  The purpose of the enterprise has been and continues to be to engage in fraudulent practices causing damage to the Plaintiffs and other Class Members. Defendants participated in the enterprise and aided and assisted each other in the actions which constitute racketeering activity perpetrated by the enterprise.

5.  Upon information and belief, the enterprise is ongoing and within the last two years, has conspired to provide benefits to witnesses who provide false statements regarding their knowledge of and participation in the process which was a result of the conspiracy evidenced in the AADR Agreement.

31

Leeds-Morelli and the Lawyer Defendants have and have caused third parties to surreptitiously record phone conversations with their former clients.

      6. Defendants have conducted and participated in the affairs of the enterprise in the State of New Jersey through a pattern of racketeering activity within the meaning of N.J.S.A. 2C:41-1, thereby violating N.J.S.A. 2C:41-2(c).

      7. The pattern of racketeering activity, as described herein, consists of multiple acts of fraudulent practices, which are acts of "racketeering activity" within the meaning of N.J.S.A. 41:1A(l)(o)– these acts were carried out repeatedly and continuously beginning in at least 1999 and continuing, upon information and belief, to the present date. These acts were also related because they had a common goal, were effected by similar means, had similar results, and have common victims. These acts were continuous, and posed a threat of continuing racketeering activity, in that they were part of the enterprise's regular way of doing business. The acts thus established, and were part of, a "pattern of racketeering activity" within the meaning of N.J.S.A. 2C:41-1(d).

      8. The pattern of racketeering activity included commercial bribery under N.J.S.A. 2C:21-10(a), wire and mail fraud, and the unauthorized practice of law under N.J.S.A. 2C:21-22. The Defendants entered into multiple secret agreements produced by bribery to adjust Plaintiffs' and the other Class Members' claims in a collusive manner deliberately kept secret from the Plaintiffs and entered into agreements that all Defendants knew were in violations of numerous Rules of Professional Conduct and were profoundly unethical and illegal.

      9. As a direct and proximate result of the foregoing violations of N.J.S.A. 2C:41-2(c), Plaintiffs and Class Members have been significantly damaged. As the amount of damage is difficult to determine, the proper measure of such damages is the bribe that was paid by Nextel to Leeds-Morelli and the Lawyer Defendants.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly, severally, and in the alternative, for:

a.  Treble damages;

b.  Costs of this suit, including reasonable attorney's fees, costs of investigation and litigation;

c.  Any further relief which the Court may deem just, proper, and/or equitable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is hereby advised that Kenneth S. Thyne, Esq. is designated as trial counsel herein.

## JURY DEMAND

Plaintiffs hereby demand a trial by a jury of twelve on all issues so triable.

Dated: 10/12/06

Kenneth S. Thyne, Esquire
Attorney for Plaintiffs

## CERTIFICATION

This is to certify that the within matter is not the subject of any other action pending in any court or arbitration proceeding.

Dated: 10/12/06

Kenneth S. Thyne, Esquire
Attorney for Plaintiffs

RIVKIN RADLER LLP
JOHN J. ROBERTELLI, ESQ.
COURT PLAZA SOUTH-WEST WING
21 MAIN STREET
HACKENSACK, NEW JERSEY 07601
(201) 287-2460
MCCONNELL SIDERIUS FLEISCHNER
HOUGHTALING & CRAIGMILE, LLC
TRACI L. VAN PELT, ESQ.
MICHAEL T. McCONNELL, ESQ.
ROBERT W. STEINMETZ, ESQ.
2401 15th STREET, SUITE 300
DENVER, CO 80202
(303) 458-9555
Attorneys for defendants Leeds, Morelli & Brown P.C., Lenard Leeds, Esq.
Steven A. Morelli, Esq., and Jeffrey K. Brown, Esq.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-------------------------------------------------

| | | |
|---|---|---|
| MICHAEL S. JOHNSON, DONNA DYMKOWSKI, PATRICIA LONG-CORREA, ANTONIO SAMUEL, VINCENT HALL, ANGELETTE WATERS, Individually, and on behalf of the Class, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 06-5547 (DMC) (MF) |
| -against- | ) ) | |
| NEXTEL COMMUNICATIONS, INC., a Delaware Corporation; LEEDS, MORELLI & BROWN, P.C.; LENARD LEEDS, STEVEN A. MORELLI; JEFFREY K. BROWN; JAMES VAGNINI; FREDERIC DAVID OSTROVE; BRYAN MAZOLLA; SUSAN FITZGERALD; AND JOHN AND JANE DOES 1-10, (a fictitious designation for presently unknown Defendants), | ) ) ) ) ) ) ) ) ) | **Document Electronically Filed**<br><br><br><br>**ORDER DISMISSING PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P.12(b)(6)** |
| Defendants. | ) ) ) ) ) | |

-------------------------------------------------

**THIS MATTER,** having been opened to the Court upon the application of **JOHN J. ROBERTELLI, ESQ.** of Rivkin Radler LLP, attorneys for defendants Leeds, Morelli & Brown P.C., Lenard Leeds, Esq., Steven A. Morelli, Esq., and Jeffrey K. Brown, Esq., upon notice to all counsel, and the Court having considered the moving papers and any opposition thereto, and for good cause having been shown;

IT IS, on this _____ day of _____, 2007

**ORDERED** that Plaintiffs' Complaint is hereby dismissed pursuant to Fed. R. Civ. P. 12(b)(6); and it is further

**ORDERED** that a copy of this Order shall be served on all counsel of record within seven (7) days of its receipt by movant's counsel.

_____

RIVKIN RADLER LLP
JOHN J. ROBERTELLI, ESQ.
COURT PLAZA SOUTH-WEST WING
21 MAIN STREET
HACKENSACK, NEW JERSEY 07601
(201) 287-2460
MCCONNELL SIDERIUS FLEISCHNER
HOUGHTALING & CRAIGMILE, LLC
TRACI L. VAN PELT, ESQ.
MICHAEL T. McCONNELL, ESQ.
ROBERT W. STEINMETZ, ESQ.
2401 15th STREET, SUITE 300
DENVER, CO  80202
(303) 458-9555
Attorneys for defendants Leeds, Morelli & Brown P.C., Lenard Leeds, Esq.
Steven A. Morelli, Esq., and Jeffrey K. Brown, Esq.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-----------------------------------------------------

|  |  |  |
|---|---|---|
| MICHAEL S. JOHNSON, DONNA DYMKOWSKI, PATRICIA LONG-CORREA, ANTONIO SAMUEL, VINCENT HALL, ANGELETTE WATERS, Individually, and on behalf of the Class, | ) ) ) ) ) ) |  |
| Plaintiffs, | ) ) | Civil Action No. 06-5547 (DMC) (MF) |
| -against- | ) ) | **Document Electronically Filed** |
| NEXTEL COMMUNICATIONS, INC., a Delaware Corporation; LEEDS, MORELLI & BROWN, P.C.; LENARD LEEDS, STEVEN A. MORELLI; JEFFREY K. BROWN; JAMES VAGNINI; FREDERIC DAVID OSTROVE; BRYAN MAZOLLA; SUSAN FITZGERALD; AND JOHN AND JANE DOES 1-10, (a fictitious designation for presently unknown Defendants), | ) ) ) ) ) ) ) ) ) | **CERTIFICATE OF SERVICE** |
| Defendants. | ) ) ) ) ) ) |  |

-----------------------------------------------------

I, Michele Renn, of full age, hereby certify as follows:

1.      I am a secretary to John J. Robertelli, Esq. of the law firm of Rivkin Radler, LLP, attorneys for Defendants Leeds, Morelli & Brown P.C., Lenard Leeds, Esq., Steven A. Morelli, Esq. and Jeffrey K. Brown, Esq.

2.      On December 29, 2006, I caused the within Notice of Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed.R.Civ.P.12(b)(6), and supporting Brief and Certification to be electronically filed with the Clerk of the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Room 4015, Newark, New Jersey 07101. Copies of the within motion were also served upon counsel for all parties via electronic mail.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


MICHELE RENN

2002145 v1