# Exhibit 2

## DISPUTE RESOLUTION AND SETTLEMENT AGREEMENT

WHEREAS, certain current and former employees of Nextel Communications, Inc. ("Nextel") and/or its affiliates, subsidiaries, divisions or predecessors, or persons who claim to have sought employment with Nextel and/or its affiliates, subsidiaries, divisions or predecessors ("Job Seekers"), represented by Leeds, Morelli & Brown (the "Claimants") allege employment discrimination and/or other tortious, illegal or otherwise objectionable conduct, practice or condition by or through action or inaction ("Discrimination") on the part of Nextel and/or its affiliates, subsidiaries, divisions or predecessors and/or officers, directors, employees or agents of any of them (together, the "Companies"); and

WHEREAS, the Companies deny any liability, wrongdoing or violation of any law, statute, regulation, agreement or policy; and

WHEREAS, Nextel and Claimants (together, the "Parties") desire to avoid the cost of litigation and seek amicably and expeditiously to resolve all matters in controversy, disputes and causes of action Claimants claim that they can maintain against the Companies;

NOW, THEREFORE, in consideration of the foregoing and for other good and valuable consideration, Nextel, Claimants and Leeds Morelli &Brown ("LM&B") enter into this Dispute Resolution and Settlement Agreement ("Agreement") as follows:

I.    Representations

a.    LM&B represents that each Claimant is identified on the list annexed hereto as Schedule 1 and each Claimant has retained LM&B to represent him/her to pursue claims against the Companies arising from his/her current or former employment by, or alleged attempt to obtain employment with, the Companies.  In executing the Individual Agreement in the form

2

annexed hereto as Exhibit A, each Claimant acknowledges that he/she has reviewed this Agreement and authorized LM&B to execute this Agreement and make the Representations herein on his/her behalf.

b.    LM&B represents that, except as listed on Schedule 2 hereto and other than worker's compensation claims, it is aware of no action in law and/or equity filed in any Court by or on behalf of any Claimant against the Companies alleging Discrimination ("Lawsuits") and no complaint or charge of Discrimination filed with any government or administrative body including, but not limited to, the Equal Employment Opportunity Commission ("EEOC") and any state or local fair employment agency by or on behalf of any Claimant against any of the Companies ("Agency Complaint").

c.    LM&B represents that it has not been retained by any person who is not listed on Schedule 1 hereto and is a current or former employee of any of the Companies or was a Job Seeker and who believes that he/she may have a claim against any of the Companies.  LM&B further represents that the timeframe for completion of the Dispute Resolution Process ("DRP") described in paragraph 7 herein was calculated to be as expeditious as reasonably possible for all Claimants listed on Schedule 1 hereto and that it does not have the resources to represent any additional persons not on Schedule 1 hereto through DRP (or the process in lieu thereof described in subparagraph 7b herein) in the timeframes provided for by this Agreement. LM&B understands that Nextel wishes all persons represented by LM&B currently and through the conclusion of DRP to have their claims processed and resolved through DRP, and that time is of

3

the essence with respect to the conclusion of DRP for all Claimants listed on Schedule 1 and

commencement of the consultancy arrangement between LM&B and Nextel described in

paragraph 12 herein so that LM&B must be in a position to complete the processing of the claims

of all Claimants through DRP (or the process in lieu thereof described in subparagraph 7b herein)

and commence such consultancy immediately upon completion of the processing and resolution

of all claims presented by all Claimants listed on Schedule 1 hereto. LM&B believes that it is in

the best interest of its clients that it devote its resources on this matter to the representation solely

of the Claimants listed on Schedule 1 hereto and that it not undertake the representation of any .   .

additional person who believes that he/she may have a claim against any of the Companies.

LM&B therefore represents that it does not intend to undertake any such representation between

the time that this Agreement is executed by LM&B and Nextel's counsel and the conclusion of

the consultancy period provided for in paragraph 12 herein, although Nextel recognizes that

LM&B has the right to do so.

    2.    <u>Involvement in Certain Other Proceedings</u>

    a.    Promptly upon the execution of this Agreement by LM&B, on behalf of itself and

Claimants, and counsel for Nextel, Claimants and LM&B will take all steps necessary so that all

Lawsuits and Agency Complaints other than worker's compensation claims that had been filed

prior to the date that this Agreement is executed, whether listed on Schedule 2 hereto or not (all

other such Lawsuits and Agency Complaints will be disclosed in the Claimants' Claimant

Statements as defined in subparagraph 6a herein), will be dismissed and/or withdrawn and

4

Claimants and LM&B will be responsible for obtaining written approval of such dismissals and/or withdrawals from the courts and government and/or administrative bodies before which such Lawsuits and Agency Complaints are pending. No such Lawsuit or Agency Complaint may be reinstated on or after the Effective Date as defined in paragraph 14 herein, and no worker's compensation claim arising out of the same or substantially the same facts and circumstances as any Claimant's claim for Discrimination that had not been filed prior to the date that this Agreement is executed may be filed.

b.      If any Claimant is eligible to participate as a class representative or member of any purported class action that may be filed against the Companies or the Released Parties (as defined in paragraph 8 herein) based on events occurring up to and including the date that this Agreement is executed, such Claimant will not seek to be a representative or member of such purported class and will opt-out of such class.

c.      LM&B believes that, while the claims of the Claimants are being processed and resolved through DRP (or the process in lieu thereof described in subparagraph 7b herein), it is in the best interest of LM&B's clients for the Companies not to also be distracted by, incurring expense in connection with or otherwise defending against claims of alleged Discrimination by current or former employees of the Companies or persons who claim to have sought employment with the Companies, and who are not Claimants. Therefore, to the extent that any current or former employee of the Companies or Job Seeker who is not listed on Schedule 1 hereto contacts LM&B with respect to claims or potential claims of Discrimination against the Companies,

5

LM&B will not refer such person to any other lawyer or law firm. Further, to the extent that

prior to the execution of this Agreement any current or former employee of the Companies or Job

Seeker who is not listed on Schedule 1 hereto contacted LM&B and LM&B referred such person

to another lawyer or law firm prior to the execution of this Agreement, LM&B shall not in any

way seek or accept any direct or indirect benefit from such referral of such person to another

lawyer or law firm.

   3.  <u>Settlement</u>

   This Agreement is given and accepted as part of a compromise and settlement of disputed

claims. This Agreement does not constitute an admission of liability, does not constitute any

factual or legal precedent whatsoever, and may not be used in evidence in any proceedings of any

kind, except to establish the terms thereof in a proceeding alleging a breach of this Agreement.

   4.  <u>Confidentiality</u>

   a.  Claimants and LM&B understand and agree that (i) the terms of this Agreement,

(ii) any matters related to any claim alleged by any Claimant, (iii) any statements made by any

Party or non-party witness during DRP and (iv) the terms of any resolution reached between the

Parties hereunder including pursuant to DRP (hereafter and collectively, "Confidential

Information"), are confidential, and, except as otherwise required by law or with the written

consent of Nextel, shall not be disclosed to any person; provided, however, that this provision

does not preclude disclosure of Confidential Information to: (a) a mediator or an arbitrator

pursuant to DRP; or (b) a Claimant's personal attorney or financial advisor, or expert retained by

6

a Claimant or by LM&B to represent one or more of the Claimants in DRP, so long as the Claimant or LM&B instructs such person not to disclose any Confidential Information to any other person and such person agrees to comply with the provisions of this paragraph 4 and paragraphs 6b and 13 herein, and executes a Non-Disclosure Agreement in the form annexed hereto as Exhibit D.

b.    The Parties and/or LM&B may acknowledge the fact that a mutually agreeable resolution has been reached with regard to the subject matter of this Agreement. LM&B and Claimants agree not to initiate any communication with the media regarding the subject matter of this Agreement and, if contacted by the media regarding the subject matter of this Agreement, agree that they may only acknowledge the fact that a mutually agreeable resolution has been reached.

c.    If a Claimant, any expert retained by a Claimant or a Claimant's personal attorney or financial advisor breaches this Confidentiality provision prior to such Claimant receiving relief hereunder including pursuant to DRP, such Claimant will not receive such relief, but nevertheless will remain bound by all of the terms of this Agreement. If a Claimant, any expert retained by a Claimant or a Claimant's personal attorney or financial advisor breaches this Confidentiality provision after such Claimant has received relief hereunder including pursuant to DRP, such Claimant will be required to return the full amount of any monies paid and the value of any benefits received, but nevertheless will still be bound by all of the terms of this Agreement. If LM&B or any expert retained by LM&B to represent one or more of the

7

Claimants in DRP breaches this Confidentiality provision, LM&B shall pay Nextel $25,000 in
liquidated damages for each such breach.

5.    Approval of Withdrawals/Dismissals

As promptly as possible and, in any event, no later than 2 weeks after the date this
Agreement has been fully executed by LM&B, on behalf of itself and Claimants, and counsel for
Nextel, LM&B will deliver to Nextel: (i) a copy of a letter executed by each Claimant (and/or
LM&B on behalf of each Claimant) who has filed or on whose behalf there has been filed any
Agency Complaint, whether listed on Schedule 2 hereto or not (all other such Agency
Complaints will be listed on the Claimant's Claimant Statement), requesting that the relevant
government or administrative body before which such Agency Complaint is pending consent to
such Claimant's withdrawal of each such Agency Complaint; and (ii) a copy of a notice of
voluntary dismissal executed by each Claimant who has or on whose behalf there has been filed
any Lawsuit, whether listed on Schedule 2 hereto or not (all other such Lawsuits will be listed on
the Claimant's Claimant Statement). This paragraph does not apply to worker's compensation
claims that had been filed prior to the date that this Agreement is executed.

6.    Individual Agreements and Discovery

a.    As promptly as possible and, in any event, no later than 10 weeks after the date
that the relevant government and/or administrative bodies have sent to LM&B written approval
of withdrawal for all of the Agency Complaints filed by or on behalf of Claimants and the
relevant courts have so ordered or otherwise issued written approval of voluntary dismissals for

8

all of the Lawsuits filed by or on behalf of Claimants (other than worker's compensation claims that had been filed prior to the date that this Agreement is executed), LM&B will provide Nextel with an Individual Agreement in the form annexed hereto as Exhibit A, executed by each Claimant and notarized, along with a separate written statement for each Claimant (the "Claimant Statement") in the form annexed hereto as Exhibit B, setting forth in detail: (i) the specific entity by which Claimant is or was employed and dates of employment or the specific entity with which Claimant sought employment, the position sought and the date of each attempt to obtain employment; (ii) all of the Claimant's allegations against the Companies; (iii) the facts supporting any such allegations; (iv) name(s) of each alleged wrongdoer and witness(es); (v) name(s) of any person Claimant compares himself/herself to for the purpose of claiming Discrimination ("Comparator") and the basis for that comparison; (vi) the date, place and specific facts and circumstances regarding each alleged incident; (vii) all prior oral and written complaints made to the Companies or any outside entity; (viii) all relief requested by Claimant, including a statement of each Claimant's alleged economic loss, if any; (ix) copies of all written documents relevant to Claimant's allegations or upon which Claimant will rely during DRP; (x) any Lawsuit or Agency Complaint filed by or on behalf of Claimant; and (xi) any other information Claimant believes might be useful to the process for the Companies to know. LM&B may not submit a Claimant Statement for any Claimant unless such Claimant Statement is accompanied by an Individual Agreement for that Claimant in the form annexed hereto as Exhibit A executed by such Claimant and notarized. While all Claimants' Claimant Statements

9

must be provided within the time frame set above in this subparagraph 6a, LM&B agrees to

provide Nextel with Claimant Statements for no more than 100 Claimants per week. Nextel may

within 2 weeks of receiving a Claimant Statement notify LM&B in writing that it considers such

Claimant Statement to contain insufficient detail and/or to otherwise fail to comply with this

subparagraph 6a and will specify in writing how such Claimant Statement fails to comply with

subparagraph 6a. As promptly as possible and, in any event, no later than 2 weeks after

notification that a Claimant Statement is deficient, LM&B·shall provide Nextel with an amended

Claimant Statement for such Claimant. If Nextel considers an amended Claimant Statement to

contain insufficient detail and/or to otherwise fail to comply with this subparagraph 6a, it will so

notify · M&B in writing within 2 weeks of receiving such amended Claimant Statement.· Failure

to timely provide Nextel with a Claimant Statement or amended Claimant Statement in

substantial compliance with this paragraph shall serve as a sufficient basis to reduce or bar a

Claimant's recovery except in the event of extraordinary circumstances beyond the control of

Claimant and/or LM&B, but such Claimant nevertheless will remain bound by all of the terms of

this Agreement. If a Claimant disputes that his/her Claimant Statement or amended Claimant

Statement contains insufficient detail and/or otherwise fails to substantially comply with this

subparagraph 6a, if and when Non-Binding Mediation fails, such Claimant may submit such ·

dispute to the arbitrator who may determine whether such Claimant's Claimant Statement or

amended Claimant Statement fails to substantially comply with this subparagraph 6a. If the

arbitrator determines that such Claimant's Claimant Statement or amended Claimant Statement

10

fails to substantially comply with this subparagraph 6a, such determination shall serve as sufficient basis to reduce or bar Claimant's recovery.

b.       Over the course of a period of 15 weeks commencing with the Effective Date of this Agreement as defined in paragraph 14 herein,

(i)      Nextel shall provide LM&B (to the extent that Nextel has retained such document(s)) with the employment application(s) submitted by each Claimant who is a Job Seeker or a copy of the personnel file of each Claimant who is or was an employee of any of the Companies and the information set forth in Schedule 3 hereto (together, "Discovery"), solely for the purpose of use in the DRP. Nextel agrees to provide LM&B with copies of such Discovery for no more than 100 Claimants per week. If there has been a change in circumstances at any point in DRP justifying additional discovery, LM&B or Nextel may request reasonable additional discovery ("Additional Discovery"). The Parties shall make good faith efforts to resolve between themselves any disputes over production of Discovery or Additional Discovery but, if they are unable to resolve such disputes between themselves, the Parties may present to the mediator, if and when Non-Binding Mediation fails, any such disputes for resolution.

(ii)     Although each Claimant may review his/her personnel file, LM&B may not provide any Claimant with a copy of his/her personnel file nor share a Claimant's personnel file with any person other than such Claimant with the exception of an expert retained by LM&B or Claimant to represent that Claimant in DRP, or a mediator or an arbitrator pursuant to DRP. Claimants may not share their respective personnel files provided to LM&B under this

................ ..    . .......... .........

11

subparagraph 6b with any person other than LM&B or a mediator or an arbitrator pursuant to DRP. In the event that a Claimant is unable to review the copy of his/her personnel file provided to LM&B, Nextel, upon written request by LM&B, shall make such file available to such Claimant for his/her review, upon reasonable notice, at the facility at which such Claimant is employed or, if such Claimant is a former employee, at the nearest convenient facility of the Companies, or, at Nextel's option, at any other mutually agreeable neutral location in the geographic area proximate to Claimant's current or former work location.  · ·

(iii)     LM&B may neither provide copies of any Schedule 3 Information and/or Additional Discovery received from Nextel to, nor share any Schedule 3 Information and/or Additional Discovery with, any other person with the exception of an expert retained by LM&B or a Claimant to represent that Claimant in DRP, or a mediator or an arbitrator pursuant to DRP.

(iv)     After the processing and resolution of all Claimants' claims, LM&B and any expert retained by a Claimant or by LM&B to represent one or more of the Claimants in DRP shall promptly send to counsel designated by Nextel all Discovery and Additional Discovery received from Nextel under this subparagraph 6b, and any notes made regarding any such Discovery or Additional Discovery, including all copies thereof. LM&B shall certify to Nextel in writing that it has done so. LM&B may seal any such notes sent to designated counsel. Such counsel designated by Nextel shall retain the Discovery, Additional Discovery and notes for a period of six years following their receipt, after which they will be destroyed. LM&B shall have prompt access to such notes while they are in the possession of Nextel's designated counsel in

C

12

the event that any dispute arises between LM&B and any Claimant concerning LM&B's representation of any such Claimant during DRP (and the process in lieu thereof described in subparagraph 7b herein) or the subject matter of this Agreement. Any breach of the provisions of this subparagraph 6b by any Claimant, any expert retained by a Claimant, LM&B, or any expert retained by LM&B on behalf of one or more of the Claimants, shall have the same effect as a breach of paragraph 4 herein.

    c.    As promptly as possible and, in any event, no later than 2 weeks after the date that Nextel provides LM&B with the Discovery set forth in subparagraph 6b for a Claimant, LM&B will present in writing, for that Claimant, a demand for resolution of his/her claims, including any monetary or non-monetary relief sought.

    7.    **Dispute Resolution Process**

    a.    DRP (and the process in lieu thereof described in subparagraph 7b herein) are intended as the exclusive fora to provide for the fair and efficient processing and resolution of all claims (other than worker's compensation claims filed prior to the date that this Agreement is executed) that each Claimant has or may have against the Companies. Each Claimant agrees that LM&B shall be his/her legal representative throughout DRP (or if he/she elects to pursue the process in lieu thereof described in subparagraph 7b herein, such process). Each Claimant agrees to be bound by the result of DRP (or if he/she elects to pursue the process in lieu thereof described in subparagraph 7b herein, the result of such process) and not to pursue any other relief in any other forum for any claim that he/she has or may have against the Companies as of the

13

date of DRP, and waives all rights to pursue any other such relief in any other forum. As set forth in detail below, DRP will consist of three phases: (i) interview and direct negotiation ("Interview and Direct Negotiation"), (ii) non-binding mediation of any unresolved claims ("Non-Binding Mediation") and (iii) binding arbitration of any remaining unresolved claims ("Binding Arbitration"). Each phase of DRP for any Claimant will be conducted on a rolling basis, triggered by Nextel's delivery to LM&B of the Discovery provided for in subparagraph 6b herein. DRP for any individual Claimant will terminate at any point of any phase at which the Parties are mutually able to resolve all claims alleged by that Claimant and the Claimant provides Nextel with an executed and notarized General Release in the form annexed hereto as Exhibit C (with State-specific language added by the Parties to each such General Release for which it is appropriate), as set forth in paragraph 8 herein.

b.    Any Claimant who is designated by Nextel following Nextel's review of his/her Claimant Statement may, in lieu of participating in DRP, elect to receive $500 upon furnishing Nextel with an executed and notarized General Release in the form annexed hereto as Exhibit C (with State-specific language added by the Parties to each such General Release for which it is appropriate).

c.    The claims of each Claimant will be resolved individually unless otherwise agreed by the Parties.

d.    To the extent practicable, the Parties will attempt to conduct DRP so as to address the resolution of Claimants' claims by region.

14

e.      Each Claimant hereby waives any entitlement to punitive damages and no
Claimant may seek punitive damages in the Binding Arbitration phase of DRP. Each Claimant
also hereby waives any entitlement to non-monetary relief unless expressly agreed to by the
Companies as part of a mutually agreeable resolution of that Claimant's claims, and no Claimant
may seek to be awarded non-monetary relief in the Binding Arbitration phase of DRP, although a
Claimant may argue during Binding Arbitration that non-monetary relief is appropriate. The
Arbitrator may, if appropriate, grant a Claimant relief of up to one year of front pay in the
Binding Arbitration phase of DRP, and in determining whether to do so, may consider, among
other factors, whether non-monetary relief would have been appropriate.

f.      In consideration for the fact that, as provided herein, Nextel will bear the
administrative fees (excluding any fees and expenses of any Claimant, LM&B, any expert
retained by a Claimant or by LM&B on behalf of one or more of the Claimants, or any witness)
incurred during Non-Binding Mediation and/or Binding Arbitration, including the mediators'
and/or arbitrators' fees and expenses, it is agreed as follows. If the Parties are unable to reach a
mutually agreeable resolution of a particular Claimant's claims after engaging in the first phase of
DRP, Nextel may notify LM&B in writing that it wishes to skip Non-Binding Mediation with that
Claimant and proceed directly to Binding Arbitration of such Claimant's claims ("Notification")
and such Notification shall include Nextel's settlement offer at that time (if any). If Nextel wishes
to skip Non-Binding Mediation with a Claimant, and such Claimant nevertheless elects to proceed
with Non-Binding Mediation and the Parties are unable to resolve Claimant's claims and the

15

arbitrator awards such Claimant less than the amount of Nextel's settlement offer as stated in the

Notification, Claimant will be obligated to pay Nextel (i) twice the administrative fees incurred

during Non-Binding Mediation, and (ii) the mediator's fees and expenses.

        g.      Each Claimant is obligated to cooperate in good faith during each phase of DRP

including, but not limited to, by adhering to the deadlines set forth in this Agreement. If the

arbitrator determines that a Claimant failed to cooperate in good faith during any phase of DRP,

such determination may serve as a basis for the arbitrator to reduce any award or bar such

Claimant's claims. If a Claimant fails to appear for his/her scheduled Interview and Direct

Negotiation, Non-Binding Mediation or Binding Arbitration, and such Claimant's failure to

appear is not the result of extraordinary circumstances beyond the control of such Claimant, such

Claimant's failure to appear shall bar that Claimant's recovery.

        h.      The DRP shall proceed as follows:

        (i)      **Interview and Direct Negotiation**

        (a)      The Companies and/or their counsel will interview Claimants individually

concerning their respective claims or any defenses thereto. Each such interview shall be

conducted within 6 weeks of LM&B providing Nextel with a written demand for resolution of

that Claimant's claims as provided in subparagraph 6c herein. Claimants, LM&B, Nextel and its

counsel will make themselves reasonably available for the interviews. If a Claimant is a current

employee of the Companies and that Claimant's interview is scheduled during his/her normal

working hours, Nextel will permit that Claimant to take time off for the period of the interview

16

itself (and travel to and from such interview if it is not conducted at the place of such Claimant's employment) without any reduction in pay. Each Claimant shall be entitled to be represented by LM&B at such interview, which shall be scheduled and held during normal business hours either (i) at the facility at which such Claimant is then employed, or (ii) if such Claimant is not a current employee of the Companies, at the nearest convenient facility of the Companies, or (iii) at Nextel's option, at any other mutually agreeable neutral location in the geographical area proximate to Claimant's current or former work location. At that time, the Parties and LM&B will negotiate directly in an attempt to resolve all claims presented by the Claimant. Claimants will cooperate in their respective interviews and assuming such cooperation, each such interview will not exceed two hours, absent extraordinary circumstances.

(b)    If the Parties reach agreement at the time of the interview with respect to the claims made by a Claimant, the Parties' agreement as to the resolution of the claims presented by Claimant shall be reduced to writing, and Claimant will provide Nextel with an executed and notarized General Release in the form annexed hereto as Exhibit C (with State-specific language added by the Parties to each such General Release for which it is appropriate).

(c)    If the Parties are unable to reach a mutually agreeable resolution as to Claimant's claims after completion of such phase of DRP, the Parties will proceed to the next phase of DRP, i.e., Non-Binding Mediation.

(ii)    <u>Non-Binding Mediation</u>

17

(a)    In the event that the Parties are unable to reach a mutually agreeable resolution of any Claimant's claims after engaging in the first phase of DRP, such Claimant's claims will proceed to Non-Binding Mediation no sooner than 4 weeks and no later than 9 weeks after completion of the Claimant's interview as provided in subparagraph 7h(i)(a) hereunder. Claimants, LM&B, Nextel and its counsel will make themselves reasonably available for the Non-Binding Mediations.

(b)    Non-Binding Mediation will be conducted regionally.

(c)    Non-Binding Mediation shall be conducted by neutral mediator(s) in sufficient numbers to hear the claims of each Claimant in that region proceeding to this phase of DRP within the time frame provided in subparagraph 7h(ii)(a) hereunder. Nextel and LM&B will first attempt to reach agreement as to mediator(s). If they are unable to do so, the Parties will request that the American Arbitration Association ("AAA") forward to them the names and resumes of neutral mediators available in the regions in which the Non-Binding Mediations will take place. If the Parties are unable mutually to agree on the selection of suitable mediator(s) from the list provided by AAA, the Parties will alternately strike one name provided by AAA, with LM&B on behalf of Claimants striking the first name, until the appropriate number of mediator(s) remains.

(d)    Each Party may submit *ex parte* to the mediator(s) copies of a written statement, documents and/or witness statements, 5 business days in advance of the date of the Non-Binding Mediation.

18

(e)    Monetary and/or non-monetary relief for any Claimant may be discussed with the mediator and suggested by the mediator.

(f)    Subject to subparagraph 7f herein, Nextel agrees to bear the administrative fees (excluding any fees and expenses of any Claimant, LM&B, any expert retained by a Claimant or by LM&B on behalf of one or more Claimants, or any witness) incurred during Non-Binding Mediation and the mediators' fees and expenses.

(g)    If the Parties reach agreement during Non-Binding Mediation with respect to a Claimant's claims, the Parties' agreement as to the claims presented by Claimant shall be reduced to writing and Claimant will provide Nextel with an executed and notarized General Release in the form annexed hereto as Exhibit C (with State-specific language added by the Parties to each such General Release for which it is appropriate).

(h)    If the Parties are unable to reach a mutually agreeable resolution as to Claimant's claims after completion of such phase of DRP, the Parties will proceed to the next phase of DRP, i.e., Binding Arbitration.

(iii)    **Binding Arbitration**

(a)    In the event that the Parties are unable to reach a mutually agreeable resolution of any Claimant's claims after engaging in the second phase of DRP, such Claimant's claims will proceed to Binding Arbitration no sooner than 8 weeks and no later than 12 weeks after the conclusion of Non-Binding Mediation of such Claimant's claims (or, if a dispute over Discovery or Additional Discovery has arisen that the Parties are unable to resolve between themselves, after

19

the mediator has resolved such dispute pursuant to subparagraph 6a hereof and the material or information as the mediator has directed, if any, has been provided). The Parties agree that no Binding Arbitration will take place on less than seven days' notice absent the consent of the Claimant, LM&B, Nextel and its counsel. Claimants, LM&B, Nextel and its counsel will make themselves reasonably available for the Binding Arbitrations.

(b)     Binding Arbitration will be conducted regionally.

(c)     Binding Arbitration shall be conducted by neutral arbitrator(s) in sufficient numbers to hear the claims of each Claimant in that region proceeding to this phase of DRP within the time provided in subparagraph 7h(iii)(a) herein. Nextel and LM&B will first attempt to reach agreement as to the arbitrator(s). If they are unable to do so, the Parties will request that the CPR Institute for Dispute Resolution ("CPR") forward to them the names and resumes of neutral arbitrators available in the regions in which the Binding Arbitrations will take place. If the Parties are unable mutually to agree on the selection of suitable arbitrator(s) from the list provided by CPR, the Parties will alternately strike one name provided by CPR, with LM&B on behalf of Claimants striking the first name, until the appropriate number of arbitrator(s) remains.

(d)     Each Party will provide the other Party with an arbitration statement of position, the names of all witnesses, and copies of any documents and/or other exhibits to be presented during Binding Arbitration 15 business days in advance of the date of the Binding Arbitration.

(e)     Monetary relief will be available pursuant to Binding Arbitration. Punitive damages will not be available and may not be awarded by the arbitrator. Non-monetary relief also

20

will not be available, although a Claimant may argue that non-monetary relief is appropriate. The Arbitrator may, if appropriate, grant a Claimant relief of up to one year of front pay in the Binding Arbitration phase of DRP, and in determining whether to do so, may consider, among other factors, whether non-monetary relief would have been appropriate.

(f)    All claims submitted to Binding Arbitration shall be decided by the arbitrator in accordance with and the arbitrator shall be bound by the federal, state and local laws and regulations applicable to each claim, including statutes of limitations.

. (g)    Nextel agrees to bear the filing and administrative fees (excluding any fees and expenses of any Claimant, LM&B, any expert retained by a Claimant or by LM&B on behalf of one or more Claimants, or any witness) incurred during Binding Arbitration and the arbitrators' fees and expenses.

(h)    The arbitrator's decision shall be final and binding on the Companies and the Claimant and shall bar any further prosecution of the claims by that Claimant against any of the Companies in any forum. Any decision by the arbitrator shall be based solely upon the evidence and arguments presented to him/her by the Parties in the presence of each other. The arbitrator's decision may be enforced in any court of competent jurisdiction.

(i)    If either Party elects to hire a court reporter in any particular Claimant's Binding Arbitration, it will do so at its own expense and will provide the other Party with a copy of the transcript. Alternatively, if both Parties elect to hire a court reporter in any particular Claimant's Binding Arbitration, the Parties will split the costs of the court reporter and transcript.

C

21

(j)    As a prerequisite for receiving any award of the arbitrator, a Claimant will provide

Nextel with an executed and notarized General Release in the form annexed hereto as Exhibit C

(with State-specific language added by the Parties to each such General Release for which it is

appropriate).

8.    General Release

As a prerequisite for receiving any award, agreed-upon or arbitrated, a Claimant shall

execute and have notarized a general release (the "General Release") in the form annexed hereto

as Exhibit C (with State-specific language added by the Parties to each such General Release for

which it is appropriate) of his/her rights to pursue any claims he/she had or may have against the

Companies and their successors, assigns, shareholders, representatives, attorneys and/or joint

venturers past and present and/or any officers, directors, employees, or agents of any of them (the

"Released Parties") as of the date the General Release is executed and notarized. No Claimant

shall be entitled to receive his/her award, agreed-upon or arbitrated, unless and until such

Claimant has delivered to Nextel a duly executed and notarized General Release and, for all

Claimants 40 years of age or older, all waiting or revocation periods referenced in such General

Release shall have expired without Claimant having exercised any rights of revocation of the

General Release. Nextel shall be entitled, promptly on demand, to the full return of any award

inadvertently or incorrectly received by any Claimant not entitled thereto.

9.    Neutral Letter of Reference

22

All Claimants understand and agree that, if requested to provide a reference for any Claimant, the Companies will only confirm dates of employment, last position held and salary at the time of departure from such company or, if the Claimant is a current employee, his/her position and salary at the time the letter is provided.

10.   Notices

Any notice or other communication required or that may be given hereunder shall be in writing and shall be deemed given effectively if delivered personally or by mail as follows:

To Nextel:

Thomas Hickey, Esq.
Assistant General Counsel
Nextel Communications, Inc.
2001 Edmund Halley Drive
Reston, Virginia 20191

With copies to:

Mary Elizabeth McGarry, Esq.
Simpson Thacher & Bartlett
425 Lexington Avenue
New York, New York 10017

and

Gregory I. Rasin, Esq.
Jackson, Lewis Schnitzler & Krupman
101 Park Avenue
New York, New York 10178

To Claimants and/or LM&B:

23

Jeffrey K. Brown, Esq.
Leeds Morelli & Brown
One Old Country Road, Suite 347
Carle Place, New York 11514

Any Party may change the person(s) and address(es) to which notices or other communications
are to be sent by giving written notice of such change in the manner provided herein for giving
notice.

11.    Attorneys' Fees and Expenses

a.    LM&B shall not seek recovery of attorneys' fees and/or expenses, other than
expert fees, from any Claimant in connection with the subject matter of this Agreement, including
the representation of that Claimant through all phases of the DRP process (or the process in lieu
thereof described in subparagraph 7b herein). LM&B shall not in any way retain, directly or
indirectly, (i) any lawyer who is not associated with LM&B or (ii) any other law firm to represent
any of the Claimants or to assist LM&B in its representation of the Claimants, either as local
counsel, co-counsel or otherwise. Nextel will pay $5.5 million to LM&B to cover the attorneys'
fees and expenses, other than expert fees, that Claimants might otherwise pay to LM&B for its
representation of them throughout the DRP process (or the process in lieu thereof described in
subparagraph 7b herein), and for which Claimants might otherwise reimburse LM&B, and
LM&B's services rendered in representing all Claimants through these expedited processes, to be
paid in installments, as follows. Nextel will pay LM&B: $2 million within 3 business days of the
Effective Date as defined in paragraph 14 herein; $ 1.5 million upon completion of the processing

24

and resolution of all claims of half of all Claimants listed on Schedule 1 hereto; and the remaining $2 million upon the processing and resolution of all remaining claims of all Claimants.

      b.     LM&B agrees that the claims of all Claimants will be processed and either resolved or fully submitted to arbitrators for decision in Binding Arbitration within 45 weeks of the Effective Date (the "DRP Conclusion Date") except (i) in the event of extraordinary circumstances beyond the control of LM&B and the Claimants, including the unavailability of mediators and/or arbitrators or (ii) if a Claimant is barred from recovery due to his/her failure to appear for his/her scheduled Interview and Direct Negotiation, Non-Binding Mediation or Binding Arbitration pursuant to subparagraph 7g herein, provided that such failure was beyond the control of LM&B. If all claims presented by all Claimants have not been processed and either resolved or fully submitted to arbitrators for decision in Binding Arbitration by the DRP Conclusion Date, Nextel may (i) withhold payment of any remaining installment to LM&B until all claims presented by all Claimants have been processed and resolved and (ii) deduct from the final installment payment to LM&B $50,000 for each month after the DRP Conclusion Date that the processing and either resolution or full submission to arbitrators for decision in Binding Arbitration of all claims presented by all Claimants has not occurred, unless such delay was caused by one or both of the conditions set forth in the first sentence of this subparagraph 11b. No such withholding or reduction in payments by Nextel shall release either LM&B or Claimants from this Agreement or their obligations hereunder, and LM&B and Claimants will still be bound by all of the terms of this Agreement.

25

12.   Consultancy Arrangement Between LM&B and Nextel

Immediately upon completion of the processing and resolution of all claims presented by

all  Claimants, time being of the essence, LM&B shall be available to be retained and Nextel will

retain LM&B, for a period of two years thereafter, as a legal consultant to the Companies, with

only such duties and responsibilities as may be assigned to it by Nextel and which may include

assistance and legal advice with regard to the Companies' anti-discrimination and diversity

policies and programs (the "Consultancy").  Thirty (30) weeks after the Effective Date, LM&B

shall certify to Nextel, in writing, that it will be available to commence the Consultancy ·

immediately upon completion of the processing and resolution of all claims presented by all

Claimants, and is aware of no impediment or potential impediment to such availability.  Nextel

will pay LM&B a consultancy fee of $83,333.34 per month for 24 months for such services.

13.   Arbitration

Any dispute or controversy between (i) the Companies and (ii) LM&B, Claimants, any

expert retained by a Claimant or by LM&B to represent one or more of the Claimants, and/or any

Claimant's personal attorney or financial advisor, arising under or in connection with this

Agreement, the Individual Agreements, General Releases or Non-Disclosure Agreements,

including, but not limited to, breach of the confidentiality provisions in paragraph 4 or

subparagraph 6b herein, shall be resolved exclusively by arbitration by submitting any such

dispute to CPR, subject to the Parties' rights to seek equitable remedies as provided for in the

final sentence of this paragraph 13.  The costs of any such arbitration shall be divided equally.

26

Judgment may be entered on the arbitrator's award in any court having competent jurisdiction, and Nextel, Claimants and/or LM&B may seek equitable remedies in the United States District Court for the Eastern District of Virginia or any other court having competent jurisdiction to obtain emergency restraints or injunctions against threatened or actual breaches of confidentiality and/or similar obligations set forth therein; provided that such equitable remedies shall be in addition to and cumulative with any other available remedies or relief available.

14.    **Effective Date**

The Agreement shall become binding and effective the day after all of the following are achieved and completed ("Effective Date"):

a.    This Agreement is executed by LM&B, on behalf of itself and Claimants, and counsel for Nextel; and

b.    All Lawsuits and Agency Complaints (other than worker's compensation claims filed prior to the date that this Agreement is executed) which have been filed by or on behalf of any Claimant, whether listed on Schedule 2 hereto or not (all other such Lawsuits and Agency Complaints will be disclosed in the Claimant's Claimant Statement), are dismissed and/or withdrawn and each court and/or government and/or administrative body before which such Lawsuit or Agency Complaint was pending, has issued written approval of such dismissal and/or withdrawal; and

27

c.     Nextel receives signed and notarized Individual Agreements in the form annexed hereto as Exhibit A executed by each Claimant listed on Schedule 1 hereto and a Claimant Statement for each Claimant in the form annexed hereto as Exhibit B.

15.     **Entire Agreement**

a.     This Agreement constitutes the entire Agreement among Nextel, Claimants and LM&B with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements, understandings, and representations (if any). There have been no representations or warranties made by Nextel, Claimants or LM&B other than the representations and warranties contained herein.

b.     This Agreement, including all deadlines and timetables herein, may be amended, changed or modified only upon a written agreement executed by Nextel and LM&B on behalf of itself and/or the Claimants. No waiver of any provision of this Agreement will be valid unless in writing and signed by the Party (or his or her counsel) against whom such waiver is charged or by LM&B on its own behalf, if the waiver is charged against LM&B. No waiver of any breach of any term of provision of this Agreement shall be construed to be, or shall be, a waiver of any other provision of this Agreement.

c.     This Agreement is intended to be final and binding, regardless of any claims of misrepresentation, concealment of fact, or mistake of law or fact.

28

d.    The Parties and LM&B shall execute any and all further documents and perform any and all further acts reasonably necessary or useful in carrying out the provisions of this Agreement.

e.    If any term or provision of this Agreement is to any extent found to be in violation of any law, or ineffective or barred for any reason whatsoever, the remainder of this Agreement shall be valid and enforced to the fullest extent permitted by law.

f.    The Parties and LM&B have cooperated in the preparation of this Agreement and, hence, it shall not be interpreted or construed against or in favor of any of them.

16.    <u>Governing Law and Submission to Jurisdiction</u>

This Agreement shall be governed by and interpreted in accordance with the laws of the Commonwealth of Virginia applicable to agreements made and to be performed within such Commonwealth without regard to principles of conflicts of laws.  LM&B, Claimants, any expert retained by a Claimant or by LM&B to represent one or more of the Claimants, any Claimant's personal attorney and any Claimant's financial advisor hereby submit to the jurisdiction of the state and federal courts of the Commonwealth of Virginia for purposes of enforcing the arbitration provisions set forth in paragraph 13 herein and/or to enforce any arbitration award and for purposes of any proceeding in which equitable remedies are sought as provided for in paragraph 13 herein.

29

IN WITNESS WHEREOF,  LM&B, on behalf of itself and the Claimants, and

Nextel through its counsel have executed this Agreement on the dates stated below:

Dated: September 28, 2000          By: _____

Leeds Morelli & Brown
One Old Country Road, Suite 347
Carle Place, New York  11514.

On behalf of itself and the Claimants

Dated: September 28, 2000          NEXTEL COMMUNICATIONS, INC.

By: _____

Simpson Thacher & Bartlett
425 Lexington Avenue
New York, New York 10017
by Mary Elizabeth McGarry

By: _____

Jackson, Lewis Schnitzler & Krupman
101 Park Avenue
New York, New York 10178

Counsel for Nextel Communications, Inc.

Schedule 1

## CLAIMANTS REPRESENTED BY LEEDS MORELLI & BROWN

LM&B represents that each current or former employee of the Companies or Job Seeker represented by LM&B is listed below, and that each such listed person has retained LM&B to represent him/her to pursue claims (other than worker's compensation claims) against the Companies arising from his/her current or former employment by the Companies or attempt to obtain employment with the Companies. The names in parentheses indicate the correct and/or alternate name or spelling of the individual's name found in Nextel's records:

REDACTED

Dynikowski, Donna

Hall, Vincent

REDACTED

Johnson, Michael

Long, Patricia

REDACTED

REDACTED

Samuel, Antonio

Waters, Angelette

REDACTED

REDACTED

Schedule 2

## ALL ACTIONS, COMPLAINTS AND CHARGES

LM&B represents that, except as listed below and other than worker's compensation claims, it is aware of no action in law and/or equity and no complaint or charge of discrimination or other tortious, illegal or otherwise objectionable conduct, practice or condition that has been filed in any court or with any government or administrative body including, but not limited to, the Equal Opportunity Commission ("EEOC") and any state or local fair employment agencies by or on behalf of any Claimant against any of the Companies.

### PENDING CHARGES

| NAME | STATE | CHARGE # |
|------|-------|----------|

REDACTED

## PENDING CHARGES

| NAME | STATE | CHARGE # |
|------|-------|----------|
| Dymkowski, Donna | NJ | 171A00751 |

REDACTED

C

## PENDING CHARGES

| NAME | STATE | CHARGE # |
|------|-------|----------|
| Hall, Vincent | NJ | 171A00722 |

REDACTED

PENDING CHARGES

| NAME | STATE | CHARGE # |
|------|-------|----------|
| Johnson, Michael | NJ | 171A00719 |

REDACTED

## PENDING CHARGES

| NAME | STATE | CHARGE # |
|------|-------|----------|

REDACTED

<u>PENDING CHARGES</u>

NAME                    STATE                    CHARGE #

REDACTED

## PENDING CHARGES

| NAME | STATE | CHARGE # |
|------|-------|----------|
| Samuel, Antonio | NJ | 171A00718 |

REDACTED

## PENDING CHARGES

| NAME | STATE | CHARGE # |
| --- | --- | --- |

REDACTED

## PENDING CHARGES

| NAME | STATE | CHARGE # |
|------|-------|----------|

REDACTED

Schedule 3

DISCOVERY

Together with each Claimant's personnel file (or, in the case of Job Seekers, any employment application of such Claimant) that has been retained by the Companies, Nextel shall furnish LM&B with the documents and information listed below. Any disputes between the Parties over: (a) the documents produced as a Claimant's personnel file; (b) which person(s) are appropriate comparator(s); (c) what information, if any, concerning appropriate comparator(s) beyond relevant pay and benefits information previously provided by Nextel should be produced following Non-Binding Mediation; and/or (d) Additional Discovery as provided in subparagraph 6a of the Agreement; shall be resolved by the mediator of such Claimant's claims if and when Non-Binding Mediation of such Claimant's claims fails to produce an agreement between the Parties resolving Claimant's claims and the Claimant elects to proceed to Binding Arbitration.

Discovery

(1)    Any prior written complaint of Discrimination made by the Claimant against any person identified as having discriminated against Claimant in Claimant's Claimant Statement, of which Nextel has a record.

(2)    Any prior written complaint made by any employee against a person about whose conduct a Claimant has complained in his/her Claimant Statement, of the same type of Discrimination alleged in such Claimant Statement, of which Nextel has a record.

(3)    Relevant pay or benefits information for appropriate comparator(s) identified in such Claimant's Claimant Statement.

Exhibit A

INDIVIDUAL AGREEMENT

1.      I, _____, acknowledge that I have retained Leeds Morelli

& Brown ("LM&B") to represent me to pursue claims against Nextel and/or its affiliates,

subsidiaries, parents, divisions or predecessors and/or officers, directors, employees or agents of

any of them (together, the "Companies") arising from my current or former employment by, or

my attempt to obtain employment with, the Companies. I have reviewed the Dispute Resolution

and Settlement Agreement; had the opportunity to discuss that Agreement with LM&B or any

other counsel of my choosing; and agree to comply fully with the terms of that Agreement.

While I may consult other counsel of my choosing with respect to the Dispute Resolution and

Settlement Agreement, I agree that LM&B shall be my legal representative throughout the

Dispute Resolution Process. I hereby authorized LM&B to execute on my behalf the Dispute

Resolution and Settlement Agreement attached hereto and to make the Representations contained

therein on my behalf.

2.      I acknowledge and understand that, under subparagraph 2b of the Dispute

Resolution and Settlement Agreement, I will not seek to participate as a class representative or

member of any purported class action that may be filed against the Companies or the Released

Parties, as defined in paragraph 8 of the Dispute Resolution and Settlement Agreement, based on

events up to and including the date that the Dispute Resolution and Settlement Agreement was

executed and that I will opt-out of any such class.

3.      I acknowledge and understand that, under paragraph 11 of the Dispute

Resolution and Settlement Agreement, Nextel has agreed to pay an amount of money to LM&B

to cover the attorneys' fees and expenses, other than expert fees, that Claimants might otherwise

pay to LM&B and for which Claimants might otherwise reimburse LM&B for its representation

of all Claimants through the Dispute Resolution Process, and for LM&B's services rendered in

representing all Claimants through the expedited Dispute Resolution Process.   LM&B will not

collect or seek to collect from any Claimant any attorneys' fees (contingent or otherwise) or

expenses, other than expert fees, to which it might otherwise be entitled pursuant to an agreement

between LM&B and Claimants or otherwise. I hereby knowingly and voluntarily consent to this

payment arrangement.

   4. I acknowledge and understand that, under paragraph 12 of the Dispute

Resolution and Settlement Agreement, after the processing and resolution of my claims and all

other Claimants' claims against the Companies, LM&B will be hired by Nextel to serve as a

consultant to the Companies for a two-year period, to provide such assistance and legal advice to

the Companies as they may request regarding their anti-discrimination and diversity policies and

programs (the "Consultancy"). I further acknowledge and understand that such Consultancy

presents a conflict of interest for LM&B, and hereby knowingly and voluntarily waive any

objection to such conflict.

   4. I also acknowledge and understand that I am obligated to cooperate in

good faith during each phase of the Dispute Resolution Process and hereby agree to so cooperate.

I clearly understand that the Dispute Resolution and Settlement Agreement contains strict

3

deadlines and time requirements, and that I must make ..:yself readily available in order to cooperate in good faith. My failure to cooperate in good faith may serve as a sufficient basis to reduce or bar any recovery that I may be entitled to receive, and my failure to appear for my scheduled Interview and Direct Negotiation, Non-Binding Mediation and/or Binding Arbitration shall bar any recovery that I may be entitled to receive if such failure to appear is not the result of extraordinary circumstances beyond my control.

_____
Signature of Claimant

Dated: This __th day of _____ 2000.

STATE OF         )
                 : ss.:
COUNTY OF _____ )

On _____, 2000, before me personally came _____ to me known and known to me to be the individual described in, and who executed, the foregoing Individual Agreement, and duly acknowledged to me that he/she executed same.

_____
Notary Public