Exhibit B

## CLAIMANT STATEMENT

Claimant Information

1.  Full Name:_____

2.  Any other name by which you would be known to Nextel Communications, Inc. ("Nextel") and/or its affiliates, subsidiaries, divisions or predecessors (the "Companies"):

    _____

3.  Home Address:_____ Street
    Apt.

    _____
    City                State                Zip Code

4.  Social Security Number:_____

5.  Date of Birth:_____

6.  Employment with or Application for Employment with the Companies:

    A.  Your Employment by Nextel or any of the other Companies (if necessary, attach additional sheets)

        _____
        Name of Company

        _____
        Address            Street

        _____
        City               State        Zip Code

        _____
        Dates of Employment

        _____
        Position(s)/Title(s) You Hold or Held

    B.  If you are not a current or former employee, please provide the date(s) on which you submitted any application for employment to the Companies, the identity of the specific Company to which such application was submitted and the position(s) for which you applied (please attach additional sheets if necessary):

_____
Date of Application

_____
Company To Which You Submitted The Above Application

_____
Position(s) For Which You Applied

7. Are you currently employed by Nextel or any of the other Companies?

    _____ Yes        _____ No

8. If no, were you never employed by Nextel or any of the other Companies or was the termination of your employment with Nextel or any of the other Companies (please check one)

    Never
    _____ Employed   _____ Voluntary   _____ Involuntary   Mutually
    _____ Agreed

Claimant Allegations

9. Please describe in detail the incident(s) which form the basis of your claims of employment discrimination or other tortious, illegal or otherwise objectionable conduct, practice or condition by Nextel or any of the other Companies, setting forth the date, place and specific circumstances of each incident (if necessary, attach additional sheets):

A. Date: _____ Place: _____
   Circumstances: _____
   _____
   _____
   _____
   _____
   _____
   _____

3

B.  Date: _____ Place: _____
    Circumstances: _____
    _____
    _____
    _____
    _____

10. Please identify any person (i.e., full name and position/title held) whom you allege discriminated or otherwise engaged in tortious, illegal or otherwise objectionable conduct, or was involved in any related practice or condition, against you in the incident(s) described above in Section 9 (if necessary, attach additional sheets):

   A. Name(s) of person(s) who discriminated or otherwise engaged in tortious, illegal or otherwise objectionable conduct, or was involved in any related practice or condition, against you in the incident(s) described in Section 9(A):
   _____
   _____

   B. Name(s) of person(s) who discriminated or otherwise engaged in tortious, illegal or otherwise objectionable conduct, or was involved in any related practice or condition, against you in the incident(s) described in Section 9(B):
   _____
   _____

11. Please identify any witnesses (i.e., full name and position held) to the incident(s) described in Section 9 (if necessary, attach additional sheets):

   A. Name(s) of witness(es) to the incident(s) described in Section 9(A):
   _____
   _____

   B. Name(s) of witness(es) to the incident(s) described in Section 9(B):
   _____
   _____

12. Please identify each person (i.e., full name and position held) who you assert is a comparator for purposes of the incident(s) described in Section 9 and reason you assert such person is a comparator (if necessary, attach additional sheets):

4

    A.    Name(s) of comparator(s) and reason such person is a comparator for the incident(s) described in Section 9(A):

_____
_____

    B.    Name(s) of comparator(s) and reason such person is a comparator for the incident(s) described in Section 9(B):

_____
_____

13. Please indicate in detail all prior oral or written complaints made to Nextel or any of the other Companies or any outside entities concerning the incidents described in Section 9 (if necessary, attach additional sheets):

    A.    Prior oral or written complaints made concerning the incident(s) described in Section 9(A):

Date(s) of Complaint(s): _____

Person/Entity You Complained to: _____
Describe the form (oral or written) and substance of your complaint: _____
_____
_____
_____

    B.    Prior oral or written complaints made concerning the incident(s) described in Section 9(B):

Date(s) of Complaint(s): _____
Person/Entity You Complained to: _____
Describe the form (oral or written) and substance of your complaint: _____
_____
_____
_____

**Requested Relief**

14. Please provide a statement setting forth all of the relief that you seek, including, if applicable, a statement of economic loss: _____
_____
_____
_____
_____
_____

5

If you are a former employee of, or claim to have unsuccessfully sought employment with, Nextel or any of the other Companies, are you currently working?  _____Yes  _____No

15. If yes, please state each place where you have worked, including your current position, since you ceased working for, or your application was denied by, Nextel or any of the other Companies, your position/title and your annual salary, and attach proof of such salary (for example, a W-2 or pay stub) (attach additional sheets if necessary):

A. _____
Name of Employer

_____
Address          Street

_____
City             State                  Zip Code

_____
Position/Title You Hold

_____
Annual Salary (or other compensation, including any commission arrangement)

B. _____
Name of Employer

_____
Address          Street

_____
City             State                  Zip Code

_____
Position/Title You Hold

_____
Annual Salary (or other compensation, including any commission arrangement)

_____

If the Claimant wishes, he/she may withhold the name and address of the current employer until after Non-Binding Mediation fails, if it fails.

16. If you are a former employee of, or claim to have unsuccessfully sought employment with, Nextel or any of the other Companies, did you have any period of unemployment after you left the employment of, or your application was denied by, Nextel or any of the other Companies? \_\_\_\_\_ Yes \_\_\_\_\_ No

If yes, how long were you or have you been unemployed? _____
Did you receive unemployment benefits? _____
If yes, what was the amount of your unemployment benefits and the period of time you received them? _____

Were you disabled for any period of unemployment? _____
If yes, for what period of time? _____

17. If you are a former employee of Nextel or any of the other Companies, did you receive any severance payment(s) and/or other benefits from Nextel or any of the other Companies: \_\_\_\_\_ Yes \_\_\_\_\_ No

If yes, describe any payments or benefits you received from Nextel upon termination of your employment, setting forth the amount of payment(s) and type(s) of benefits received (if necessary, attach additional sheets):

Payment(s) received: _____

Amount of payment(s) received:

_____

Benefits received: _____

Describe type(s) of benefits received: _____

Please attach to the Claimant Statement copies of any document(s) you signed in connection with your receipt of severance payment(s) and/or benefits.

#### Other Information

18. Is there any other information that you believe would be useful to the Dispute Resolution Process for Nextel or any of the other Companies to know? If so, please provide such information below (if necessary, attach additional sheets):

    _____
    _____
    _____
    _____
    _____

#### Other Related Proceedings

19. Please identify any other actions, complaints and/or charges of discrimination against the Companies filed by you or on your behalf with any court or with any government or administrative body.

    _____
    _____
    _____
    _____

#### Documents

20. Please attach to this Claimant Statement copies of all written documents that you believe are relevant to your claims.

Exhibit C

GENERAL RELEASE

1. _____ ("Releasor"), in consideration of the (a) Dispute Resolution and Settlement Agreement dated _____ ("Agreement") among Nextel Communications, Inc. ("Nextel") on behalf of itself and its affiliates, subsidiaries, divisions and predecessors and/or the officers, directors, employees or agents of any of them (together, the "Companies") Leeds Morelli & Brown ("LM&B") and the current and former employees of Nextel and/or its affiliates, subsidiaries, divisions and predecessors and persons who claim to have sought employment with Nextel and/or its affiliates, subsidiaries, divisions and predecessors ("Job Seekers") represented by LM&B listed on Schedule 1 to the Agreement (the "Claimants") and (b) the award made to Releasor as specified in the document attached hereto, except for his/her rights as set forth in the Agreement, irrevocably and unconditionally releases and forever discharges the Companies and their successors, assigns, shareholders, representatives, attorneys and/or joint venturers past and present and/or any officers, directors, employees or agents of any of them (the "Released Parties"), from any and all claims, liabilities, losses, agreements, rights, causes of action and expenses of any nature whatsoever, by reason of any matter, action, omission, course or thing whatsoever, whether known or unknown, occurring up to the date of execution of this General Release by Releasor, which he/she may now have or at any time hereafter have against any of the Released Parties. This includes, but is not limited to, any claims or rights he/she may have under any federal, state or local laws or regulations prohibiting employment discrimination on the basis of race, color, national origin, religion, sex, age, sexual orientation, ancestry, medical condition, marital status or physical or mental disability (including, but not limited to, those covered by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq.; the Age Discrimination in Employment Act, as amended, 29 U.S.C. Section 621 et seq.; the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. Section 12101 et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. Section 701 et seq.; and the Employee Retirement Income Security Act, as amended, 29 U.S.C. Section 1001 et seq.). This also includes, but is not limited to, a release of any claims or rights he/she may have based upon contract, covenant, public policy or tort or otherwise.

2. Releasor represents that he/she has commenced no proceeding — administrative, judicial, in arbitration or otherwise — upon any claims whatsoever, against any of the Released Parties or, if such proceeding was commenced, it has been withdrawn and/or dismissed with prejudice and all necessary approvals for such dismissal and/or withdrawals have been obtained.

3. Releasor further represents that he/she has not been forced or pressured in any manner whatsoever to sign this General Release and that he/she agrees to all of its terms voluntarily. He/she represents and acknowledges that no representation, statement, promise, inducement, threat or suggestion has been made by any of the Released Parties or by any other individual to influence him/her to sign this Release except such statements as are expressly set forth herein.

2

Language to be included for Claimants aged 40 or older:

4. Releasor represents that he/she has read this General Release carefully, acknowledges that he/she has been given at least twenty-one (21) days to consider all of its terms, and has been advised to consult with an attorney and any other advisors of his/her choice prior to executing this Release, fully understands that by signing below he/she is voluntarily giving up all claims against the Released Parties as of the Execution Date hereof including all claims under the Age Discrimination in Employment Act, as amended, 29 U.S.C. Section 621 et seq. He/she also understands that he/she has a period of seven (7) days after signing this Release within which to revoke his/her agreement hereto and such revocation should be sent to Thomas Hickey, Assistant Counsel, Nextel Communications, Inc., 2001 Edmund Halley Drive, Suite 100, Reston, Virginia 20191 and that such revocation also will result in the withholding from him/her of the award made to Releasor as specified in the document attached hereto.

[State-specific release language will be added by the Parties to each General Release for which it is appropriate.]

3

Language to be included for Claimants who are current employees and who will be terminating their employment relationship with the Companies:

4 or 5. Releasor represents that he/she will voluntarily separate from employment from _____ on _____, 200_, and that he/she will not seek or accept employment with the Companies in the future.

Language to be included for Claimants who are former employees and Job Seekers:

4 or 5. Releasor represents that he/she will not seek or accept employment with the Companies in the future.


_____
Signature of Claimant


Dated: This ___th day of _____ 200_


STATE OF            )
                    : ss.:
COUNTY OF ____ )


On _____, 200_, before me personally came _____ to me known and known to me to be the individual described in, and who executed, the foregoing General Release, and duly acknowledged to me that he/she executed same.


_____
Notary Public

# Exhibit 3

Exhibit A

## INDIVIDUAL AGREEMENT

1. I, **Michael S. Johnson** acknowledge that I have retained Leeds Morelli & Brown ("LM&B") to represent me to pursue claims against Nextel and/or its affiliates, subsidiaries, parents, divisions or predecessors and/or officers, directors, employees or agents of any of them (together, the "Companies") arising from my current or former employment by, or my attempt to obtain employment with, the Companies. I have reviewed the Dispute Resolution and Settlement Agreement; had the opportunity to discuss that Agreement with LM&B or any other counsel of my choosing; and agree to comply fully with the terms of that Agreement. While I may consult other counsel of my choosing with respect to the Dispute Resolution and Settlement Agreement, I agree that LM&B shall be my legal representative throughout the Dispute Resolution Process. I hereby authorized LM&B to execute on my behalf the Dispute Resolution and Settlement Agreement attached hereto and to make the Representations contained therein on my behalf.

2. I acknowledge and understand that, under subparagraph 2b of the Dispute Resolution and Settlement Agreement, I will not seek to participate as a class representative or member of any purported class action that may be filed against the Companies or the Released Parties, as defined in paragraph 8 of the Dispute Resolution and Settlement Agreement, based on events up to and including the date that the Dispute Resolution and Settlement Agreement was executed and that I will opt-out of any such class.

3. I acknowledge and understand that, under paragraph 11 of the Dispute Resolution and Settlement Agreement, Nextel has agreed to pay an amount of money to LM&B to cover the attorneys' fees and expenses, other than expert fees, that Claimants might otherwise

2

pay to LM&B and for which Claimants might otherwise reimburse LM&B for its representation of all Claimants through the Dispute Resolution Process, and for LM&B's services rendered in representing all Claimants through the expedited Dispute Resolution Process. LM&B will not collect or seek to collect from any Claimant any attorneys' fees (contingent or otherwise) or expenses, other than expert fees, to which it might otherwise be entitled pursuant to an agreement between LM&B and Claimants or otherwise. I hereby knowingly and voluntarily consent to this payment arrangement.

4. I acknowledge and understand that, under paragraph 12 of the Dispute Resolution and Settlement Agreement, after the processing and resolution of my claims and all other Claimants' claims against the Companies, LM&B will be hired by Nextel to serve as a consultant to the Companies for a two-year period, to provide such assistance and legal advice to the Companies as they may request regarding their anti-discrimination and diversity policies and programs (the "Consultancy"). I further acknowledge and understand that such Consultancy presents a conflict of interest for LM&B, and hereby knowingly and voluntarily waive any objection to such conflict.

4. I also acknowledge and understand that I am obligated to cooperate in good faith during each phase of the Dispute Resolution Process and hereby agree to so cooperate. I clearly understand that the Dispute Resolution and Settlement Agreement contains strict

3

deadlines and time requirements, and that I must make myself readily available in order to cooperate in good faith. My failure to cooperate in good faith may serve as a sufficient basis to reduce or bar any recovery that I may be entitled to receive, and my failure to appear for my scheduled Interview and Direct Negotiation, Non-Binding Mediation and/or Binding Arbitration shall bar any recovery that I may be entitled to receive if such failure to appear is not the result of extraordinary circumstances beyond my control.

_____
Signature of Claimant

Dated: This 10th day of Oct 2000.

STATE OF New Jersey
                    ss.:
COUNTY OF Essex

On Oct 11th, 2000, before me personally came Michael S Johnson me known and known to me to be the individual described in, and who executed, the foregoing Individual Agreement, and duly acknowledged to me that he/she executed same.

_____
Notary Public
exp. 3/13/05

# Exhibit 4

## PLEDGE OF GOOD FAITH

I, _Denise McNeil_, understand that I am obligated to act in good faith during each phase of the Dispute Resolution Process and hereby agree to so cooperate. I clearly understand that the Dispute Resolution and Settlement Agreement contains strict deadlines and time requirements, and that I must make myself readily available in order to cooperate in good faith.

Furthermore, I recognize that the terms of the Agreement with Nextel, as well as, what takes place during the Dispute Resolution Process, must be kept confidential. I know that my promise to keep the Agreement and the Dispute Resolution Process confidential is an important part of why Nextel is entering into this Agreement. For these reasons, I understand that it is in the interest of the entire group to limit the number of copies of the Agreement which are in circulation. Therefore, I agree to selecting two (2) representatives in my area to maintain a copy of the Agreement. Upon request to either of the area representatives, claimants will be allowed to review the Agreement.

Finally, I promise to advise my attorneys at all times of my whereabouts, including, but not limited to, changes in my address or telephone number, any vacations, and work related trips.

Dated: _October 4, 2000_

Signed: _Denise McNeil_

Print Name: _Denise McNeil_

345-2913

RIVKIN RADLER LLP
JOHN J. ROBERTELLI, ESQ.
COURT PLAZA SOUTH-WEST WING
21 MAIN STREET
HACKENSACK, NEW JERSEY 07601
(201) 287-2460
MCCONNELL SIDERIUS FLEISCHNER
HOUGHTALING & CRAIGMILE, LLC
TRACI L. VAN PELT, ESQ.
MICHAEL T. McCONNELL, ESQ.
ROBERT W. STEINMETZ, ESQ.
2401 15th STREET, SUITE 300
DENVER, CO 80202
(303) 458-9555
Attorneys for defendants Leeds, Morelli & Brown P.C., Lenard Leeds, Esq.
Steven A. Morelli, Esq., and Jeffrey K. Brown, Esq.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| MICHAEL S. JOHNSON, DONNA DYMKOWSKI, PATRICIA LONG-CORREA, ANTONIO SAMUEL, VINCENT HALL, ANGELETTE WATERS, Individually, and on behalf of the Class, <br><br> Plaintiffs, <br><br> -against- <br><br> NEXTEL COMMUNICATIONS, INC., a Delaware Corporation; LEEDS, MORELLI & BROWN, P.C.; LENARD LEEDS, STEVEN A. MORELLI; JEFFREY K. BROWN; JAMES VAGNINI; FREDERIC DAVID OSTROVE; BRYAN MAZOLLA; SUSAN FITZGERALD; AND JOHN AND JANE DOES 1-10, (a fictitious designation for presently unknown Defendants), <br><br> Defendants. | Civil Action No. 06-5547 (DMC) (MF) <br><br> **Document Electronically Filed** <br><br> **CERTIFICATE OF SERVICE** |

---

I, Michele Renn, of full age, hereby certify as follows:

1. I am a secretary to John J. Robertelli, Esq. of the law firm of Rivkin Radler, LLP, attorneys for Defendants Leeds, Morelli & Brown P.C., Lenard Leeds, Esq., Steven A. Morelli, Esq. and Jeffrey K. Brown, Esq.

2. On December 29, 2006, I caused the within Notice of Motion to transfer venue of the within matter pursuant to 28 U.S.C. § 1404(a) from the United States District Court for the District of New Jersey to the United States District Court for the Southern District of New York, and supporting Brief and Certification to be hand delivery and electronically filed with the Clerk of the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Room 4015, Newark, New Jersey 07101. Copies of the within motion were also served upon counsel for all parties via electronic mail and hand delivery.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*[signature]*
MICHELE RENN

2002009 v1

RIVKIN RADLER LLP
JOHN J. ROBERTELLI, ESQ.
COURT PLAZA SOUTH-WEST WING
21 MAIN STREET
HACKENSACK, NEW JERSEY 07601
(201) 287-2460
MCCONNELL SIDERIUS FLEISCHNER
HOUGHTALING & CRAIGMILE, LLC
TRACI L. VAN PELT, ESQ.
MICHAEL T. McCONNELL, ESQ.
ROBERT W. STEINMETZ, ESQ.
2401 15th STREET, SUITE 300
DENVER, CO 80202
(303) 458-9555
Attorneys for defendants Leeds, Morelli & Brown P.C., Lenard Leeds, Esq.
Steven A. Morelli, Esq., and Jeffrey K. Brown, Esq.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| MICHAEL S. JOHNSON, DONNA DYMKOWSKI, PATRICIA LONG-CORREA, ANTONIO SAMUEL, VINCENT HALL, ANGELETTE WATERS, Individually, and on behalf of the Class, <br><br> Plaintiffs, <br><br> -against- <br><br> NEXTEL COMMUNICATIONS, INC., a Delaware Corporation; LEEDS, MORELLI & BROWN, P.C.; LENARD LEEDS, STEVEN A. MORELLI; JEFFREY K. BROWN; JAMES VAGNINI; FREDERIC DAVID OSTROVE; BRYAN MAZOLLA; SUSAN FITZGERALD; AND JOHN AND JANE DOES 1-10, (a fictitious designation for presently unknown Defendants), <br><br> Defendants. | Civil Action No. 06-5547 (DMC) (MF) <br><br> **Document Electronically Filed** <br><br> **ORDER TRANSFERRING VENUE PURSUANT TO 28 U.S.C. § 1404(a) FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** |

---

**THIS MATTER**, having been opened to the Court upon the application of **JOHN J. ROBERTELLI, ESQ.** of Rivkin Radler LLP, attorneys for defendants Leeds, Morelli & Brown P.C., Lenard Leeds, Esq., Steven A. Morelli, Esq., and Jeffrey K. Brown, Esq., upon notice to all counsel, and the Court having considered the moving papers and any opposition thereto, and for good cause having been shown;

IT IS, on this _____ day of _____, 2007

**ORDERED** that venue in the within matter is hereby transferred pursuant to 28 U.S.C. § 1404(a) from the United States District Court for the District of New Jersey to the **United States District Court for the Southern District of New York**; and it is further

**ORDERED** that a copy of this Order shall be served on all counsel of record within seven (7) days of its receipt by movant's counsel.

_____