# EXHIBIT D

## AMENDMENT NO. 2

Nextel and LM&B, on behalf of itself and the Claimants, hereby enter into this Amendment No. 2 to the Dispute Resolution and Settlement Agreement ("Agreement"):

1. All terms herein shall have the same meaning as they have in the Agreement.

2. Except as specifically provided for in paragraphs 3-8 herein, this Amendment does not alter the Agreement or waive any terms or provisions of the Agreement, including all confidentiality provisions therein.

3. LM&B will submit the Individual Agreements of 579 Claimants and Claimants' Statements of 574 Claimants to Nextel at the same time. LM&B will deliver the 579 Individual Agreements (signed and notarized by 579 Claimants listed in Schedule 1 to the Agreement) and 574 Claimants' Statements so that Nextel receives them on February 12, 2001.

4. Rather than paying LM&B the two million dollars ($2,000,000) required by paragraph 11a. of the Agreement to be paid three (3) business days after the Effective Date of the Agreement as defined in paragraph 14 of the Agreement, Nextel shall make said payment by February 15, 2001, which is within three (3) business days after Nextel receives the Claimants' Individual Agreements and Claimants' Statements, as described in paragraph 3 of this Amendment No. 2 to the Agreement, provided LM&B and the Claimants have complied with and satisfied all other requirements in the Agreement.

5. LM&B has advised that [redacted], [redacted], [redacted], [redacted], [redacted] and [redacted], all listed as Claimants on Schedule 1 of the Agreement, will be submitting neither Individual Agreements nor Claimants' Statements. LM&B has also advised that [redacted], [redacted], [redacted] and [redacted], all listed as Claimants on Schedule 1 of the Agreement, will not be submitting Claimants' Statements. Since the above fourteen (14) individuals who are listed as Claimants on Schedule 1 of the Agreement will not be submitting Individual Agreements and/or Claimants' Statements, rather than paying LM&B the two million dollars ($2,000,000) upon the processing and resolution of all of the claims of the Claimants as required by paragraph 11a. of the Agreement, Nextel shall pay LM&B one million seven hundred twenty thousand dollars ($1,720,000) at that time. Also at that time, Nextel will place in escrow, in an interest bearing bank account, two hundred eighty thousand dollars ($280,000), which shall be paid to LM&B upon the conclusion of the consultancy period set forth in paragraph 12 of the Agreement; except that the amount required to be paid to LM&B by Nextel from the escrow account will be reduced by the actual amount Nextel spends to defend and settle and/or pay a judgment, up to twenty thousand dollars ($20,000) for each of the fourteen (14) Claimants who have not executed Individual Agreements and/or submitted Claimants' Statements, with regard to any agency and/or court action commenced by or on behalf of any of the fourteen (14) Claimants named in this paragraph 5 of Amendment No. 2 to the Agreement, outside of the Dispute Resolution Process provided for in the Agreement at any time, up to the completion of the consultancy period. A letter signed by Gregory I. Rasin, Esq. of Jackson, Lewis, Schnitzler & Krupman, or another counsel designated by Nextel, advising LM&B of the total amount paid by Nextel to defend, settle and/or pay a judgment for any such claim or that such amount exceeds twenty thousand dollars ($20,000) will be sufficient and dispositive of any

obligation on the part of Nextel to provide information concerning the actual amount spent to defend, settle and/or pay a judgment on any such claim.

6. In consideration for Nextel's agreement to pay the monies pursuant to paragraph 4 of Amendment No. 2 and to enable Nextel to review and analyze all the Individual Agreements and Claimants' Statements, Nextel will have a three-week grace period ("Grace Period") commencing on February 12, 2001, the date Nextel receives all the Individual Agreements and Claimants' Statements, and ending on March 5, 2001, where no action is required on Nextel's part.

7. At the conclusion of the Grace Period on March 5, 2001, Nextel will respond in the manner described in the Agreement. For the purposes of determining the time frame under which Nextel must respond Nextel will consider the Claimants' Individual Agreements and Claimants' Statements received weekly in groups of one hundred (100), as required by the Agreement. The first group of 100 will be considered received on March 6, 2001, and the last group will be considered received on April 17, 2001.

8. The Effective Date of the Agreement, as defined in paragraph 14 of the Agreement, and incorporating the Grace Period described in Paragraphs 6 and 7 of Amendment No. 2, will be April 18, 2001.

Dated: February __, 2001    By: _____
                                Leeds Morelli & Brown
                                One Old Country Road, Suite 347
                                Carle Place, New York 11514

                                On behalf of itself and the Claimants

Dated: February 8, 2001     NEXTEL COMMUNICATIONS, INC.

                            By: _____
                                Jackson Lewis Schnitzler & Krupman
                                101 Park Avenue
                                New York, New York 10178

                                Counsel for Nextel Communications, Inc.

2