# EXHIBIT E

## Dispute Resolution And Settlement Agreement
## Amendment No. 3

Nextel Communications, Inc. ("Nextel") and/or its affiliates, subsidiaries, divisions or predecessors and/or its officers, directors, employees, agents or any of them (together, the "Companies") and Leeds Morelli & Brown, P.C. on behalf of itself and the Claimants as defined in the Dispute Resolution And Settlement Agreement dated September 23, 2000 ("Agreement") (together "LM&B"), agree that:

WHEREAS, the Companies and LM&B desire to amend the Agreement; and

WHEREAS, on August 29, 2001 Gregory I. Rasin, Esq. ("Rasin") of Jackson Lewis Schnitzler & Krupman wrote to Jeffrey K. Brown, Esq. ("Brown") of Leeds Morelli & Brown specifying the status, as of August 28, 2001, of the 587 Claimants originally listed on Schedule I of the Agreement and stating that 369 Claimants remained eligible to continue to process and resolve their claims through the Dispute Resolution Process of the Agreement ("DRP") and 213 Claimants had either completed processing and resolving their claims through the DRP or for reasons set forth in the August 29, 2001 Rasin letter were no longer eligible to process and resolve their claims through the DRP and were precluded from bringing any other action or obtaining recovery from or against the Companies as of August 28, 2001 (the "Rasin Letter") (a copy of the Rasin August 29, 2001 letter to Brown is attached as Exhibit A); and

WHEREAS, on August 31, 2001 Brown signed a duplicate original of the August 29, 2001 letter to him from Rasin, thereby confirming that the status, as of August 28, 2001, of the 587 Claimants as stated in the Rasin letter of August 29, 2001 was correct (a copy of the duplicate original of the August 29, 2001 Rasin letter signed by Brown on August 31, 2001 is attached as Exhibit B) except to the extent indicated in a separate letter from Brown to Rasin

1

i) dated August 31, 2001. (A copy of the August 31, 2001 Brown letter to Rasin is attached as Exhibit C); and

WHEREAS, the parties agree that the 369 Claimants identified in Rasin Letter remained eligible on August 28, 2001 to continue to process and resolve their claims through DRP; and

WHEREAS, that parties agree that 213 of the 213 Claimants identified in the Rasin Letter have either completed processing and resolving their claims through the DRP or for the reasons set forth in the Rasin Letter were no longer eligible to process or resolve their claims through the DRP and are precluded from bringing any other action or obtaining recovery from or against the Companies; and

WHEREAS, Faith Clifton, April Jones, Alicia Lopez, Dean Colter and Dean Ross are the five Claimants who the Companies and LM&B disagree as to whether those Claimants have either completed the processing and resolving of their claims through the DRP or for the reasons set forth in the Rasin Letter are no longer eligible to process and resolve their claims through the DRP and are precluded from bringing any other action or obtaining recovery from or against the Companies (the "Disputed Claimants"); and

WHEREAS, the Companies and LM&B have agreed for the purpose of this Amendment No. 3 to the Agreement not to resolve their disagreement as to the status of the Disputed Claimants but rather to hold such resolution in abeyance; and

WHEREAS, the 369 Claimants who the Companies and LM&B agree remained eligible as of August 28, 2001 to continue to process and resolve their claims through the DRP and the Disputed Claimants together constitute the "Eligible Claimants" for the purpose of this Amendment No. 3 to the Agreement; and

WHEREAS, the 374 Eligible Claimants are listed on Exhibit D.

2

NOW, THEREFORE, it is agreed by and between the Companies and LM&B that the Agreement should be amended as follows:

1.  A fund in the amount of three million six hundred ninety thousand dollars and no cents ($3,690,000.00) shall be created by the Companies (the "Settlement Fund"). The Settlement Fund less the deductions from the Settlement Fund specified in paragraphs 3, 4 and 5 of this Amendment No. 3 to the Agreement will form the "Net Settlement Fund." The Eligible Claimants, minus those Eligible Claimants who have or will process and resolve their claims through the DRP shall be designated as the "Net Eligible Claimants." An aggregate sum no greater than the Net Settlement Fund shall be allocated among the Net Eligible Claimants as is agreed to between Leeds Morelli & Brown and the Net Eligible Claimants, except that in allocating the Net Settlement Fund among the Net Eligible Claimants no such Claimant shall be entitled to receive an amount to resolve his/her claims against the Companies in excess of twenty-five thousand dollars and no cents ($25,000.00).

2.  The Companies shall provide LM&B with a General Release form to be signed by each Eligible Claimant with the gross amount of consideration to be paid to the Claimant left blank. LM&B will take the responsibility of having the gross amount of consideration for each Claimant <u>printed</u> in the appropriate place in the General Release, both in words and in numbers. An LM&B attorney and the Claimant shall each sign the margin of the General Release next to where the gross amount of the consideration is printed. The General Release will then be executed by the Claimant and his or her signature will be notarized. All of the General Releases will be forwarded by LM&B to Gregory I. Rasin, Esq. of Jackson Lewis Schnitzler & Krupman so that they are all received by Gregory I. Rasin, Esq. by October 12, 2001. At the same time, LM&B will deliver to Gregory I. Rasin, Esq. a typewritten letter confirming the gross amount of

3

consideration to be paid to each Eligible Claimant. If after consideration of all of the conditions and contingencies set forth in this Amendment No. 3 to the Agreement the gross amounts set forth in the General Release are to be paid to the Net Eligible Claimants, checks in those amounts, less lawful deductions, will be processed by Nextel and sent to LM&B for each appropriate Eligible Claimant.

3. While the process described in paragraphs 1 and 2 of this Amendment No. 3 to the Agreement is proceeding, the DRP shall continue. If the claims of any Eligible Claimant have been or are resolved in the DRP, the amount to be paid to the Eligible Claimant to resolve those claims shall be deducted from the Settlement Fund and the Claimant whose claim is so resolved will no longer be considered to be an Eligible Claimant.

4. It is understood that certain Eligible Claimants may not resolve their claims pursuant to the process described in paragraphs 1 and 2 of this Amendment No. 3 to the Agreement and Leeds Morelli & Brown will not deliver to Gregory I. Rasin, Esq. an executed General Release for certain Eligible Claimants as is provided in paragraph 2 to this Amendment No. 3 to the Agreement, but rather those Eligible Claimants shall continue to process their claims through the DRP after October 12, 2001. For each Eligible Claimant who continues to process his/her claims through the DRP after October 12, 2001 rather than through the process described in paragraphs 1 and 2 of this Amendment No. 3 to the Agreement, the Settlement Fund will be reduced by ten thousand dollars and no cents ($10,000.00). If more than fifteen (15) Eligible Claimants continue to process their claims through the DRP rather than resolve their claims through the process described in paragraphs 1 and 2 of this Amendment No. 3 to the Agreement after October 12, 2001, then the Companies will have the right to determine that they do not want to resolve any of the Claimants' claims through the process described in paragraphs 1 and 2

of this Amendment No. 3 to the Agreement and the Companies will have the right to advise LM&B, in writing, that they want to process all claims of all Eligible Claimants through the DRP. The Companies will make such determination and communicate their decision to Leeds Morelli & Brown within two (2) weeks of being advised by LM&B, in writing, that Gregory I. Rasin has received <u>all</u> the signed General Releases from the all of the Eligible Claimants that desire to resolve their claims through the process described in paragraphs 1 and 2 of this Amendment No. 3 to the Agreement and listing the names of those Eligible Claimants who will not resolve their claims through the process described in paragraphs 1 and 2 of this Amendment No. 3 to the Agreement.

5. After receiving the signed General Releases from the Eligible Claimants, the Companies will have the right to refuse to pay any Eligible Claimant the amount designated by LM&B in the General Release obtained through the processes described in paragraphs 1 and 2 of this Amendment No. 3 to the Agreement except that the Companies cannot refuse to pay more than sixty-nine (69) Eligible Claimants the amount designated by LM&B in the General Release obtained through the process described in paragraphs 1 and 2 of this Amendment No. 3 to the Agreement. If the Companies decide not to resolve the claim of a particular Eligible Claimant, after receiving the signed General Release, through the process described in paragraphs 1 and 2 of this Amendment No. 3 to the Agreement, the Eligible Claimant will be deleted from the list of Eligible Claimants, will have his/her claim resolved through the DRP, and the amount that was designated to be paid to the Eligible Claimant in the General Release will be deleted from the Settlement Fund.

6. In the event that any Claimant brings any proceeding against the Companies, the Companies will have to defend such actions. Therefore, paragraph 12 of the Agreement is

5

modified to provide a monthly consultancy fee to LM&B of sixty-three thousand three hundred thirty-three dollars and thirty-four cents ($63,333.34) rather than the eighty-three thousand three hundred thirty-three dollars and thirty-four cents ($83,333.34) set forth in the Agreement. The difference between sixty-three thousand three hundred thirty-three dollars and thirty-four cents ($63,333.34) and eighty-three thousand three hundred thirty-three dollars and thirty-four cents ($83,333.34) each month will be retained by the Companies to pay the cost to defend, settle or satisfy any judgment by a Claimant in any such proceeding, except that the retained amount of money the Companies may use to defend, settle or satisfy any judgment shall not exceed twelve thousand five hundred dollars and no cents ($12,500) per Claimant. If any such proceeding is commenced by any Claimant, Nextel will mail Leeds Morelli & Brown written notice of that proceeding within five (5) days of the Nextel Legal Department receiving the papers commencing such proceeding. At the end of the twenty-four (24) month consultancy period, to the extent the monies retained have not been used by the Companies to pay the cost to defend, settle or satisfy any judgment by a Claimant in any action outside of the DRP, said monies will be paid to LM&B in a lump sum.

7. Except as defined in this Amendment No. 3 to the Agreement, all terms shall have the same meaning as they have in the Agreement.

8. Except as specifically provided for in this Amendment No. 3 to the Agreement, the provisions and terms of Agreement, Amendment No. 1 and Amendment No. 2 are not altered or waived by this Amendment No. 3 to the Agreement, including but not limited to all confidentiality provisions.

IN WITNESS WHEREOF, LM&B on behalf of itself and the Claimants, and Nextel through its counsel have executed this Amendment No. 3 to the Agreement on the dates shown below:

Dated: September ___, 2001

LEEDS MORELLI & BROWN

By: _____
Jeffrey K. Brown
One Old Country Road, Suite 347
Carle Place, New York 11514

Dated: September 14, 2001

NEXTEL COMMUNICATIONS, INC.

By: _____
Gregory I. Rasin
Jackson Lewis Schnitzler & Krupman
101 Park Avenue
New York, New York 10178-3898
Counsel for Nextel Communications, Inc.

7