# EXHIBIT H

| | |
|---|---|
| DISTRICT COURT<br>CITY AND COUNTY OF DENVER<br>STATE OF COLORADO<br>1437 Bannock Street<br>Denver, Colorado 80202<br>(720) 865-8303 | ▲ COURT USE ONLY ▲ |
| **Plaintiffs:** DENISE MCNEIL and ALENCIA ASHTON-MOORE<br><br>**Defendants:** LEEDS, MORELLI & BROWN, P.C.; LENARD LEEDS; STEVEN A. MORELLI; JEFFREY K. BROWN; JAMES VAGNINI; SUSAN FITZGERALD; RICK OSTROVE; BRIAN MAZZOLA; NANCY NOWELL; ERIN GLEASON; LISA CALVACCA MARCUS; and, NEXTEL COMMUNICATIONS, INC. | Case Number: 03-CV-893<br><br>Division/Courtroom: 2 |
| Paul Gordon<br>Limited Liability Company<br>Cherry Creek Plaza II<br>650 South Cherry Street, Suite 835<br>Denver, Colorado 80246<br>Phone 303-756-0800<br>Registration Number 21860 | |
| **FOURTH AMENDED COMPLAINT** | |

Plaintiffs, Denise McNeil and Alencia Ashton-Moore, through counsel, Paul Gordon, LLC, for their claims against Defendants, allege as follows:

### PARTIES

1. Plaintiff Denise McNeil is a resident of the State of Colorado.

2. Plaintiff Alencia Ashton-Moore is a resident of the State of Colorado.

3. Defendant Leeds, Morelli & Brown, P.C. (hereinafter "LMB") is a professional corporation doing business in the State of Colorado.

4. Defendant Lenard Leeds is an attorney doing business in the State of Colorado.

5. Defendant Steven A. Morelli is an attorney doing business in the State of Colorado.

6. Defendant Jeffrey K. Brown is an attorney doing business in the State of Colorado.

7. Defendant James Vagnini is an attorney doing business in the State of Colorado.

8. Defendant Susan Fitzgerald is an attorney doing business in the State of Colorado.

9. Defendant Rick Ostrove is an attorney doing business in the State of Colorado.

10. Defendant Brian Mazzola is an attorney doing business in the State of Colorado.

11. Defendant Nancy Nowell is an attorney doing business in the State of Colorado.

12. Defendant Erin Gleason is an attorney doing business in the State of Colorado.

13. Defendant Lisa Calvacca Marcus is an attorney doing business in the State of Colorado.

14. Defendant Nextel Communications, Inc. (hereinafter "Nextel") is a corporation doing business in the State of Colorado.

## VICARIOUS LIABILITY

15. At all times pertinent, Defendant Lenard Leeds was acting within the course and scope of employment with Defendant Leeds, Morelli & Brown, P.C., which is vicariously liable for the acts and omissions of Defendant Leeds.

16. At all times pertinent, Defendant Steven A. Morelli was acting within the course and scope of employment with Defendant LMB, which is vicariously liable for the acts and omissions of Defendant Morelli.

17. At all times pertinent, Defendant Jeffrey K. Brown was acting within the course and scope of employment with Defendant LMB, which is vicariously liable for the acts and omissions of Defendant Brown.

18. At all times pertinent, Defendant James Vagnini was acting within the course and scope of employment with Defendant LMB, which is vicariously liable for the acts and omissions of Defendant Vagnini.

19. At all times pertinent, Defendant Susan Fitzgerald was acting within the course and scope of employment with Defendant LMB, which is vicariously liable for the acts and omissions of Defendant Fitzgerald.

20. At all times pertinent, Defendant Rick Ostrove was acting within the course and scope of employment with Defendant LMB, which is vicariously liable for the acts and omissions of Defendant Ostrove.

21. At all times pertinent, Defendant Brian Mazzola was acting within the course and scope of employment with Defendant LMB, which is vicariously liable for the acts and omissions of Defendant Mazzola.

22. At all times pertinent, Defendant Nancy Nowell was acting within the course and scope of employment with Defendant LMB, which is vicariously liable for the acts and omissions of Defendant Nowell.

23. At all times pertinent, Defendant Erin Gleason was acting within the course and scope of employment with Defendant LMB, which is vicariously liable for the acts and omissions of Defendant Gleason.

24. At all times pertinent, Defendant Lisa Marcus was acting within the course and scope of employment with Defendant LMB, which is vicariously liable for the acts and omissions of Defendant Marcus.

25. At all times beginning in 2000, and in any event no later than September 28, 2000, Defendant LMB was acting within the course and scope of employment with Defendant Nextel, which is vicariously liable for the acts and omissions of Defendant LMB.

## BACKGROUND
(Original Discrimination Causes of Action)

26. In or about January, 1998, Plaintiff Ashton-Moore began working for Nextel.

27. In or about February, 1998, Plaintiff McNeil began working for Nextel.

28. Plaintiffs had a contract with Nextel in which Nextel promised to employ Plaintiffs free of race discrimination, gender discrimination, hostile conditions, and harassment.

29. Certain individuals, including by way of illustration and without limitation, Mary Byerrum, Kathleen Steffee, Dimitri Karpouzous, Kathy Squires, Kathy Larson, Vicki Kuster, and Patrick Leach, intentionally created a hostile work environment for Plaintiffs through race discrimination, gender discrimination, hostility, and harassment.

30. Nextel violated Plaintiffs' civil rights.

## BACKGROUND
(Representation by LMB)

31. In or about August, 1999, Defendant LMB promised to zealously prosecute Plaintiffs' claims against Nextel by commencing an action against Nextel.

3

32. At the time LMB promised to commence an action, LMB, Leeds, Morelli, and Brown did not intend to perform the promise to commence an action.

33. In or about August, 1999, Plaintiffs McNeil and Ashton-Moore retained LMB, Leeds, Morelli, Brown, Vagnini, Fitzgerald, Ostrove, Mazzola, Nowell, and Gleason to zealously represent Plaintiffs on their claims against Nextel.

34. At the time Plaintiffs retained LMB, Leeds, Morelli, and Brown to represent Plaintiffs on their claims against Nextel, these same defendants intended to enter into a separate agreement with Nextel and intended thereby to limit their zealous representation of Plaintiffs.

35. At the time Plaintiffs retained LMB, Leeds, Morelli, and Brown to represent Plaintiffs on their claims against Nextel, these same defendants concealed their intent to enter into a separate agreement with Nextel and to limit their representation of Plaintiffs.

36. At the time Plaintiffs retained LMB, Leeds, Morelli, and Brown to represent Plaintiffs on their claims against Nextel, these same defendants intended to enter into a separate agreement with Nextel to provide services to Nextel.

37. At the time Plaintiffs retained Defendants LMB, Leeds, Morelli, and Brown to represent Plaintiffs on their claims against Nextel, these same defendants concealed their intent to enter into a separate agreement with Nextel to provide services to Nextel.

38. In or about August, 1999, Plaintiff McNeil filed a claim against Nextel with the United States Equal Employment Opportunity Commission.

39. In or about August, 1999, Plaintiff Ashton-Moore filed a claim against Nextel with the United States Equal Employment Opportunity Commission.

40. In or about 2000, LMB, Leeds, Morelli, and Brown agreed to become Nextel's agents in exchange for $7,500,000.

    a. LMB, Leeds, Morelli, and Brown promised to perform such duties and responsibilities as may be assigned to it by Nextel and which may include assistance and legal advice to Nextel;

    b. LMB, Leeds, Morelli, and Brown promised to stop accepting new clients with claims against Nextel;

    c. LMB, Leeds, Morelli, and Brown promised not to refer individuals with claims against Nextel to other attorneys;

    d.    LMB, Leeds, Morelli, and Brown promised not to accept fees for referring individuals to other attorneys;

    e.    LMB, Leeds, Morelli, and Brown promised to limit the scope of their representation of Plaintiffs;

    f.    LMB, Leeds, Morelli, and Brown promised to advise Plaintiffs to waive part of their claims for non-economic damages;

    g.    LMB, Leeds, Morelli, and Brown promised to advise Plaintiffs to waive their claims for equitable relief;

    h.    LMB, Leeds, Morelli, and Brown promised to advise Plaintiffs to waive their claims for punitive damages;

    i.    LMB, Leeds, Morelli, and Brown promised to advise Plaintiffs to waive their right to pursue their claims as members of a class;

    j.    LMB, Leeds, Morelli, and Brown promised to advise Plaintiffs to waive their rights to a jury trial;

    k.    LMB, Leeds, Morelli, and Brown promised to advise Plaintiffs to pursue their claims pursuant to the laws of the Commonwealth of Virginia;

    l.    LMB, Leeds, Morelli, and Brown promised to pay $50,000 per month to Nextel for delay in handling Plaintiffs' claims beyond a certain date;

    m.    LMB, Leeds, Morelli, and Brown promised to provide consulting services to Nextel; and,

    n.    LMB, Leeds, Morelli, and Brown promised to pay $25,000 as liquidated damages for each disclosure of the terms of their agreement with Nextel.

41.    In or about September and October 2000, LMB presented to Plaintiffs a document entitled "Highlights of Settlement Agreement with Nextel," which failed to disclose material terms of the agreement between LMB and Nextel.

42.    Defendants concealed material terms of the agreement between LMB and Nextel.

43.    In or about September, 2001, LMB, Leeds, Morelli, and Brown, on behalf of and for the benefit of Nextel, agreed to limit their demands on behalf of Plaintiffs to no more than $25,000 each.

44. In or about September and October, 2001, LMB, Leeds, Morelli, and Brown made the false statement that confidentiality provisions prohibited LMB from disclosing the terms of LMB's agreement to limit Plaintiffs' demands to $25,000 each.

45. Defendants concealed and failed to disclose Nextel's promise to pay $7,500,000 to LMB.

46. LMB, Leeds, Morelli, and Brown advised Plaintiffs to accept $15,000 for full and final settlement of their claims against Nextel.

## BACKGROUND
(Employment with LMB)

47. In or about September, 2000, LMB promised to employ Plaintiffs as consultants for a fixed period ending on the second anniversary after the resolution of all claims of similarly situated Nextel employees and potential employees.

48. In or about September, 2000, LMB promised to pay Plaintiffs an annual salary of $52,000 per Plaintiff per year.

49. During the course of their employment with LMB, Plaintiffs discovered the secret terms of LMB's agreement with Nextel.

50. In or about April, 2002, LMB discharged Plaintiffs.

## BACKGROUND
(Standard of Care for Attorneys)

51. A reasonably careful attorney, having and using that degree of knowledge and skill of attorneys practicing law in Colorado in 1999, would have done the following:

    a. Advised Plaintiffs to file a charge with the Colorado Civil Rights Commission pursuant to C.R.S. § 24-34-306; and,

    b. Taken steps to preserve Plaintiffs' claims for relief pursuant to C.R.S. § 24-34-405.

52. A reasonably careful attorney, having and using that degree of knowledge and skill of attorneys practicing law in Colorado in 2000, would have done the following:

    a. Refused to accept compensation from Plaintiffs' adversary;

    b. Refused to serve as the agent for Plaintiffs' adversary;

c.  Refused to perform such duties and responsibilities as may be assigned by Nextel and which may include assistance and legal advice to Nextel;

d.  Refused to stop accepting new clients with claims against Nextel;

e.  Refused to stop referring Nextel employees to other attorneys if the employees had claims against Nextel;

f.  Refused to limit the scope of their representation of clients, including Plaintiffs, and potential clients;

g.  Refused to provide consulting services to Nextel;

h.  Rejected Nextel's $7,500,000;

i.  Advised Plaintiffs not to waive part of their claim for non-economic damages;

j.  Advised Plaintiffs not to waive their claims to equitable relief;

k.  Advised Plaintiffs not to waive their claim for punitive damages;

l.  Advised Plaintiffs not to waive their right to pursue their claims as members of a class;

m.  Advised Plaintiffs not to waive their rights to a jury trial;

n.  Advised Plaintiffs not to enter into the highlighted version of the putative settlement agreement with Nextel;

o.  Advised Plaintiffs not to sign the agreement without reading the entire agreement;

p.  Provided Plaintiffs with copies of the entire agreement and an opportunity to read the entire agreement before signing;

q.  Advised Plaintiffs not to pursue their claims pursuant to the laws of the Commonwealth of Virginia;

r.  Refused to pay Nextel $50,000 per month for delay in handling Plaintiffs' claims beyond a certain date; and,

s.  Refused to be personally liable for liquidated damages for the disclosure of the terms of any settlement agreement between Nextel and its employees.

53. A reasonably careful attorney, having and using that degree of knowledge and skill of attorneys practicing law in Colorado in 2001, would have done the following:

   a. Advised Plaintiffs not to limit their claim against Nextel to $25,000;

   b. Obtained Plaintiffs' consent before purporting to limit Plaintiffs' claims to $25,000 without Plaintiffs' fully informed consent; and,

   c. Advised Plaintiffs not to accept $15,000 for full and final settlement of their claims against Nextel.

## BACKGROUND
(Damages)

54. As a direct and proximate result of the acts and omissions of defendants, Plaintiff McNeil has suffered general, special, and consequential damages, including by way of illustration and without limitation, loss of earnings, loss of benefits, impairment of earnings capacity, medical expenses, pain, suffering, inconvenience, fear, anxiety, embarrassment, humiliation, public disgrace, indignity, impairment of the quality of life, damage to reputation, and severe emotional distress, and Plaintiff McNeil will have such damages in the future.

55. As a direct and proximate result of the acts and omissions of defendants, Plaintiff Ashton-Moore has suffered general, special, and consequential damages, including by way of illustration and without limitation, loss of earnings, loss of benefits, impairment of earnings capacity, medical expenses, pain, suffering, inconvenience, fear, anxiety, embarrassment, humiliation, public disgrace, indignity, impairment of the quality of life, damage to reputation, and severe emotional distress, and Plaintiff Ashton-Moore will have such damages in the future.

56. Plaintiffs' damages were attended by circumstances of fraud, reckless, and willful and wanton conduct.

## FIRST CLAIM FOR RELIEF
(Outrageous Conduct against All Defendants)

57. Plaintiffs incorporate paragraphs one through 56 of this Fourth Amended Complaint.

58. Defendants engaged in extreme and outrageous conduct.

59. Defendants did so recklessly or with the intent of causing Plaintiffs severe emotional distress.

60. The conduct caused Plaintiffs severe emotional distress.

8

## SECOND CLAIM FOR RELIEF
(Interference with Nexel's Promises against Nextel)

61. Plaintiffs incorporate paragraphs one through 60 of this Fourth Amended Complaint.

62. Certain individuals, including by way of illustration and without limitation, Mary Byerrum, Kathleen Steffee, Dimitri Karpouzous, Kathy Squires, Kathy Larson, Vicki Kuster, and Patrick Leach, knew or reasonably should have known of Nextel's promises to Plaintiffs to provide a work environment free of race discrimination, gender discrimination, hostile conditions, and harassment.

63. At all times pertinent, the individuals were acting within the course and scope of their employment with Nextel.

64. The individuals interfered with Nextel's promises to Plaintiffs

65. The interference was improper.

66. The interference was a cause of Plaintiffs' damages.

## THIRD CLAIM FOR RELIEF
(Fraud against Nextel, LMB, Leeds, Morelli, and Brown)

67. Plaintiffs incorporate paragraphs one through 66 of this Fourth Amended Complaint.

68. Nextel, LMB, Leeds, Morelli, and Brown made false representations of a past or present fact.

69. Nextel, LMB, Leeds, Morelli, and Brown concealed a past or present fact.

70. Nextel, LMB, Leeds, Morelli, and Brown failed to disclose a past or present fact they had a duty to disclose.

71. The facts were material.

72. Nextel, LMB, Leeds, Morelli, and Brown made the false representations knowing it to be false or aware that they did not know whether it was true or false.

73. Nextel, LMB, Leeds, Morelli, and Brown concealed and failed to disclose the facts with the intent of creating a false impression of the actual facts in the minds of Plaintiffs.

74. Nextel, LMB, Leeds, Morelli, and Brown made the representations with the intent that Plaintiffs and a group of person in which Plaintiffs were members would rely on the representations.

75. Nextel, LMB, Leeds, Morelli, and Brown concealed and failed to disclose the facts with the intent that Plaintiffs take a course of action they might not take if they knew the actual facts.

76. Plaintiffs relied on the representations and relied on the assumption that the concealed or undisclosed facts did not exist or were different from what the actually were.

77. The reliance was justified.

78. The reliance was a cause of Plaintiffs' damages.

## FOURTH CLAIM FOR RELIEF
(Negligent Misrepresentation against All Defendants)

79. Plaintiffs incorporate paragraphs one through 78 of this Fourth Amended Complaint.

80. Defendants gave false information to Plaintiffs.

81. Defendants gave the information to Plaintiffs in the course of Defendants' business, profession, or employment.

82. Defendants gave the information to Plaintiffs in the course of a transaction in which Defendant had a financial interest.

83. Defendants gave the information to Plaintiffs for the guidance and use of Plaintiffs in a business transaction.

84. Defendants were negligent in obtaining or communicating the information.

85. Defendants gave the information with the intent or knowing that Plaintiffs would act or decide not to act in reliance on the information.

86. Plaintiffs relied on the information Defendants supplied.

87. Plaintiffs' reliance was a cause of Plaintiffs' damages.

## FIFTH CLAIM FOR RELIEF
(Deceptive Trade Practices against LMB, Leeds, Morelli, Brown,
Vagnini, Fitzgerald, Ostrove, Mazzola, Nowell, Gleason, and Marcus)

88. Plaintiffs incorporate paragraphs one through 87 of this Fourth Amended Complaint.

89. LMB, Leeds, Morelli, Brown, Vagnini, Fitzgerald, Ostrove, Mazzola, Nowell, Gleason, and Marcus engaged in deceptive trade practices in violation of the Colorado Consumer Protection Act, including by way of illustration and without limitation:

   a. Failing to make delivery of services within a reasonable time.

   b. Soliciting legal business from Colorado residents without a license to practice law in Colorado.

   c. Purporting to represent Plaintiffs while at the same time intending to work of Nextel, Plaintiffs' adversary.

90. The deceptive trade practices occurred in the course of Defendants' occupation.

91. The deceptive trade practices significantly impacted the public as actual or potential consumers of Defendants' services.

   a. The deceptive trade practices directly affect as many as 587 or more consumers.

   b. As professionals trained to practice law and licensed to practice in a different jurisdiction, Defendants were substantially more sophisticated than the consumers directly affected by the deceptive trade practices.

   c. As professionals trained to practice law and licensed to practice in a different jurisdiction, Defendants had substantially more bargaining power than the consumers directly affected by the deceptive trade practices.

   d. Defendants have previously employed the same or similar deceptive practices on other consumers.

   e. The deceptive trade practices have a significant potential to impact other consumers in the future.

92. Plaintiffs were actual consumers of Defendants' services.

93. The deceptive trade practices were a cause of Plaintiffs' damages.

94. LMB, Leeds, Morelli, and Brown acted in bad faith.

11

### SIXTH CLAIM FOR RELIEF
(Breach of Fiduciary Duty against LMB, Leeds, Morelli, Brown,
Vagnini, Fitzgerald, Ostrove, Mazzola, Nowell, Gleason, Marcus, and Nextel)

95. Plaintiffs incorporate paragraphs one through 94 of this Fourth Amended Complaint.

96. Defendants LMB, Leeds, Morelli, Brown, Vagnini, Fitzgerald, Ostrove, Mazzola, Nowell, Gleason, and Marcus were acting as fiduciaries of Plaintiffs with respect to Plaintiffs' claims against Nextel.

97. Nextel was acting as a fiduciary of Plaintiff with respect to Plaintiffs' employment with Nextel.

98. Defendants breached a fiduciary duty to Plaintiffs.

99. The breach of fiduciary duty was a cause of Plaintiffs' damages.

100. As a result of the breach of fiduciary duty, Defendants received $7,500,000 plus additional items of value or profit.

### SEVENTH CLAIM FOR RELIEF
(Aiding and Abetting Breach of Fiduciary Duty against All Defendants)

101. Plaintiffs incorporate paragraphs one through 100 of this Fourth Amended Complaint.

102. Defendants performed acts aiding and abetting a breach of fiduciary duty to Plaintiffs.

103. Defendants failed to perform acts they had a duty to perform to prevent a breach of fiduciary duty to Plaintiffs.

104. Defendants knowingly participated in a breach of fiduciary duty.

105. The acts and omissions of Defendants were a cause of Plaintiffs' damages.

### EIGHTH CLAIM FOR RELIEF
(Interference with LMB's Promises against Nextel)

106. Plaintiffs incorporate paragraphs one through 105 of this Fourth Amended Complaint.

107. Nextel knew or reasonably should have known of LMB's promises to Plaintiffs to provide legal services.

108. Nextel interfered with LMB's promises to Plaintiffs.

109. The interference was improper.

110. The interference was a cause of Plaintiffs' damages.

### NINTH CLAIM FOR RELIEF
(Professional Negligence against LMB, Leeds, Morelli, Brown, Vagnini, Fitzgerald, Ostrove, Mazzola, Nowell, Gleason, and Marcus)

111. Plaintiffs incorporate paragraphs one through 110 of this Fourth Amended Complaint.

112. LMB, Leeds, Morelli, Brown, Vagnini, Fitzgerald, Ostrove, Mazzola, Nowell, Gleason, and Marcus were negligent.

113. Defendants' negligence was a cause of Plaintiffs' damages.

### TENTH CLAIM FOR RELIEF
((Ordinary) Negligence against All Defendants)

114. Plaintiffs incorporate paragraphs one through 113 of this Fourth Amended Complaint.

115. All defendants were negligent.

116. The negligence of all defendants was a cause of Plaintiffs' damages.

### ELEVENTH CLAIM FOR RELIEF
(Breach of Contract against LMB and Nextel)

117. Plaintiffs incorporate paragraphs one through 116 of this Fourth Amended Complaint.

118. Nextel promised to provide employment free of race discrimination, gender discrimination, hostile conditions, and harassment.

119. Nextel and LMB promised to employ Plaintiffs for a definite period of time.

120. Nextel and LMB promised good faith and fair dealing with Plaintiffs.

121. Nextel and LMB failed to perform as promised.

122. Nextel and LMB constructively discharged Plaintiffs before the end of the definite period of time.

123. The failures to perform by Nextel and LMB were a cause of Plaintiffs' damages.

124. All conditions precedent to bringing this claim have occurred or been met.

## TWELFTH CLAIM FOR RELIEF
(Quantum Meruit against LMB)

125. Plaintiffs incorporate paragraphs one through 124 of this Fourth Amended Complaint.

126. Plaintiffs rendered services to LMB.

127. To the extent, if at all, Plaintiffs rendered services without an enforceable agreement as to payment, Plaintiffs nonetheless had a reasonable expectation that they would be paid the reasonable value of the services by LMB.

128. LMB requested or accepted the services expecting to pay for them or under such circumstances that LMB knew, or reasonably should have known, that Plaintiffs expected to be paid.

## THIRTEENTH CLAIM FOR RELIEF
(Retaliation against Nextel and LMB)

129. Plaintiffs incorporate paragraphs one through 128 of this Fourth Amended Complaint.

130. Nextel and LMB employed Plaintiffs.

131. Nextel and LMB constructively discharged Plaintiffs.

132. Nextel and LMB constructively discharged Plaintiffs because Plaintiffs discovered, retained, and disclosed LMB's secret agreements with Nextel.

133. Nextel and LMB constructively discharged Plaintiffs because Plaintiffs retained new counsel to replace LMB as Plaintiffs' attorney on Plaintiffs' claims against Nextel.

## FOURTEENTH CLAIM FOR RELIEF
(Unjust Enrichment against LMB, Leeds, Morelli, Brown,
Vagnini, Fitzgerald, Ostrove, Mazzola, Nowell, Gleason, and Marcus)

134. Plaintiffs incorporate paragraphs one through 133 of this Fourth Amended Complaint.

135. LMB, Leeds, Morelli, Brown, Vagnini, Fitzgerald, Ostrove, Mazzola, Nowell, Gleason, and Marcus received a total of $7,500,000 from Nextel.

136. Defendants received the $7,500,000 at the expense of Plaintiffs, their civil rights, and their causes of action against Nextel.

137. Defendants received the $7,500,000 under circumstances that would make it unjust for Defendants to retain the $7,500,000.

### FIFTEENTH CLAIM FOR RELIEF
(Civil Conspiracy against All Defendants)

138. Plaintiffs incorporate paragraphs one through 137 of this Fourth Amended Complaint.

139. Defendants agreed, by words or conduct, to accomplish a goal through unlawful means.

140. One or more unlawful acts were performed to accomplish the goal.

141. The acts performed to accomplish the goal were a cause of Plaintiffs' damages.

FOR THESE REASONS, Plaintiffs request this Court to enter judgment in favor of Plaintiffs and against each and every Defendant for general, special, consequential, exemplary, and punitive damages in an amount to be determined at trial, for disgorgement of all items of value Defendants received, for interest, costs, and attorney fees allowed by law, and for such further relief as this Court deems just.

RESPECTFULLY submitted this 12th day of June, 2006.

Paul Gordon, LLC

*The undersigned maintains a printed copy of this document with the original signature below.*

By: _____
Paul Gordon

## CERTIFICATE OF SERVICE

I certify that on this 12th day of June, 2006 a true copy of **FOURTH AMENDED COMPLAINT** was served by CourtLink to:

Michael T. McConnell, Esq.
Traci Van Pelt, Esq.
McConnell Siderius Fleischner Houghtaling
& Craigmile, LLC
4700 South Syracuse Street, Suite 200
Denver, Colorado 80237

Michael L. Hutchinson, Esq.
Treece, Alfrey, Musat & Bosworth, P.C.
999 18th Street, Suite 1600
Denver, Colorado 80202

Anthony L. Giacomini, Esq.
Reilly Pozner & Connelly, LLP
511 16th Street, Suite 700
Denver, Colorado 80202

Daniel S. Hoffman, Esq.
Hogan & Hartson, LLP
One Tabor Center
1200 17th Street, Suite 1500
Denver, Colorado 80202

Paul Gordon