EXHIBIT I

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br><br>Court Address:  1437 Bannock Street<br>                      Denver, Colorado  80202 | |
| **Plaintiffs:**<br><br>DENISE McNEIL and ALENCIA ASHTON-MOORE | |
| **Defendant:**<br><br>LEEDS, MORELLI & BROWN, P.C., a New York Professional Service Corporation, LENARD LEEDS, STEVEN A. MORELLI, JEFFREY K. BROWN, JAMES VAGNINI, SUSAN FITZGERALD, RICK OSTROVE, BRIAN MAZZOLA, NANCY NOWELL, ERIN GLEASON, LISA CALVACCA, NEXTEL COMMUNICATIONS, INC., a Delaware Corporation, and JOHN AND JANE DOES, 1-10 | ▲ COURT USE ONLY ▲ |
| **Attorneys for Defendant Nextel Communications, Inc.:**<br>Daniel S. Hoffman, #1983<br>Anthony L. Giacomini, #26057<br>HOFFMAN REILLY POZNER & WILLIAMSON LLP<br>511 – 16th Street, Suite 700<br>Denver, CO  80202<br>E-mail:  dhoffman@hrpwlaw.com<br>           tgiacomini@hrpwlaw.com<br>Phone:  (303) 893-6100<br>Fax:      (303) 893-6110 | Case No.  03-CV-893<br><br>Courtroom/Division: 2 |
| **DEFENDANT NEXTEL COMMUNICATIONS, INC.'s MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** | |

DEFENDANT Nextel Communications, Inc. ("Nextel" or "Company") by and through its undersigned counsel, and pursuant to C.R.C.P. 12(b)(1) and (5), respectfully moves this Honorable Court for an order dismissing the claims asserted against it in Plaintiffs' Second Amended Complaint, and as grounds for its motion states as follows:

## I.     INTRODUCTION AND FACTUAL BACKGROUND

Plaintiffs Denise McNeil ("McNeil") and Alencia Ashton-Moore ("Ashton-Moore") are two former Nextel West Corp. employees who worked in the Company's Littleton, Colorado, call center.  Through representation by their Leeds Morelli & Brown ("Leeds-Morelli") counsel, McNeil and Ashton-Moore threatened to bring a class action lawsuit on behalf of themselves and others claiming workplace discrimination, harassment and other alleged civil rights violations.

After actively recruiting additional employee and former employee claimants, Plaintiffs signed agreements consenting to a specific alternative dispute resolution process, and expressly acknowledged receipt of information regarding all material terms of the dispute resolution process.  Plaintiffs then, by and through their counsel, participated in that legitimate, arms-length dispute resolution process by which these Plaintiffs negotiated individual monetary settlements of their alleged complaints against the Company.  In exchange for their settlement proceeds, Plaintiffs released Nextel from liability through their signatures on an individual General Release.

In their Second Amended Complaint,[1] Plaintiffs now attempt to eviscerate the mutual covenants of their settlements and their General Releases by alleging that Nextel conspired with certain individual Leeds-Morelli lawyers to breach the lawyers' fiduciary duty to Plaintiffs and to defraud Plaintiffs in the process of resolving Plaintiffs' and other Nextel employees' disputes with the Company.

---

[1] Plaintiff's First Amended Complaint, deemed filed by Order of Court on November 4, 2003, was served on Nextel or about February 6, 2004.  Plaintiffs' Second Amended Complaint, deemed filed by the Court on March 22, 2004, removed Mr. Gregory Rasin's name from the caption and the claims for relief.  Nextel notes that, as of the time of this filing, Plaintiffs have not filed a Return of Service with regard to service of process on Nextel.  Such failure would appear to be in violation of the Court's Delay Reduction Order dated on or about February 7, 2003, that required, inter alia, "Return of service on all defendants shall be filed within 60 days after the date of the filing of the complaint."

Plaintiffs also allege claims against Nextel for tortious interference with contract, negligent or intentional infliction of emotional distress, deceptive trade practices, civil conspiracy, and commercial bribery. With respect to each of these claims, Plaintiffs have either failed to state a claim upon which relief can be granted, or have advanced a claim that is barred by the applicable statute of limitations, or both, and dismissal of the claims is appropriate.

## II.    BASES FOR NEXTEL'S MOTION TO DISMISS

Plaintiffs' claims against Nextel should be dismissed for each of the following reasons:

- Plaintiffs signed valid and binding General Releases by which they released all of their alleged claims against Nextel, and have not alleged sufficient grounds for invalidation of the General Releases they signed; as such, the General Releases completely bar them from bringing these alleged claims against Nextel;

- Plaintiffs have failed to tender back the payments that they received as a result of their entry into allegedly fraudulent settlement agreements with Nextel, and as a consequence, Plaintiffs have affirmed those agreements and ratified their General Releases; having already derived substantial benefits from their individual settlement agreements, the law does not permit the Plaintiffs to now challenge the settlement agreements as fraudulent;

- Plaintiffs' claims of conspiracy to breach fiduciary duty, tortious interference with contract, and negligent or intentional infliction of emotional distress are time-barred by the applicable statutes of limitations;

- Plaintiffs have not pled their fraud-related claims with the particularity required by law, and thus, have failed to state a cause of action for fraud; and

- Plaintiffs' alleged deceptive trade practices claim is unfounded and not brought for legitimate purposes.

As discussed in detail below, dismissal with prejudice of all of the claims against Nextel pursuant to C.R.C.P. 12(b)(1) and (5) is just and proper. Additionally, because Plaintiffs'

pleading against Nextel is not well grounded in fact, and is unwarranted under existing law, an

award of sanctions for attorneys' fees and costs pursuant to C.R.C.P. 11 is appropriate.

## III.    ARGUMENT

**A.    Plaintiffs Are Legally Barred From Bringing These Claims Against Nextel**

        1.    <u>Plaintiffs Have Voluntarily Given Up Their Right To Sue Nextel Through Their Execution of a General Release</u>

On February 13, 2002, Plaintiff Ashton-Moore signed a document entitled General

Release after reaching settlement of her alleged claims against Nextel.[2]  By her signature to the

General Release, Ashton-Moore promised that, in consideration of the $15,000 payment made to

her by Nextel, she:

> . . . irrevocably and unconditionally releases and forever discharges [Nextel] . . . from any and all claims, liabilities, losses, agreements, rights, causes of action and any expenses of any nature whatsoever . . . occurring up to the date of execution of this General Release by Releasor, which she may now have or at anytime hereafter have against [Nextel] . . .
>
>     [and]
>
> . . . further represents that she has not been forced or pressured in any manner whatsoever to sign this General Release and the she agrees to all of its terms voluntarily.  She represents and acknowledges that no representation, statement, promise, inducement, threat or suggestion has been made by any of the Released Parties or by any other individual to influence her to sign this General Release except such statements as are expressly set forth herein.

General Release at ¶¶ 1, 3.

On March 7, 2002 , Plaintiff McNeil signed an identical General Release, making the

identical promises.  Thus, in order for these Plaintiffs to bring the claims they have alleged

---

[2] The confidentially provision contained in the General Release runs in favor of Nextel only.  The Court has already considered and denied a motion for protective order concerning the confidentiality of the Dispute Resolution Process in the context of this lawsuit.

against Nextel in their Second Amended Complaint, this Court would have to make a finding that the General Releases are invalid. Even if Plaintiffs could make a showing of fraudulent or coercive conduct which is the conduct necessary to invalidate a general release, their claims against Nextel still should be dismissed because any claims they would have would be against Leeds-Morelli, not against Nextel.

The law places a heavy burden on a party who wishes to invalidate an executed release that is otherwise valid and binding. A release can be set aside only upon a showing of "clear and convincing evidence" that the release was procured through fraud, coercion or duress. Kruger v. Smith, 260 P. 97, 98 (Colo. 1927).

As with any fraud or fraud-based claim, allegations of fraudulent procurement must be pled with particularity (see Section III. C, below). Unsupported allegations of procurement by "trick or device" are not sufficient grounds to invalidate an otherwise valid release. See Wagoner v. Mountain Sav. & Loan Ass'n, 311 F.2d 403, 406 (10th Cir. 1962).

Likewise, Colorado law requires that, in order to establish duress or coercion, a party must show an unlawful threat or other improper means such that the party's will "was so taken away that he could not properly enter into [the] contract." Bennett v. Coors Brewing Co., 189 F.3d 1221, 1231 (10th Cir. 1999) (general pressures inherent in signing a release in which employee gives up the right to pursue claims against an employer are insufficient to establish duress; there must be a showing that the pressures actually subjugated the mind and will of the releasor such that he could not properly execute the release).

Showing that the releasing party was merely subjected to pressure through threats – or even physical compulsion – is not enough to invalidate a release based on alleged coercion or

duress; rather, a releasor who wants to invalidate a release on those grounds must show that the threats:

> actually subjugated the mind and will of the person against whom they were directed. . . .  And it is a general rule that a transaction cannot be held to have been induced by duress . . . where the party had and took an opportunity for reflection and for making up his mind . . . .

Wiesen v. Short, 604 P.2d 1191, 1192 (Colo. 1979); see also C.J.I.-Civ. 30:19 (4th ed. 2003) ("The mere use of persuasion or argument to cause another who is of sound mind to enter into a contract is not undue influence.").

Here, Plaintiffs have not come close to meeting their substantial burden for setting aside their General Releases.  Nowhere in their Second Amended Complaint do they allege facts, or even allude to facts forthcoming, that would support the notion that Nextel defrauded or conspired to defraud them into signing the General Release, or that Nextel used coercion, undue influence or duress to obtain them.  Nor do Plaintiffs allege any facts suggesting that they executed the releases under duress, coercion or pressure from any kind of threat or undue influence by Nextel, or anyone else, for that matter.  Plaintiffs merely assert unsupported conclusory statements of "conspiracy" against Nextel without setting forth any facts sufficient to demonstrate why an otherwise valid general release should be invalidated.[3]

Significantly, Plaintiffs were represented by Leeds-Morelli when they signed their releases, and as such, any obligations to adequately advise Plaintiffs as to the content and legal implications of the releases was the responsibility of their own counsel.  Nextel had no duty or

---

[3] As discussed in detail at Section C, below, their failure to plead these special matters with specificity, as required by Rule and law, prevents them from pursuing such claims against Nextel. See, e.g., C.R.C.P. 9(b); Kilpatrick v. Miller, 135 P. 780, 782 (Colo. 1913) (necessary elements to an action of alleged fraud are jurisdictional; a complaint which omits them fails to state a cause of action).

<u>obligation</u> to instruct the Plaintiffs as to what they were agreeing by signing the General Release, and in fact, <u>could not communicate with them</u>. According to Colorado's Rules of Professional Conduct:

> [i]n representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the lawyer or is authorized by law to do so.

COLO. R. PROF'L COND. 4.2. Thus, <u>Nextel had no ability</u> – practically or legally – to have <u>ex parte</u> contact with Plaintiffs or to exercise any coercion or duress or otherwise defraud Plaintiffs. Moreover, if an individual claims that his or her attorney improperly coerced the execution of a release or settlement, the proper remedy is not a claim against the releasee, but a claim against his or her attorney. <u>Words v. United Parcel Serv.</u>, 1992 WL 230258 at **2 (10th Cir. 1992) (unpublished opinion). Thus, even if the Plaintiffs could demonstrate that they were defrauded or coerced into signing their respective releases, their claims are properly brought, if at all, against their former counsel, Leeds-Morelli, and not against Nextel.

In sum, Plaintiffs have made no adequate showing as to why the General Release should be set aside to allow their claims against Nextel. Under applicable law, even if they were able to demonstrate coercive or fraudulent conduct, their claims would be against Leeds-Morelli, not against Nextel. For these reasons, Plaintiffs have failed to state a claim against Nextel upon which relief can be granted, and dismissal is appropriate under C.R.C.P. 12(b)(5).

     2.   <u>Plaintiffs Have Ratified Their Settlement Agreements and the General Release</u>

Plaintiffs' claims against Nextel are subject to dismissal for yet another reason. Colorado law provides that, in order to challenge the validity of a contract for fraud, a party must elect

either to rescind the entire contract to restore the conditions existing before the agreement was made, or to affirm the entire contract and sue in tort to recover the difference between the actual value of the benefits received and the value of those benefits if they had been as represented. Trimble v. City & County of Denver, 697 P.2d 716, 723 (Colo. 1985) (en banc); Tisdel v. Central Sav. Bank & Trust Co., 6 P.2d 912, 917-18 (Colo. 1931) (One who is induced by fraudulent representations to enter into an agreement may, upon discovery thereof, rescind and tender back what he has received, or may affirm the agreement and sue in damages for deceit.).

The election to either rescind or affirm must be promptly made, and once made is final. Tisdel, 6 P.2d at 917-18; Gladden v. Guyer, 426 P.2d 953, 955-57 (Colo. 1967). The duty of rescinding arises immediately upon acquiring knowledge of the substantial and material facts constituting the fraud. Id. Accordingly, if a party knows of a fraud, the party cannot speculate upon the relative advantages and disadvantages of an agreement, derive benefit from the agreement, and thereafter repudiate all obligations under the agreement, claiming fraud. Trimble, 679 P. 2d at 723; Tisdel, 6 P.2d at 917-918; see also Bennett, supra, 189 F.3d at 1233, 1236-37 (district court properly held that even if releases were not knowing and voluntary, plaintiffs ratified them and could not challenge their validity because they did not "tender back" or return the severance benefits they received from their former employer before bringing the suit).

As discussed in more detail at Section III. B, below, Plaintiffs signed Individual Agreements on October 4, 2000, before they participated in the dispute resolution process, and before they signed their General Releases. The Individual Agreements state, inter alia, that the Plaintiffs were aware that Nextel was paying Leeds-Morelli attorneys' fees to compensate them

for their involvement in the arms-length Dispute Resolution Process ("DRP"), and that Nextel and Leeds-Morelli had entered into a Consultancy Agreement following the DRP. Plaintiffs, thereafter, went through the DRP, signed the General Release, and collected settlement payments of $15,000 each.

Plaintiffs now allege, albeit insufficiently, that these agreements amounted to fraud, based on a supposed lack of the very same information they acknowledged having received before they signed their Individual Agreements. To date, Plaintiffs have not rescinded the settlement and/or returned the settlement funds to Nextel. Thus, they have ratified the allegedly "fraudulent" agreements, and should not be allowed to continue with their fraud-based claims. See Tisdel, 6 P.2d at 917-918; Stoner v. Marshall, 358 P.2d 1021, 1023 (Colo. 1961).[4]

Because Plaintiffs have apparently ratified their individual settlement agreements with Nextel that they now allege were fraudulent, they have failed to state a claim upon which relief can be granted, and these claims against Nextel should be dismissed pursuant to C.R.C.P. 12(b)(5).

B.    Plaintiffs' Claims Are Time-Barred By Applicable Statutes of Limitations

Plaintiffs have advanced a number of claims against Nextel that exceed the applicable statutes of limitations. In particular, Plaintiffs' claims against Nextel for breach fiduciary duty,

---

[4] Neither have Plaintiffs adequately alleged a tort claim. Plaintiffs have not alleged their entitlement to any difference between the value of the benefits they received ($15,000 each) and the value of those benefits but for the alleged fraudulent inducements or misrepresentations. In fact, nowhere in their Amended Complaint do Plaintiffs specify what damages they have suffered as a result of the allegedly fraudulent settlement agreements. A plaintiff who elects to affirm a contract and sue in tort has the burden to "establish by a preponderance of the evidence that he has in fact suffered damage and that the evidence introduced provides a reasonable basis for computation of damages." Western Cities Broad., Inc. v. Schueller, 849 P.2d 44, 48 (Colo. 1993) (en banc). Damages cannot be based on mere speculation or conjecture. Id. Here, Plaintiffs merely state "Plaintiffs suffered harm and damages as a result of Defendants' fraud and participation in the conspiracy to defraud Plaintiffs." See Amended Complaint, Second Count. Such generalized statements do not meet the requirement that the Plaintiffs produce a reasonable basis for calculating damages.

tortious interference with contract, and negligent or intentional infliction of emotional distress are time-barred, and should be dismissed pursuant to C.R.C.P. 12(b)(1) for lack of subject matter jurisdiction.

In the First Count of their Second Amended Complaint, Plaintiffs charge Nextel with breach of fiduciary duty.[5]  In addition to the many substantive problems associated with this claim as against Nextel, it is also time-barred under Colorado law.  In Colorado, the statute of limitations for breach of fiduciary duty is three (3) years.  C.R.S. § 13-80-101.  On October 4, 2000, both McNeil and Ashton-Moore signed and notarized Individual Agreements which contained the following acknowledgements:

> I acknowledge and understand that, under paragraph 11 of the Dispute Resolution and Settlement Agreement, Nextel has agreed to pay an amount of money to LM&B to cover the attorneys' fees and expenses, other than expert fees, that Claimants might otherwise pay to LM&B and for which Claimants might otherwise reimburse LM&B for its representation of all Claimants through the Dispute Resolution Process, and for LM&B's services rendered in representing all Claimants through the expedited Dispute Resolution Process.  LM&B will not collect or seek to collect from any Claimant any attorneys' fees (contingent or otherwise) or expenses, other than expert fees, to which it might otherwise be entitled pursuant to an agreement between LM&B and Claimants or otherwise.  I hereby knowingly and voluntarily consent to this payment arrangement.

> I acknowledge and understand that, under paragraph 12 of the Dispute Resolution and Settlement Agreement, after the processing and resolution of my claims and all other Claimants' claims against the Companies, LM&B will be hired by Nextel to serve as a consultant to the Companies for a two-year period, to provide such assistance and legal advice to the Companies as they may request regarding their anti-discrimination and diversity policies and programs ("the Consultancy").  I further acknowledge and understand that such Consultancy presents a conflict of

---

[5] Presumably, Plaintiffs understand that they cannot credibly allege that Nextel owed a fiduciary duty to them, directly, and as such they have claimed in one omnibus count that Nextel "conspired" with Leeds Morelli in breaching its fiduciary duty to the Plaintiffs.  See Second Amended Complaint at Claims For Relief, First Count.

interest for LM&B, and hereby knowingly and voluntarily waive any objection to such conflict.

Individual Agreement at ¶ 3-4.

Undeniably, the plain language of these paragraphs alert Plaintiffs to the very agreements which they now allege amount to a breach of fiduciary duty the Leeds-Morelli lawyers may have owed to them. Even assuming that Plaintiffs had not learned of these provisions prior to the date of their signatures, any claims for breach of fiduciary duty had to have been brought no later than October 4, 2003. Plaintiffs' First Amended Complaint was dated October 6, 2003, and this Court deemed it filed as of November 4, 2003. Accordingly, Plaintiffs' claims against Nextel relating to breach of fiduciary are time-barred.

For these same reasons, Plaintiffs' unlawful trade practices claim (discussed in more detail at Section D.1., below) is untimely. Colorado's consumer protection statute requires that actions brought under the Act:

> must be commenced within three years after the date on which the false, misleading, or deceptive act or practice occurred or the date on which the last in a series of such acts or practices occurred or within three years of after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice. The period of limitation provided in this section may be extended for a period of one year if the plaintiff proves that the failure to timely commence the action was caused by the defendant engaging in conduct calculated to induce the plaintiff to refrain from or postpone the commencement of the action.

C.R.S. §6-1-115 (emphasis added). Here, there is and will be no showing that Nextel caused the Plaintiffs' failure file this claim no later than October 4, 2003.

Plaintiffs' claims against Nextel for tortious interference with contract and negligent or intentional infliction of emotional distress have similarly expired. The statute of limitations on

both of these claims is two (2) years in Colorado. <u>See</u> C.R.S. § 13-80-102. As discussed above,

Plaintiffs were made aware of the agreements that allegedly gave rise to these claims no later

than October 4, 2000. Plaintiffs were thus obliged to bring these claims no later than October 4,

2000, but instead, advanced these claims more than a year after the deadline for filing them

expired. Like the claim for breach of fiduciary duty, these claims are brought too late, and

should be dismissed for lack of subject matter jurisdiction.

**C.    Plaintiffs Have Not Adequately Alleged Their Fraud-Based Claims Against Nextel**

Plaintiffs' Second Amended Complaint does not contain the required elements for a

fraud-related claim against Nextel as required by applicable case law and the Colorado Rules of

Civil Procedure, and dismissal is required.

**1.    <u>Plaintiffs Have Not Set Forth Any of the Elements Required to Prove Fraud Through Concealment</u>**

A party alleging fraud through nondisclosure or concealment must show each of the

following elements:

(1)   the defendant concealed a past or present fact or failed to disclose a past or present fact which he had a duty to disclose;

(2)   the fact was material;

(3)   the defendant concealed it or failed to disclose it with the intent of creating a false impression of the actual facts in the mind of the plaintiff;

(4)   the defendant concealed or failed to disclose the fact with the intent that the plaintiff take a course of action he might not take if he knew the actual facts;

(5)   the plaintiff took such action or decided not to act relying on the assumption that the concealed or undisclosed fact did not exist or was different from what it actually was;

(6) the plaintiff's reliance was justified; and

(7) this reliance caused injuries, damages or losses to the plaintiff.

See C.J.I.-Civ. 19:2 (4th ed. 2003); see also Morrison v. Goodspeed, 68 P.2d 458, 477-78 (Colo. 1937) (same); Carpenter v. Donohoe, 388 P.2d 399, 400 (Colo. 1964) (same); Black v. First Fed. Sav. & Loan Ass'n, 830 P.2d 1103, 1113 (Colo. App. 1992) (same); Kopeikin v. Merchants Mort. & Trust Corp., 679 P.2d 599, 601-02 (Colo. 1984) (en banc) (same); Zimmerman v. Loose, 425 P.2d 803, 807 (Colo. 1967) (en banc) (there must a showing of a withholding of information, accompanied by a duty to inform); Ackmann v. Merchants Mort. & Trust Corp., 645 P.2d 7, 13 (Colo. 1982) (en banc) (that the defendant should have or might have known the material fact is not enough to meet this standard); Teodonno v. Bachman, 404 P.2d 284, 286 (Colo. 1965) ("In Colorado, it has been made patently clear that liability for fraud based on concealment of a latent soil defect cannot exist without proof of the defendant's actual knowledge of the fact allegedly concealed.") (emphasis in original).

Here, Plaintiffs' claims against Nextel fail as a matter of law because they do not allege any facts that would establish any of the other key elements of a fraudulent concealment claim:

- Nextel had no duty or obligation to Plaintiffs to inform them of any aspects of the Settlement Agreement or the consultancy;

- Plaintiffs do not – and cannot – allege any facts that even suggest that Nextel had such a duty;

- Because Plaintiffs were Nextel's adversaries in the settlement proceedings, not their clients, Nextel certainly had no duty to disclose the particulars of the agreements to the Plaintiffs, nor did Nextel have the ability, ethically, to ensure that they were so informed (See COLORADO RULES OF PROF'L CONDUCT 4.2, supra);

- Nowhere in Plaintiffs' Second Amended Complaint do they allege any facts which show that Nextel intended, planned or otherwise had knowledge that Plaintiffs were to be kept ignorant of the details of those agreements;

- Plaintiffs do not – and cannot – allege any facts that show a conspiracy between Nextel and Leeds-Morelli to defraud Plaintiffs in this regard; and

- Plaintiffs have not specified what, if any, damages resulted from their having acted on the alleged concealment.

Plaintiffs' obvious failure (and inability) to meet any of the basic requirements of a claim based on fraud through concealment or non-disclosure must result in dismissal of such claims.

2.    Plaintiffs Have Not Pled Their Fraud Claims With The Particularity Required By C.R.P.C. 9(b)

The Colorado Rules of Civil Procedure require that, "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." See C.R.C.P. 9(b). The necessary elements to an action of alleged fraud are jurisdictional, and a complaint which omits them fails to state a cause of action. Kilpatrick, supra, 135 P. at 782. Courts have consistently held that fraud is never presumed, and that a contract should not be voided for fraud unless the allegations and proof of fraud are clear and convincing. Goff v. Boma Inv. Co., 181 P.2d 459, 460 (Colo. 1947) (en banc); In re Holmes' Estate, 56 P.2d 1333, 1335 (Colo. 1936) (The one asserting fraud must prove it by evidence that is clear, precise, and indubitable); Hinshaw v. Hinshaw, 365 P.2d 815, 817 (Colo. 1961) (burden of proof to establish fraud and undue influence is upon him who asserts it, and it must be established by clear and satisfactory evidence).

Plaintiffs have failed to allege a single fact that would adequately support the claim that Nextel conspired with Leeds-Morelli to defraud the Plaintiffs. The Plaintiffs' allegations against

Nextel are merely conclusory statements devoid of any factual basis. For example, at paragraphs 73 and 79 of their complaint, Plaintiffs asserts that:

> . . . Nextel knew or should have known that the agreements were dishonest and unethical as to Plaintiffs . . . and that the agreements would necessarily cause the Leeds-Morelli lawyers to breach their professional and fiduciary duties to their clients, including Plaintiffs.
> . . .
>
> All of the Defendants intended to and did in fact conceal by dishonesty and fraud the true nature of the Nextel/Leeds-Morelli agreements from the clients of Leeds-Morelli, including Plaintiffs.

Second Amended Complaint, ¶ 73; 79; see also Second Amended Complaint, First and Second Counts. Such conclusory statements do not come close to the level of specificity that C.R.C.P. 9(b) requires for claims relating to fraud. Without the benefit of any particular allegations of the fraud claims brought against it, Nextel is unable to adequately respond to or defend itself against the claims.

Applicable case law and the Colorado Rules of Civil Procedure require that fraud-related claims be pled with specificity. As Plaintiffs have not met this fundamental requirement, they have failed to state a claim upon which relief may be granted, and their fraud-related claims against Nextel should be dismissed pursuant to C.R.C.P. 12(b)(5).

D. **Plaintiffs' Other Claims Are Unfounded And/Or Not Brought For Legitimate Purposes**

1. <u>Colorado's Consumer Protection Act Is Not Applicable Here</u>

Plaintiffs' Seventh Count purports to be a deceptive trade practices claim for violation of the Colorado Consumer Protection Act ("CCPA") brought against the Leeds-Morelli Lawyer Defendants and Nextel. Here, the untimely (see Section III. B., above) allegation is entitled "Deceptive Trade Practices – Lawyer Defendants and Nextel." <u>Nowhere</u> within the allegation,

however, do Plaintiffs allege that Nextel had any part in making the supposedly "false representations" to them:

> . . . <u>Leeds-Morelli and the Lawyer Defendants</u> violated the CCPA by knowingly making false representations to Plaintiffs, and making false representations which had the capacity to deceive Plaintiffs. <u>Said Defendants'</u> misrepresentations significantly impacted numerous Colorado residents, and residents of other states, particularly when <u>made by lawyers</u> who have the duty to conduct activities with good faith, honesty and utmost candor.

Second Amended Complaint at 20, Seventh Count (emphasis added).

Clearly, to the extent the CCPA claim is not properly alleged against Nextel, it should be dismissed. Furthermore, as explained in detail above, Nextel had no duty or ability to communicate at all with Plaintiffs during the DRP, and any allegation under the CCPA based on false or misleading representations or omissions, if actionable at all, should be brought against Leeds-Morelli and/or the Lawyer Defendants, only.

Most significantly, the CCPA does not apply to Nextel in this type of action. As announced in the plain language of the Act:

> A person engages in a deceptive trade practice when, in the course of such person's business, vocation, or occupation, such person: (a) . . . – (uu) . . . .

C.R.S. 6-1-105. Assuming, <u>arguendo</u>, Nextel made a false or misleading representation to Plaintiffs in the course of the DRP, <u>which it did not and could not</u>, the representations were not made in the course of Nextel's business, and Plaintiffs are not within the group of consumers intended to be included within the scope of the CCPA. Tellingly, Plaintiffs' CCPA allegation makes no reference to which provision of the statute Nextel (or Leeds-Morelli and the Lawyer

Defendants, for that matter) supposedly violated. Plaintiffs are unable to do so, as none of the actionable deceptive trade practices enumerated in the CCPA apply here.[6]

A plaintiff pursuing a private right of action under the CCPA must establish not only that the defendant engaged in a deceptive trade practice, but also that the defendant's challenged practice significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property. See Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc., 62 P.3d 142, 147-48 (Colo. 2003); Hall v. Walter, 969 P.2d 224, 234 (Colo. 1998) (en banc) ("'[O]ur prior cases have recognized that the CCPA 'is clearly enacted to control various deceptive trade practices in dealing with the public.'") (emphasis in original); Martinez v. Lewis, 969 P.2d 213, 222 (Colo. 1998) (en banc) (CCPA claim barred where alleged deceptions occurred only in context of physician's private agreement to provide services to insurer, and thus did not impact the public as consumers).

Common sense would dictate that the factual contents of a confidential settlement agreement do not, by any stretch of the imagination, fall within a even the broadest definition of "goods, service, or property" offered by Nextel. Moreover, because Plaintiffs' trade practice claim is brought on behalf of themselves only, their conclusory allegation that the misrepresentations "significantly impacted numerous Colorado residents, and residents of other states" is spurious for several reasons.

---

[6] Plaintiffs' general allegations and recitation to "C.R.S. 6-1-101 to 511" is not sufficiently specific to state a claim for relief against Nextel. Liberal notice pleading standards do not apply here, as claims pleaded under the CCPA must comply with the particularity requirements of C.R.C.P. 9(b). See C.R.C.P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."); Brooks v. Bank of Boulder, 891 F. Supp. 1469, 1480 (D. Colo. 1995) (applying C.R.C.P. 9(b) to a CCPA claim). The "particularity" required by C.R.C.P. 9(b) includes all of the material elements of an action in fraud. Kinsey v. Preeson, 746 P.2d 542, 550 (Colo. 1987) (emphasis added); see also Section III. C, above.

First, Plaintiffs do not bring their case as a class action on behalf of others, nor have they attempted to join additional plaintiffs. Second, the supposedly false representations by Leeds-Morelli and the Lawyer Defendants, if any, were directed at an extremely unique and limited group of people – those current and former employees of Nextel who were, through an attorney/client relationship with the very counsel who supposedly made the false representations, in the process of resolving and settling alleged claims threatened to be brought against Nextel. The CCPA was not intended to, and will not, remedy private injuries. Loughridge v. Goodyear Tire & Rubber Co., 192 F.Supp.2d 1175, 1185 (D. Colo. 2002). Factors to consider in assessing the public impact of an allegedly deceptive trade practice are:

(1) the number of consumers directly affected by the challenged practice;

(2) the relative sophistication and bargaining power of the consumers affected by the challenged practice; and

(3) evidence that the challenged practice previously impacted other consumers or has significant potential to do so.

Id.; see also Rhino Linings, supra, 62 P.2d at 149. Here, Plaintiffs cannot satisfy any of these factors. If ever there were a case where a remedy for an allegedly private wrong is sought, this is it. The contents of a confidential and individual settlement agreement entered into by and between an employee claimant and his or her former employer should never be construed as a communication of information (false and misleading or otherwise) that is directed to or intended for consumption by members of the general public.

Quite obviously, Plaintiffs bring their ill-conceived CCPA claim for one reason and one reason only – their hope that the threat of treble damages, attorney fees, costs, interest, and punitive damages will influence the course of the litigation in their favor. This thinly-veiled

attempt at enlarging their potential recovery by bringing a claim based on unfounded and poorly-alleged violations of an inapplicable statute is improper and should not be tolerated by the Court.

    2.    <u>Plaintiffs' Civil Conspiracy Claim Against Nextel Is Meritless and Should Be Dismissed</u>

In order to prevail on a claim of civil conspiracy in Colorado, the plaintiff must show by a preponderance of the evidence that: (1) two or more persons; (2) come to a meeting of the minds; (3) on an unlawful goal to be accomplished or an unlawful course of action to be followed; (4) and one or more overt unlawful acts are performed; (5) with damages as the proximate cause. <u>See</u> <u>Jet Courier Serv., Inc. v. Mulei</u>, 771 P.2d 486, 502 (Colo. 1989) (en banc); <u>see</u> <u>also</u> C.J.I.-Civ. 27:1 (4th ed. 2003). To establish a claim for civil conspiracy pursuant to Colorado statute, C.R.S. § 13-21-111.5(4),[7] the evidence must reveal some indicia of an agreement sufficient to prove that the defendants consciously conspired and deliberately pursued a common plan or design that resulted in a tortious act. <u>Loughridge</u>, <u>supra</u>, 192 F.Supp.2d at 1186; <u>Schneider v. Midtown Motor Co.</u>, 854 P.2d 1322, 1326-27 (Colo. App. 1992). Plaintiffs have not even mentioned, nor will they ever be able to prove, the essential elements of a valid claim for civil conspiracy on the part of Nextel and/or Leeds-Morelli.

    3.    <u>Plaintiffs' Commercial Bribery Claim Against Nextel Is Meritless and Should Be Dismissed</u>

Commercial bribery is a Class 6 felony offense in Colorado. C.R.S. § 18-5-401. Plaintiffs are without power to bring criminal charges. Nevertheless, and without citation to any authority to support such an allegation, Plaintiffs state in conclusory fashion:

---

[7] Plaintiff's allege no statutory basis for their "civil conspiracy" claim.

> [a]n implied civil remedy is consistent with the purposes of the provisions of section 18-5-401, C.R.S. (2002) . . . .
>
> . . .
>
> The legislature intended to create, albeit implicitly, a private right of action . . .

Second Amended Complaint at 23-24, Twelfth Count.

Furthermore, a commercial bribery claim cannot stand against Nextel, by the clear language of the statute:

> A person commits a class 6 felony if he solicits, accepts, or agrees to accept any benefit as consideration for knowingly violating or agreeing to violate a duty of fidelity to which he is subject as:
>
> (a) Agent or employee, or;
>
> (b) Trustee, guardian, or other fiduciary; or
>
> (c) Lawyer, physician, accountant, appraiser, or other professional adviser; or
>
> (d) Officer, director, partner, manager, or other participant in the direction of the affairs of an incorporated or unincorporated association; or
>
> (e) Duly elected or appointed representative or trustee of a labor organization or employee welfare trust fund; or
>
> (f) Arbitrator or other purportedly disinterested adjudicator or referee.

C.R.S. § 18-5-401(1). As discussed above, Nextel is not a "person" that could have possibly owed any duty of fidelity to these Plaintiffs, nor does Nextel fit any of the enumerated statutory categories. The unfounded commercial bribery claim against Nextel must be dismissed.

### E.    Plaintiffs Claims Against Nextel Are Not Well Grounded in Fact and/or Warranted By Existing Law

Before filing and serving a complaint, the attorney signing the pleading is required to make a reasonable inquiry to determine that, to the best of his or her knowledge, information and belief, it is reasonably grounded in fact and is warranted by existing law or a good faith argument

for the extension, modification or reversal of existing law. C.R.C.P. 11(a); see also Stearns Mgmt. Co. v. Missouri River Serv., Inc., 70 P.3d 629, 632 (Colo. App. 2003). A court may award reasonable attorney fees against any attorney or party who has brought a civil action, either in whole or in part, that the court determines lacked substantial justification. C.R.S. § 13-17-102(2); Stearns, 70 P.3d at 633.

Here, Plaintiffs' Second Amended Complaint as against Nextel lacks substantial justification and is not well grounded in fact or existing law. An award of Nextel's attorney fees expended in responding to the claims is appropriate.

## IV.    CONCLUSION

WHEREFORE, for all the reasons set forth above, Defendant Nextel Communications, Inc. requests that each of the claims against it in Plaintiffs' Second Amended Complaint be dismissed with prejudice and in their entirety.

DATED this 9th day of April, 2004.

Respectfully submitted,

Daniel S. Hoffman, #1983
Anthony L. Giacomini, #26057
HOFFMAN REILLY POZNER &
    WILLIAMSON LLP
511 Sixteenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 893-6100

ATTORNEYS FOR DEFENDANT
NEXTEL COMMUNICATIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2004, a true and accurate copy of the foregoing NEXTEL COMMUNICATIONS, INC.'s MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT was served on the following and in the manner indicated below:

William A. Richardson, Esq.
RICHARDSON LAW OFFICE
The Oxford Building
1616 – 17th Street, Suite 566
Denver, CO  80202

□  Via U.S. Mail, postage pre-paid

□  Via facsimile (303) 628-5440

☒  Via hand-delivery


Michael T. McConnell, Esq.
Traci Van Pelt, Esq.
McCONNELL SIDERIUS FLEISCHNER
HOUGHTALING & CRAIGMILE, LLC
2401 15th Street, Suite 300
Denver, CO  80202

□  Via U.S. Mail, postage pre-paid

□  Via facsimile (303) 458-9520

☒  Via hand-delivery


_Tam Walsh_