EXHIBIT J

DISTRICT COURT

CITY AND COUNTY OF DENVER, COLORADO

cc: D. Hoffman who
SHALL IMMEDIATELY serve a
copy to all counsel / parties
pursuant to CRCP 5.

Plaintiffs:

DENISE McNEIL and ALENCIA ASHTON-MOORE

Defendants:

LEEDS, MORELLI & BROWN, P.C., a New York
professional service corporation; LENARD LEEDS;
STEVEN A. MORELLI; JEFFREY K. BROWN;
JAMES VAGNINI; SUSAN FITZGERALD;
RICK OSTROVE; BRIAN MAZZOLA; NANCY
NOWELL; ERIN GLEASON; LISA
CALVACCA; NEXTEL COMMUNICATIONS,
INC., a Delaware corporation; and JOHN AND
JANE DOES 1-10

▲   COURT USE ONLY   ▲

Case Number:

03 CV 893

Courtroom 2

ORDER RE:    DEFENDANT NEXTEL COMMUNICATION, INC.'S
MOTION TO DISMISS PLAINTIFFS' SECOND
AMENDED COMPLAINT

THE COURT having considered defendant Nextel Communications, Inc.'s motion to dismiss, the response, the reply, the court file and relevant authorities, and being sufficiently advised in the premises, finds, concludes and orders as follows.

1.    This case arises out of a settlement agreement (DRSA) entered into between plaintiffs and defendant, Nextel Communications, Inc. ("Nextel") purportedly settling work place discrimination claims by plaintiffs against Nextel. Plaintiffs contend that Nextel essentially paid off plaintiffs' attorneys in the discrimination suit to enter into a settlement unconscionably favorable to Nextel at the expense of the plaintiffs. Nextel moves to dismiss all of the claims asserted in plaintiffs' Second Amended Compliant on various grounds pursuant to C.R.C.P. 12(b)(1) and C.R.C.P. 12(b)(5). The only stated ground for dismissal based on C.R.C.P. 12(b)(1) is that plaintiffs' claims were not filed within the applicable statutes of limitations. Because the limiting statutes in question are statutes of limitations, rather than statutes of repose, C.R.C.P. 12(b)(5) applies. Therefore, the court treats the motion in its entirety as a motion to dismiss pursuant to C.R.C.P. 12(b)(5).

2.     A motion to dismiss pursuant to C.R.C.P. 12(b)(5) for failure to state a claim should not be granted unless, viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that: (a) plaintiff can prove no set of facts in support of a claim which would entitle plaintiff to relief; and (b) there is no legal theory under which the factual allegations would entitle plaintiff to relief. See Dunlap v. Colorado Springs Cablevision, Inc., 829 P.2d 1286, 1290-1291 (Colo. 1992). Further, under C.R.C.P. 8(a), a complaint need not recite all of the facts which support a claim but need only give notice of the claim asserted. Elliott v. Colorado Department of Corrections, 865 P.2d 859, 861 (Colo. App. 1993).

3.     Nextel first moves to dismiss all of plaintiffs' claims contending that plaintiffs have voluntarily given up their right to sue Nextel by plaintiffs' execution of a General Release which was part of what plaintiffs allege was the fraudulently induced DRSA. The court denies the motion on this ground for several reasons. First, reliance on the release to defeat plaintiffs' claims is an affirmative defense not yet formally raised in the pleadings and not properly the subject of a Rule 12(b)(5) motion. In addition, the determination of whether the release bars plaintiffs' claims calls for consideration of matters outside of the pleadings including: whether a document entitled an "Individual Agreement" defeats plaintiffs' claim of fraudulent inducement; whether that document was executed prior to execution of the DRSA; and whether plaintiffs by their conduct have elected to affirm the DRSA.

4.     Nextel next contends that plaintiffs' claims are barred by the applicable statutes of limitations. As stated above, since the statutes in question are statutes of limitation, rather than statutes of repose, Rule 12(b)(5), rather than Rule 12(b)(1) applies. The point at which a cause of action accrues for purposes of a statute of limitations is a fact-based question. Nextel has not demonstrated that plaintiffs can prove no set of facts that would bring their claims within the statute of limitations. See Dunlap, supra. In addition. to the extent that Nextel's argument is based upon plaintiffs' execution of the Individual Agreement it calls for considerations of matters outside of the pleadings and may not be addressed under Rule 12(b)(5).

5.     Nextel next contends that plaintiffs have not adequately alleged their fraud-based claims against Nextel as required by C.R.C.P. 9(b). The court disagrees. Plaintiffs' fraud-based claims are based on the allegation that Nextel failed to disclose an alleged $7.5 million "payoff" to plaintiffs' attorneys in the Nextel lawsuit which, if known to the plaintiffs, would have caused plaintiffs to reject the DRSA. Although the second amended complaint lacks organization and in some instances appears to merge several claims into a single count contrary to C.R.C.P. 10(b), the court finds that it does satisfy the requirements of C.R.C.P. 9(b) for claims of fraud based on nondisclosure. Among other paragraphs, paragraph 3 of plaintiffs' Second Count (Fraud -- Lawyer Defendants and Nextel) sets forth the alleged "payoff" of plaintiffs' former attorneys by Nextel. Paragraphs 70-79, among others, state sufficient particulars to meet the requirements of C.R.C.P. 9(b).

6.     The court also rejects Nextel's argument that plaintiffs' fraud claims based on nondisclosure must be dismissed because Rule 4.2 of the Colorado Rules of Professional Conduct (CRPC) prohibited Nextel from contacting plaintiffs, who were represented by counsel, directly. The Colorado Rules of Professional Conduct are rules governing the conduct of attorneys, not substantive law governing the conduct of parties to a contract. See Preamble to CRPC. Contracts are ordinarily formed through communications between the parties either

directly, or through counsel. The court also rejects Nextel's argument that Nextel had no obligation to disclose anything to the plaintiffs because that obligation was solely that of plaintiffs' attorneys. A party to a contract whose nondisclosure amounts to concealment of a material fact may be liable in tort for the misrepresentation. See Calamari & Perillo, The Law of Contracts, §9-20, at 367 (3d ed. 1987); Restatement (Second) of Contracts, §§159, 161, and 162; Trimble v. City and County of Denver, 697 P.2d 717, 723-724 (Colo. 1985).

7.    The court grants Nextel's motion to dismiss plaintiffs' Seventh Count (Deceptive Trade Practice under the Colorado Consumer Protection Act ("CCPA")), as it relates to Nextel. The CCPA by its terms is intended to protect the consuming public against deceptive trade practices. The basis for all of plaintiffs' claims, including the CCPA claim, is Nextel's allegedly paying off plaintiffs' attorneys in the Nextel suit to enter into the DRSA which allegedly greatly favored Nextel, and Nextel's failure to disclose the alleged payoff to the plaintiffs in entering into the DRSA. The list of deceptive trade practices in §6-1-105, although not exclusive, clearly demonstrates that the deception must relate to goods, services or property provided to the public by one charged under the CCPA. The deceptive trade practice relied upon by plaintiffs in their response to this motion, §6-1-105(1)(e), which appears to come the closest to Nextel's alleged misconduct, proscribes in relevant part, knowingly making false representations with regard to the characteristics, ingredients, uses, benefits, alterations, or quantities of goods, foods, services or property or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith. The court concludes that based on the allegations in the Second Amended Complaint purporting to set forth Nextel's deceptive practice, i.e. the payoff and nondisclosure described above, plaintiffs could prove no set of facts which would bring that conduct within subsection (1)(e) or any other section of §6-1-105. Settlement agreements are not goods, services, or property which Nextel provides to the consuming public. Accordingly, the court orders that plaintiffs' Seventh Count for deceptive trade practice as it relates to Nextel is hereby dismissed.

8.    Plaintiffs have conceded that there is no civil claim for commercial bribery and does not oppose the motion to dismiss the Twelfth Count. Accordingly, the Twelfth Count is dismissed as to Nextel.

9.    Plaintiffs' Seventh and Twelfth Counts are dismissed as to Nextel. Nextel's motion to dismiss is otherwise denied.

SO ORDERED.

Dated this 25 day of June, 2004.

BY THE COURT:

John N. McMullen
District Court Judge

cc:    All parties.