# EXHIBIT K

E-FILED IN DENVER
DISTRICT COURT
DENVER, COLORADO

NOV -9 2006

| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>1437 Bannock Street<br>Denver, Colorado 80202-5385 | |
|---|---|
| DENISE McNEIL and ALENCIA ASHTON-MOORE<br><br>Plaintiffs,<br><br>v.<br><br>LEEDS, MORELLI & BROWN, P.C., et al,<br><br>Defendants. | COURT USE ONLY |
| TREECE, ALFREY, MUSAT & BOSWORTH, P.C.<br>Michael L. Hutchinson, No. 20853<br>Talya C. Zuckerman, No. 37265<br>999 18th Street, Suite 1600<br>Denver, Colorado 80202<br>Telephone: (303) 292-2700<br>Fax: (303) 295-0414<br>e-mail: hutch@tamblaw.com<br>*for Defendants Susan Fitzgerald, Nancy Nowell, Erin Gleason, Rick Ostrove and Lisa Calvacca Marcus* | Civil Action No.<br>Division 2 |
| **LMB ATTORNEYS' MOTION TO DISMISS PLAINTIFFS' FIRST CLAIM FOR RELIEF FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** | |

Defendants Susan Fitzgerald, Rick Ostrove, Nancy Nowell, Erin Gleason, and Lisa Calvacca Marcus (collectively, "LMB Attorneys"), by and through their attorneys Treece, Alfrey, Musat & Bosworth, P.C., hereby move the Court, pursuant to C. R. Civ. P. 12(b)(5), to enter an Order dismissing Plaintiffs' First Claim for Relief.

The undersigned certifies, pursuant to C. R. Civ. P. 121 § 1-15(8), that she has not consulted with Plaintiffs' counsel prior to filing this motion, in light of the relief sought.

In support of this Motion, LMB Attorneys state as follows:

1. In this lawyers professional liability action, Plaintiffs Denise McNeil and Alencia Ashton-Moore contend that the Defendants did not zealously prosecute their claims and that Defendants entered into an agreement with Nextel that limited their representation to Plaintiffs. Plaintiffs allege that Defendants did not advise them properly and that they were thus denied a proper outcome. (*See generally*, Fourth Amended Compl. ¶¶ 26-46).

1

2. A plaintiff's complaint must be dismissed under C. R. Civ. P. 12(b)(5) if it appears that she is entitled to no relief under any statement of facts which may be proved in support of the claims. *People ex rel. Kinsey v. Sumner*, 525 P.2d 512, 513 (Colo. 1974). A motion to dismiss under Rule 12(b)(5) must be decided strictly on the allegations of the complaint. *Shaw v. City of Colorado Springs*, 683, P.2d 385, 387 (Colo. App. 1984).

3. In their First Claim for Relief, Plaintiffs allege that LMB Attorneys engaged in extreme and outrageous conduct, that they did so recklessly or with the intent of causing Plaintiffs severe emotional distress, and that they did in fact cause Plaintiffs severe emotional distress. (*Id.* ¶¶ 57-60).

4. In Colorado, one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress to another, and if bodily harm to the other results from it, for such bodily harm. *Churchey v. Adolph Coors Co.*, 759 P.2d 1336, 1350 (Colo.1988). Outrageous conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Destefano v. Grabrian*, 763 P.2d 275, 286 (Colo. 1988). It requires that the conduct be undertaken recklessly or with an intent to cause the plaintiff severe emotional distress. *Munoz v. State Farm Mut. Auto. Ins. Co.*, 968 P.2d 126, 129 (Colo. App. 1998).

5. Consistent with Restatement (Second) of Torts § 46 (1965), the tort of outrageous conduct requires proof of the following three prima facie elements: (1) that the defendant engaged in extreme and outrageous conduct; (2) that the defendant engaged in the conduct recklessly or with the intent of causing the plaintiff severe emotional distress; and (3) that the plaintiff incurred severe emotional distress which was caused by the defendant's conduct. *Culpepper v. Pearl Street Bldg., Inc.*, 877 P.2d 877, 882 (Colo. 1994).

6. Plaintiffs' complaint fails to allege sufficient facts to establish, even if proven true, the first prima facie element: outrageousness. The trial court serves a special gatekeeping role on claims of outrageous conduct. It is the responsibility of the trial court to determine as a threshold matter whether the conduct alleged in the complaint is "sufficiently heinous to create a submissible claim." *Bauer v. Southwest Denver Mental Health Ctr., Inc.*, 701 P.2d 114, 118 (Colo. Ct. App. 1985). The tort of "outrageous conduct" is a distinct and peculiar cause of action reserved for those rare cases in which truly reprehensible conduct is alleged to have occurred. As such, Colorado courts have readily dismissed claims of outrageous conduct when the alleged conduct was undoubtedly awful, and which indeed may have given rise to other claims, but which nevertheless did not rise to the extraordinary level required to properly allege a claim for outrageous conduct. *See; English v. Griffith*, 2004 WESTLAW 583725 (Colo. Ct. App. Mar. 25, 2004) (where the defendant was aware of the decedent's suicidal thoughts and continued an argument when the decedent was in a fragile state, the conduct was not sufficiently outrageous to support a claim for relief); *Hansen v. Hansen*, 608 P.2d 364 (Colo. Ct. App. 1979)(parental discipline that denied a child the necessities of food, shelter, and water was not sufficiently outrageous); *Corcoran v. Sanner*, 854 P.2d 1376, 1381 (Colo. Ct. App. 1993)(a contractor's failure to inform building residents of the presence of high amounts of asbestos in the building

was not sufficiently outrageous); *Bauer v. Southwest Denver Mental Health Ctr., Inc.*, 701 P.2d 114, 118 (Colo. Ct. App. 1985)(failure to conduct a proper psychiatric evaluation that resulted in the death of a patient was not sufficiently outrageous).

7. If the allegations of a plaintiff's complaint, even if ultimately proven true, would still not reasonably permit a jury to find that outrageous conduct occurred, the court may dismiss the claim pursuant to C. R. Civ. P. 12(b)(5). *Hewitt v. Pitkin County Bank & Trust Co*, 931 P.2d 456, 459 (Colo. App. 1995), *cert. denied* Feb. 18, 1997. One significant factor to be considered is whether the complaint contains "separate factual allegations for the outrageous conduct claims which differ from the factual allegations related to [the plaintiff's] other claims." *Id.*

8. Plaintiffs Complaint does not allege even minimal factual support for the required elements of their claims for relief for outrageous conduct. They have alleged no facts that any of the Defendants acted in a manner that would rise to the level of extreme and outrageous conduct. Furthermore, Plaintiffs have not named LMB Attorneys specifically in any of their general allegations. The First Claim for Relief alleges outrageous conduct against *all Defendants* but does not make any specific allegations against LMB Attorneys here or anywhere in the Complaint regarding outrageous conduct. The general allegations stated in paragraphs 26 through 50 of Plaintiffs Fourth Amended Complaint make specific allegations against certain Defendants, but only one of these paragraphs (¶ 33) even mentions a single one of the LMB Attorneys. Said paragraph states only that LMB Attorneys were retained by Plaintiffs to represent them zealously. (*Id.* ¶¶ 33).

9. Because a motion to dismiss under 12(b)(5) must be decided strictly on the allegations of the Complaint, Plaintiffs First Claim for Relief for outrageous conduct must be dismissed on these grounds for two reasons: (1) there are no allegations pertaining to LMB Attorneys; and (2) any claims against "all defendants" fails because the Complaint alleges no facts which rise to the level of "outrageous conduct" under Colorado law, even if such allegations were proven true, which of course these defendants deny. Plaintiffs can prove no set of facts entitling them to the requested relief.

WHEREFORE, Defendants Susan Fitzgerald, Rick Ostrove, Nancy Nowell, Erin Gleason, and Lisa Calvacca Marcus pray that the Court enter an Order dismissing Plaintiffs First Claim for Relief as failing to state a claim upon which relief can be granted pursuant to C. R. Civ. P. 12(b)(5).

Date: November 9, 2006

TREECE, ALFREY, MUSAT & BOSWORTH, P.C.

*[signed original on file at office of counsel]*
Talya C. Zuckerman, No. 37265
*for Defendants Susan Fitzgerald, Rick Ostrove, Nancy Nowell, Erin Gleason and Lisa Calvacca Marcus*