# EXHIBIT G

Roper & Twardowsky, LLC
77 Jefferson Place
Totowa, New Jersey 07512-2614
(973) 790-4441

Houston & Totaro
Attorneys-at-Law
56 Broad Street, Suite 1
Bloomfield, N.J. 07003
(973) 748-4580
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL S. JOHNSON, DONNA DYMKOWSKI, PATRICIA LONG-CORREA, ANTONIO SAMUEL, VINCENT HALL, ANGELETTE WATERS, Individually, and on behalf of the Class,<br><br>Plaintiffs,<br><br>vs.<br><br>NEXTEL COMMUNICATIONS, INC., a Delaware Corporation; LEEDS, MORELLI & BROWN, P.C.; LENARD LEEDS, STEVEN A. MORELLI, JEFFREY K. BROWN; JAMES VAGNINI; FREDERIC DAVID OSTROVE; BRYAN MAZOLLA; SUSAN FITZGERALD; AND JOHN AND JANE DOES 1-10 (a fictitious designation for presently unknown Defendants),<br><br>Defendants. | CIVIL ACTION NO. 06-5547 (DMC) (MF)<br><br>CERTIFICATION OF DONNA DYMKOWSKI |

Donna Dymkowski, of full age, certifies as follows:

1. I am a Plaintiff in the above referenced matter. I make this Certification in opposition to the Defendants' Motions to Dismiss and to Change Venue.

2. Leeds-Morelli advertised they were having meetings of Nextel employees at a hotel in Lyndhurst, New Jersey, regarding bringing claims against Nextel. At these meetings, Leeds-Morelli encouraged me to retain them in order to initiate a lawsuit against Nextel on the basis of my claims of race and sex discrimination against my employer, Nextel. I was employed by Nextel in New Jersey.

3. I signed a retainer agreement with Leeds-Morelli in New Jersey and signed an individual agreement on October 10, 2000 at the same hotel in Lyndhurst, New Jersey. I signed this agreement after receiving a Highlights of Settlement Agreement with Nextel. I never knew that there was a separate settlement agreement, and the Defendants never presented me with a copy of same. I note that the individual agreement does not indicate the date of the settlement agreement, nor does it disclose the amount of money that Leeds-Morelli were being paid. The individual agreement indicates that Leeds-Morelli are going to be paid in lieu of the retainer agreement they executed with me. I only would learn in 2003 that Leeds-Morelli's compensation was paid nearly three times what the clients it was representing recovered in this process after they were paid millions of dollars by Nextel to keep our claims out of court.

4. As I stated in Paragraph 2 of my Certification, I retained Leeds-Morelli in New Jersey to bring my claims based on my employment in New Jersey with Nextel. I met with Leeds-Morelli on several occasions at the hotel in Lyndhurst. I also met with Leeds-Morelli at the offices of Jackson Lewis in Morristown and at the offices of the American Arbitration Association on Davidson Avenue in Somerset, New Jersey.

5. When I signed a release in 2001 releasing my claims, I was unaware of the compensation Leeds-Morelli had been paid by Nextel. I did not known that Leeds-Morelli were being paid an amount of money wholly unrelated to the amount of money collected for me and the rest of the

clients. It was only after seeing news report of November 2002 of Leeds-Morelli's unethical activities in another case that I contact my current attorneys in 2003 and learned of the existence of the Dispute Resolution and Settlement Agreement and of Leeds-Morelli's 7.5 million dollar payment by Nextel.

    I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                                    _____
                                                  Donna Dynikowski

Dated: Jan. 24th, 2007