**SUSSMAN & WATKINS**
40 Park Place
Goshen, New York 10924
(845) 294-3991

**ROPER & TWARDOWSKY, LLC**
77 Jefferson Place
Totowa, New Jersey 07512-2614
(973) 790-4441

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL S. JOHNSON, DONNA DYMKOWSKI, PATRICIA LONG-CORREA, ANTONIO SAMUEL, VINCENT HALL, ANGELETTE WATERS, Individually, and on behalf of the Class,<br><br>    Plaintiffs,<br><br>vs.<br><br>NEXTEL COMMUNICATIONS, INC., a Delaware Corporation; LEEDS, MORELLI & BROWN, P.C.; LENARD LEEDS, STEVEN A. MORELLI, JEFFREY K. BROWN; JAMES VAGNINI; FREDERIC DAVID OSTROVE; BRYAN MAZOLLA; SUSAN FITZGERALD; AND JOHN AND JANE DOES 1-10 (a fictitious designation for presently unknown Defendants),<br><br>    Defendants. | Civil Action No.:<br>1:07cv08473 (GBD) |

**SUPPLEMENTAL MEMORANDUM IN FURTHER OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .............................................. 1

INTRODUCTION ........................................................ 1

LEGAL ARGUMENT ...................................................... 1

I.   THE DECISION TRANSFERRING VENUE DOES NOT DICTATE
     THE APPLICATION OF NEW YORK LAW ................................ 1

II.  THE ULTIMATE DISPOSITION OF THE McNEIL V. NEXTEL SUIT
     AFTER DISCOVERY AND TRIAL HAS NO BEARING ON THE FACT
     THAT THE CLAIMS PLEAD BY THE PLAINTIFFS ARE SUFFICIENT
     STATED CAUSES OF ACTION AGAINST THE DEFENDANTS ................. 3

III. THERE IS NO IDENTIFIABLE DIFFERENCE BETWEEN NEW YORK
     AND NEW JERSEY LAW ON ANY POINT WHICH WOULD CAUSE THIS
     COURT TO DISMISS A CAUSE OF ACTION BECAUSE OF THE
     APPLICATION OF NEW YORK LAW AS OPPOSED TO NEW JERSEY LAW ..... 4

CONCLUSION .......................................................... 5

## TABLE OF AUTHORITIES

*Cases*

In the Matter of Jackman, 165 N.J. 580, 587 (2000) .................................. 5

Florida State Bar v. St. Louis, 967 So. 2d 108 (2007) ................................ 5

Niagara Mohawk Power Corp. v Fried,
265 A.B. 2d 938, 696 N.Y.S. 2d 600 (N.Y.A.D. 4 Dept.) ........................... 4

*Statutes*

N.J.S.A. 2C:21-22 .................................................................. 4

N.J.S.A. 2C:41-1A(1)(o) ............................................................ 5

## PRELIMINARY STATEMENT

Plaintiffs, Michael S. Johnson, Donna Dymkowski, Patricia Long-Correa, Antonio Samuel, Vincent Hall, Angelette Waters, individually, and on behalf of the Class, hereby submit this Supplemental Memorandum in lieu of a more formal brief in further opposition to Defendants' Motion to dismiss Plaintiffs' Complaint. Plaintiffs' original opposition papers are attached as Exhibits A through G to the accompanying Declaration of Kenneth S. Thyne.

## INTRODUCTION

The New Jersey District Court's granting of the Motion to Transfer Venue does not change the substantive law to be applied in this matter. It is undisputed that each of the Plaintiffs, individually and on behalf of the Class, were employed by Defendant Nextel in New Jersey and that they were solicited and met with Leeds, Morelli & Brown in the state of New Jersey, although Leeds, Morelli & Brown are not licensed to practice law in that state. The three supplemental submissions submitted by the Defendants illustrate that with a solitary exception that there is no significant difference between the application and New Jersey and New York law to Plaintiffs' claims. This Supplemental Memorandum will address that one difference. In addition, Plaintiffs will rely upon those papers submitted in opposition to the Motions when they were pending in the United States District Court in New Jersey.

## LEGAL ARGUMENT

### I. THE DECISION TRANSFERRING VENUE DOES NOT DICTATE THE APPLICATION OF NEW YORK LAW

The fundamental principle underlying the Defendants' submission, that New York law governs this action because of the Defendants' successful Motion to Transfer Venue, simply will not

1

withstand examination. In his Opinion attached to the Supplemental Declaration of Shari Claire Lewis, Esq., as Exhibit A, Judge Cavanaugh indicated that the Motion to Transfer Venue was granted, *inter alia*, because it would be easier for Plaintiffs to enforce their judgment in New York, because of the allegations of attorney misconduct, and because "a New York jury would have a greater interest in the outcome than a New Jersey jury because New York has an interest in regulating attorneys admitted to practice in New York." Judge Cavanaugh went on to note, "The instant case is a diversity action that may involve complex choice of law issues. In diversity actions, Federal Courts apply the conflict of law principles of the forum in order to determine which substantive law applies." The Court then found a New York Court would be in a better position than a New Jersey Court to address these complex choice of law issues, but at no time did Judge Cavanaugh find that New York law applied, and, indeed, left the choice of law decisions for future determination.

It is plain from Plaintiffs' Complaint that the law of New Jersey is appropriate. Each of the Plaintiffs, whose claims are plead individually and on behalf of the Class, are residents of New Jersey and concern activities that took place within the state of New Jersey. Indeed, the DRSA Defendants contend insulates them from liability for their conduct here sets forth at Paragraph 16 that it is to be governed by and interpreted in accordance with the laws of the Commonwealth of Virginia applicable to agreements made and to be performed within such Commonwealth of Virginia without regard to principles of conflict of law." Plaintiffs do not agree that this provision in an agreement procured by fraud is enforceable to Plaintiffs, but simply point out that the choice of law issues here were not expressly decided by Judge Cavanaugh when he transferred venue, and New York law will not necessarily govern. However, for purposes of a Motion to Dismiss, the differences

2

between as reflected in Defendants' supplemental papers are minor. The changing of venue does not change the fact that each of the individual Plaintiffs, as set forth in their Certifications, that all of their contact with these Defendants were in the state of New Jersey. Thus, should the Court find any differences as to the application of law to the Class now or in the future, said differences would have no bearing on the Plaintiffs' individual claims.

## II. THE ULTIMATE DISPOSITION OF THE McNEIL V. NEXTEL SUIT AFTER DISCOVERY AND TRIAL HAS NO BEARING ON THE FACT THAT THE CLAIMS PLEAD BY THE PLAINTIFFS ARE SUFFICIENT STATED CAUSES OF ACTION AGAINST THE DEFENDANTS

The Defendants rely upon events that took place in the McNeil v. Leeds, Morelli & Brown litigation subsequent to the filing of the Motion to Dismiss in this action which have no bearing on the issues before the Court. As Plaintiffs set forth in the original opposition papers, the Defendants made a Motion to Dismiss pending in Colorado which mirror the identical grounds asserted here and said Motion was denied. The Motion had a greater chance of success in Colorado than in this action in that the plaintiffs, McNeil and Moore, in Colorado were not simply clients of Leeds, Morelli & Brown as the Plaintiffs are here, they were also employees of Leeds, Morelli & Brown with responsibilities for implementing the "Dispute Resolution" set up by the Defendants with Defendant Nextel.

The subsequent granting of summary judgment to Nextel after discovery in Colorado litigation has no bearing here. First, the Plaintiffs have not received such discovery. Second, as can be seen by reviewing the Order appended as Exhibit A to Nextel's Supplemental Memorandum, the Motion for Summary Judgment was largely unopposed by McNeil's attorney for reasons that are not disclosed on the record. The Colorado Court noted at Paragraph 5 of its Order that in their response

3

the McNeil Plaintiffs "rather than address the specific arguments asserted by Nextel in its Motion, Plaintiffs merely incorporate by reference a large number of previously filed voluminous pleadings and exhibits. Such a response requires the Court not only to search for relevant portions of the other pleadings, but also, in essence, to make Plaintiffs' arguments on their behalf. The Court finds, therefore, that Plaintiffs' response is legally insufficient as a matter of law. (Citations omitted). Plaintiffs' response to Nextel's Motion for Summary Judgment is hereby STRICKEN, as such the Court deems the facts as presented by Nextel in its Motion to be undisputed."

Here, as set forth in the papers filed in the United States District Court of New Jersey, Plaintiffs vigorously opposed this Motion to Dismiss and the facts therein are contested. As to the trial in the McNeil case, again, this has no binding effect on the Plaintiffs and should have no effect on this Motion. It is Plaintiffs' understanding that the McNeil matter is currently on appeal.

### III. THERE IS NO IDENTIFIABLE DIFFERENCE BETWEEN NEW YORK AND NEW JERSEY LAW ON ANY POINT WHICH WOULD CAUSE THIS COURT TO DISMISS A CAUSE OF ACTION BECAUSE OF THE APPLICATION OF NEW YORK LAW AS OPPOSED TO NEW JERSEY LAW

Defendants' statement that there is no cause of action for commercial bribery in New York is simply not true. Authority is split on this point. "Contrary to Defendants' contention, commercial bribery can constitute a civil cause of action." Niagara Mohawk Power Corp. v. Fried, 265 A.B. 2d 938, 696 N.Y.S. 2d 600 (N.Y.A.D. 4 Dept.). Similarly, the Defendants' allegations regarding there being no activities in New Jersey concerning RICO will not withstand a comparison with the pleadings. Among other things, the Plaintiffs allege that Defendant, Leeds, Morelli & Brown, solicited employees employed by Nextel in New Jersey and engaged in the unauthorized practice of law in violation of N.J.S.A. 2C:21-22. That statute provides: "A person is guilty of a crime in the

4

fourth degree if the person knowingly engaged in the unauthorized practice of law and (1) creates or reenforces a false impression that the person is licensed to engage in the practice of law; or (2) derives a benefit; or (3) in fact, causes injury to another." The unauthorized practice of law constitutes "racketeering activity" under N.J.S.A. 2C:41-1A(1)(o). The claim that Defendant, Leeds, Morelli & Brown, could go into New Jersey without law licenses, solicit clients therein, given them advice as to whether or not they should waive their right to bring their claims in court or instead should enter into an ADR process with their New Jersey employer is the unauthorized practice of law. In the Matter of Jackman, 165 N.J. 580, 587 (2000).

It is submitted that under any state's law the unholy relationship entered into between the Defendants here as alleged in the Complaint would survive a Motion to Dismiss. *See* Florida State Bar v. St. Louis, 967 So. 2d 108 (2007).

## CONCLUSION

For the foregoing reasons, and for the reasons contained in Plaintiffs' initial opposition briefs, Defendants' Motion should be denied.

Dated: April 4, 2008

    Respectfully submitted:

    ROPER & TWARDOWSKY, LLC

    By: /s/ Kenneth S. Thyne
    Kenneth S. Thyne, Esq.
    For Plaintiffs, Michael S. Johnson, Donna
    Dymkowski, Patricia Long-Correa, Antonio Samuel,
    Vincent Hall, Angelette Waters, individually, and on
    behalf of the Class
    77 Jefferson Place
    Totowa, New Jersey 07512
    (973) 790-4441