UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MICHAEL S. JOHNSON, DONNA DYMKOWSKI, PATRICIA LONG-CORREA, ANTONIO SAMUEL, VINCENT HALL, ANGELETTE WATERS, Individually, and on behalf of the Class,

Plaintiffs,

-against-

NEXTEL COMMUNICATIONS, INC., a Delaware Corporation, LEEDS, MORELLI & BROWN, P.C., LENARD LEEDS, STEVEN A. MORELLI, JEFFREY K. BROWN, JAMES VAGNINI, FREDERIC DAVID OSTROVE, BRYAN MAZOLLA, SUSAN FITZGERALD, and JOHN and JANE DOES 1-10, (a fictitious designation for presently unknown Defendants),

Defendants.
-------------------------------------------------------------X

Civil Action No. 1:07- CV-8473
Date Filed: 2/29/08

ASSIGNED JUDGE:
GEORGE B. DANIELS

**MEMORANDUM OF LAW IN REPLY TO PLAINTIFFS' SUPPLEMENTAL OPPOSTION, AND IN FURTHER SUPPORT OF LEEDS, MORELLI & BROWN, P.C., LENARD LEEDS, STEVEN A. MORELLI, JEFFREY K. BROWN SUPPLEMENTAL BRIEFINGS IN SUPPORT OF DISMISSAL**

McCONNELL, SIDERIUS, FLEISCHNER, HOUGHTALING & CRAIGMILE
Denver Corporate Center,Tower 1
4700 S. Syracuse, Suite 200
Denver, CO 80202
(303) 458-9555

RIVKIN RADLER LLP
926 RexCorp Plaza
Uniondale, NY 11556
(516) 357-3000

Of Counsel:

Shari Claire Lewis, Esq. (Rivkin Radler LLP)
Dylan Braverman, Esq. (Rivkin Radler LLP)
Michael McConnell, Esq. (McConnell, Siderius, Fleischner, Houghtaling & Craigmile)
Traci Van Pelt, Esq. (McConnell, Siderius, Fleischner, Houghtaling & Craigmile)

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

POINT I
PLAINTIFFS IGNORE AND MISREPRESENT LM&B'S ARGUMENTS IN FAVOR OF DISMISSAL .......... 2

POINT II
LM&B'S MOTION TO DISMISS SHOULD BE GRANTED BASED ON PLAINTIFFS' EXPRESS OR TACIT ADMISSIONS .......... 3

POINT III
PLAINTIFFS' EXECUTION OF THE INDIVIDUAL AGREEMENT AND OTHER DOCUMENTS REQUIRES DISMISSAL .......... 5

POINT IV
PLAINTIFFS' LIMITED OPPOSITION TO LM&B'S SUPPLEMENTAL BRIEFING FAILS .......... 7

a) Neither New Jersey nor New York law permits a claim of commercial bribery. .......... 7

b) Plaintiffs abandon substantially all "predicate acts" for their New Jersey RICO claim. .......... 8

CONCLUSION .......... 11

**TABLE OF AUTHORITIES**

**CASES**

*484 Associates, L.P. v. Moy*, 2007 U.S. Dist. LEXIS 15625 (S.D.N.Y. March 5, 2007) ..... 6

*AHT Corp. v. Bioshield Technologies, Inc.. ("In Re AHT Corp.")* 292 B.R. 734 (S.D.N.Y. 2003), *aff'd, sub AHT Corp. v. Moses*, 123 Fed. Appx. 17 (2d Cir. 2005) ..... 6

*Abrahami v. UPC Construction Co.*, 224 A.D.2d 231, 638 N.Y.S.2d 11 (1st Dep't 1996) ..... 6

*Appell v. Reiner*, 43 N.J. 313, 204 A.2d 146 (1964) ..... 9

*Bahar v. Allstate Ins. Co.*, 159 Fed. Appx. 311 (2d Cir. 2005) ..... 7

*Bell Atlantic Corp. v. Twombly,* __U.S. __, 127 S. Ct. 1955 (2007) ..... 1,3, 4, 5

*Blog v. Battery Park City Authority*, 234 A.D.2d 99, 650 N.Y.S.2d 173 (1st Dep't 1996) ..... 6

*Clark v. Nevis Capital Management, LLC*, 2005 U.S. Dist. LEXIS 3158 (S.D.N.Y. March 2, 2005) ..... 3

*Crigger v. Schueler*, 443 F.3d 230 (2d Cir. 2006) ..... 6, 7

*Debono v. Washington Mutual Bank*, 2006 U.S. Dist. LEXIS 89283 (S.D.N.Y. Dec, 8, 2006) ..... 5

*Ebsary Gypsum Co. v. George H.A. Ruby*, 256 N.Y. 406, 176 N.E. 820 (1931) ..... 3

*In Re Estate of Waring*, 47 N.J. 367 (1966) ..... 9

*Gillman v. Chase Manhattan Bank, N.A.*, 73 N.Y.2d 1, 537 N.Y.S.2d 787 (1988) ..... 6

*Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144 (2d Cir. 2004) ..... 5

*Hershenbaum v. Angerman*, 1 A.D.3d 218, 767 N.Y.S.2d 226 (1st Dep't 2003) ..... 7

*In re: Jackman*, 165 N.J. 580 (2000) ..... 9

*Levin v. Gallery 63 Antiques Corp.*, 2006 U.S. Dist. LEXIS 70183 (S.D.N.Y. Sept. 28, 2006) ..... 6

*Malarky v. Piel*, 7 A.D.3d 681, 776 N.Y.S.2d 845 (2d Dep't 2004) ..... 5

*McNeil et al v. Leeds, Morelli & Brown, P.C., et al*, Case No. 2003-CV-893, District Court, Denver Colorado ..... 2

*Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171 (2d Cir. 2007) ..... 6

*N.J. Comm. Unauth. Prac., Op. No. 28*, 1994 WL 719208 (1994) ..... 9

*N.Y. St. Tmstr. Conf. Pens. & Ret. Fund v. Doren Ave. Ass., Inc.*, 321 F. Supp. 2d 435 (N.D.N.Y. 2004), *aff'd*, 426 F.3d 640 (2d Cir. 2005) ..... 3

*Niagara Mohawk Power Corp. v. Freed*, 265 A.D.2d 938, 696 N.Y.S.2d 600 (4th Dep't 1999) ..... 8

*Philip Morris, Inc. v. Heinrich*, 1996 U.S. Dist. LEXIS 9156 (S.D.N.Y. June 25, 1996) ..... 8

*Phillip Morris, Inc. v. Grinnell Lithographic Co.*, 67 F. Supp. 2d 126 (E.D.N.Y. 1999) ..... 8

*Sardanis v. Sumitomo Corp.*, 279 A.D.2d 225, 718 N.Y.S.2d 66 (1st Dep't 2001) ..... 8

*Schwarz v. Shapiro*, 202 A.D.2d 187, 608 N.Y.S.2d 810 (1st Dep't 1994) ..... 6

*Schlaifer Nance & Co. v. Estate of Andy Warhol*, 119 F.3d 91 (2d Cir. 1997) ..... 6

*State v. Casilla*, 362 N.J. Super. 554 (App. Div. 2003) ..... 8

*Trustees of Local 478 Trucking & Allied Indus. Pension Fund v. Pirozzi*, 198 N.J. Super. 297 (Law Div. 1983), *aff'd*, 198 N.J. Super 318 (App. Div. 1984) ..... 7

*Van Houten Serv. Inc. v. Shell Oil Co.*, 417 F. Supp. 523 (D.N.J. 1975), aff'd, 546 F.2d 421 (3d Cir. 1976) ..... 5

*Waksman v. Cohen*, 2002 U.S. Dist. LEXIS 21209 (S.D.N.Y. Nov. 4, 2002) ..... 6

*Wint v. ABN Amro Mortgage Group, Inc.*, 19 A.D.3d 588, 800 N.Y.S.2d 411 (2d Dep't 2005) ..... 8

*Wood v. Sophie Davis School*, 2003 U.S. Dist. LEXIS 22653 (S.D.N.Y. Dec. 15, 2003) ..... 3

**STATUTES**

New Jersey Racketeering Act, NJSA 2C:41-1 *et. seq* .......... 8

This Memorandum of Law is respectfully submitted in Reply to Plaintiffs' Supplemental Opposition and in further support of the Motion to Dismiss by defendants Leeds, Morelli & Brown, P.C., Lenard Leeds, Steven A. Morelli and Jeffrey K. Brown (collectively "LM&B").

**INTRODUCTION**

Plaintiffs' Supplemental Opposition ignores the key points made by LM&B and important developments since the filing of the original motion in the District Court of New Jersey on December 29, 2006. First, the Supreme Court decided *Bell Atlantic Corp. v. Twombly, __U.S. __*, 127 S.Ct. 1955 (2007), which provides that in order to defeat a Rule 12 motion, a Complaint must contain factual grounds beyond "formulaic recitations" or conclusory allegations in order to establish that recovery is plausible and not merely speculative. Second, the Hon. Judge Dennis Cavanaugh granted LM&B's motion to transfer venue from New Jersey to this Court, in part because the "operative facts of this lawsuit have only tangential connection to New Jersey" and that, therefore, under *New Jersey*'s conflict of law rules, New York law governs interpretation of the underlying contracts. *See* Exhibit "G" at pp. 7-8.[1] As a result, this case is now governed by Second Circuit precedent on issues of federal law. Finally, in opposing the original motion Plaintiffs relied heavily on a Colorado lawsuit filed against Nextel and LM&B by two putative class members. In November 2007, the Colorado lawsuit resulted in the complete exoneration of LM&B and they were subsequently awarded over $300,000 in costs.

This Court granted Plaintiffs an opportunity to amend their Complaint a second time to address the deficiencies created by these intervening developments. Plaintiffs declined. In contrast, LM&B not only updated its arguments for dismissal, but also demonstrated that the recent *Bell Atlantic* decision requires dismissal on additional grounds. Incredibly, Plaintiffs elected to completely ignore *Bell Atlantic.*

[1] Unless indicated otherwise, all Exhibits referenced herein are attached to the February 29, 2008 Declaration of Shari Claire Lewis.

## POINT I

## PLAINTIFFS IGNORE AND MISREPRESENT LM&B'S ARGUMENTS IN FAVOR OF DISMISSAL

Plaintiffs ignore LM&B's simple and straightforward arguments and misconstrue others in an effort to create the illusion of a valid claim where none exists. For example, Plaintiffs erroneously assert that the "fundamental principle" of LM&B's supplemental submission is that New York law governs this case. That assertion is simply wrong. Although LM&B necessarily addressed the choice of law issues regarding which body of law would govern the various federal law issues and state law tort and contract claims, it is the "fundamental principle" of LM&B's submission that, no matter what law is applied, Plaintiffs cannot establish that their recovery is plausible under *Bell Atlantic*. LM&B pointed out that they are New York lawyers and New York law, like New Jersey law, provides that when people sign documents they cannot ignore the content of those documents. That basic rule of law is hardly novel. Indeed, Plaintiffs do not cite to any contrary precedent from any jurisdiction. Rather than confront the consequences of that rule of law, Plaintiffs ignore it and hope this Court will too.

Likewise, LM&B has never argued that the verdict in *McNeil et al v. Leeds, Morelli & Brown, P.C., et al*, Case No. 2003-CV-893, District Court, Denver, Colorado is dispositive of this matter. LM&B pointed out the Plaintiffs based much of their opposition to the original motion on the Colorado *McNeil* case, e.g., particularly an expert report by a Colorado lawyer, Michael T. Mihm. Since the original submission, it was discovered that Mr. Mihm never authorized Plaintiffs' counsel to submit his report in this case. In fact, the Colorado judge in *McNeil* rejected as a matter of law the legal premise of Mr. Mihm's opinion. The outcome of the *McNeil* case was that LM&B was exonerated. Two putative sub-class members had their day in court and lost. Having based much of their original opposition to dismissal on the *McNeil* case, Plaintiffs now assert the exoneration of LM&B does not matter. *See* Exhibits "I" and "J".

**POINT II**

**LM&B'S MOTION TO DISMISS SHOULD BE GRANTED BASED ON PLAINTIFFS' EXPRESS OR TACIT ADMISSIONS**

Any assertions set forth in moving papers that remain unchallenged are deemed admitted by the motion's opponent. *See Clark v. Nevis Capital Management, LLC*, 2005 U.S. Dist. LEXIS 3158, *56 (S.D.N.Y. March 2, 2005).[2] Accordingly, this Court may deem every contention that Plaintiffs failed to rebut as true, and consider them as fact when determining the instant application to dismiss this action. *See Wood v. Sophie Davis School*, 2003 U.S. Dist. LEXIS 22653, *14, n.11 (S.D.N.Y. Dec. 15, 2003).[3] Plaintiffs have either specifically admitted or tacitly conceded, through their failure to rebut, the following points:

- LM&B's supplemental submission established that the pleading standard enunciated by the Supreme Court in *Bell Atlantic* applies to the Amended Complaint. *See* Supp. MOL at p. 1, Point Point I and III. Plaintiffs do not address *Bell Atlantic* either directly or implicitly. Nor do Plaintiffs dispute *Bell Atlantic's* application to the Amended Complaint, or that dismissal should result from its application.

- LM&B established that New York and New Jersey contract law is identical in that a party is bound to know the contents of a contract it executes and therefore will be bound thereby (despite self-serving claims of ignorance of its contents). *See* Supp MOL at Point II. Plaintiffs affirmatively argue that New York and New Jersey contract law is identical, and rely on the same self-serving denials of knowledge as to the content of the DRSA as contained in their initial opposition, which is inadequate to contradict the terms of the contract as a matter of law. Accordingly, the Amended Complaint, arising in its entirety from the DRSA's contents, should be dismissed under *Bell Atlantic*.

- LM&B's supplemental submission established that under the *Bell Atlantic* plausibility standard, no claim for conversion could be stated under either New Jersey or New York law. *See* Supp. MOL at Point III(b). Plaintiffs never substantively opposed dismissal of this claim. Accordingly, without more, the Tenth Count of the Amended Complaint should be dismissed.

- LM&B's supplemental submission established that Plaintiffs could never meet the essential elements of an unjust enrichment claim under either New Jersey or New York law. *See* Supp. MOL at Point III(c). Plaintiffs have never substantively opposed dismissal of this claim.

[2] *See also N.Y. St. Tmstr. Conf. Pens. & Ret. Fund v. Doren Ave. Ass., Inc.*, 321 F.Supp.2d 435, 451 (N.D.N.Y. 2004), *aff'd*, 426 F.3d 640 (2d Cir. 2005).

[3] *See also Ebsary Gypsum Co. v. George H.A. Ruby*, 256 N.Y. 406, 410; 176 N.E. 820, 821 (1931).

- Accordingly, without more, under *Bell Atlantic,* the Sixth Count of the Amended Complaint should be dismissed.

- LMB's supplemental submission established that Plaintiffs could not plausibly allege sufficient facts to make recovery possible under their theories of breach of contract and/or accounting. *See* Supp. MOL at Point III(d). Plaintiffs have never substantively opposed dismissal of these claims. Accordingly, without more, the Fifth and Eighth Counts of the Amended Complaint should be dismissed.

- LM&B established that pursuant to 40 years of established New Jersey law, no claim for relief can be stated against an attorney, acting as an attorney, under the New Jersey Consumer Fraud Act. *See* Supp. MOL at Point IV(b). Plaintiffs have never substantively opposed dismissal of this claim. Accordingly, without more, the Ninth Count of the Amended Complaint should be dismissed.

- LM&B's supplemental submission established that Plaintiffs' fraud claims must be dismissed because they fail to satisfy the pleading standards under either New York or New Jersey analysis, fail to state a *prima facie* claim and cannot satisfy the plausibility standard under *Bell Atlantic Corp*. *See* Supp. MOL Point V(a). Plaintiffs' failure to address this argument operates as a tacit admission. Accordingly, the Third Count of the Amended Complaint should be dismissed.

- LM&B's supplemental submission established that Plaintiffs' claim for breach of fiduciary duty is not only entirely redundant of the malpractice claim, but also fails to satisfy the *prima facie* elements of such a claim, and is implausible as defined by *Bell Atlantic Corp*. *See* Supp. MOL Point V(b). Plaintiffs have never substantively opposed dismissal of this claim. Accordingly, without more, the First Count of the Amended Complaint should be dismissed.

- LM&B's supplemental submission established those Plaintiffs' allegations of fraud, and mail and/or wire fraud were not adequately factually supported or cognizable as a matter of law in order to be predicate acts to support New Jersey civil racketeering allegations. Plaintiffs oppose dismissal of the NJRICO claim solely on the basis of the alleged "unauthorized practice of law."[4] As such, Plaintiffs should be deemed to have abandoned that portion of their racketeering claim which relied on fraud, wire or mail fraud.

In addition to the almost four (4) months that elapsed as a result of the transfer of this case to this venue, and the additional three (3) weeks granted by this Court for Plaintiffs to again amend the Amended Complaint if they so desired,[5] Plaintiffs requested and received a six (6) week extension to prepare their supplemental opposition in response to the many new issues of law raised by LM&B.

---

[4] Notably, while plaintiffs incorrectly argue that a stand-alone commercial bribery civil claim can be asserted, they tacitly abandon commercial bribery as an underlying predicate act to support a NJRICO claim. Presumptively, this abandonment concedes that plaintiffs are unable to set forth the *prima facie* elements of criminal commercial bribery on the instant record.

[5] Specifically, on September 21, 2007 this matter was transferred from New Jersey to this Court. On January 8, 2008, this Court granted plaintiffs an additional three (3) weeks to notify defendants of any intention to amend the pleadings. Plaintiffs declined the opportunity to attempt to improve their Amended Complaint.

Accordingly, Plaintiffs' failure to fully address the grounds for dismissal can only be considered a deliberate choice on their part and a concession that these issues are beyond dispute.

**POINT III**

**PLAINTIFFS' EXECUTION OF THE INDIVIDUAL AGREEMENT AND OTHER DOCUMENTS REQUIRES DISMISSAL**

Plaintiffs' silence about the consequences of their execution of the Individual Agreement and related documents is what ultimately speaks loudest. Under *Bell Atlantic*, much more than silence is required to demonstrate a plausible claim when that claim is directly refuted by documents the Plaintiffs signed. While asserting that New York law does not necessarily govern their claims, Plaintiffs have not cited this Court to the law of any jurisdiction where a member of the putative sub-class resides that permits a person who signs a document to ignore its content. It is axiomatic that a party who signs an agreement is conclusively bound to know its contents and assent to them, even if he later claims that he did not read or understand the contract. *See Gold v. Deutsche Aktiengesellschaft,* 365 F.3d 144, 149 (2d Cir. 2004); *See also Malarky v. Piel*, 7 A.D.3d 681, 776 N.Y.S.2d 845 (2d Dep't 2004). Plaintiffs cannot legitimately contest that their signing of the Individual Agreement, the Pledge of Good Faith, etc. means they are bound to know the content of them. *See Debono v. Washington Mutual Bank*, 2006 U.S. Dist. LEXIS 89283 (S.D.N.Y. Dec, 8, 2006); *See also Van Houten Serv. Inc. v. Shell Oil Co.*, 417 F.Supp. 523, 527 (D.N.J. 1975), aff'd, 546 F.2d 421 (3d Cir. 1976); Exhibit "B" at p. 8.

Plaintiffs explicitly acknowledged that they (1) knew that LM&B was being paid legal fees by Nextel, and (2) that LM&B was going to serve as a consultant for Nextel at the completion of the DRSA process.[6] Under *Bell Atlantic,* Plaintiffs should not be permitted to ignore the legal consequences of their signatures and obtain a "do-over" based on their wholly self-serving, conclusory allegations.

---

[6] It is explicitly conceded that plaintiffs were informed that, "Nextel is paying each of claimants attorney's fees and expenses," and "LMB will be hired by Nextel to serve as a consultant to its company for a two-year period....Claimant ... acknowledges that such consultancy presents a conflict of interest for LMB, and claimant hereby knowingly waive...any objection....". *See* plaintiff's initial memorandum of law at p. 24, which was attached to the Thyne Declaration, dated March 27, 2008 as Exhibit "A" at p. 24.

Where a party "has the means available to him of knowing, by the exercise of ordinary intelligence, the truth, or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations." *Levin v. Gallery 63 Antiques Corp.*, 2006 U.S. Dist. LEXIS 70183, *25 (S.D.N.Y. Sept. 28, 2006) *citing Schlaifer Nance & Co. v. Estate of Andy Warhol*, 119 F.3d 91, 98 (2d Cir. 1997). Justifiable reliance will not be found in cases in which plaintiff was placed on guard or practically faced with the facts. *See Levin,* 2006 U.S. Dist. LEXIS 70183 at *25-27; *See also Abrahami v. UPC Construction Co.*, 224 A.D.2d 231, 233, 638 N.Y.S.2d 11 (1st Dep't 1996)(Where a party has the means available to him for discovering, by the exercise of ordinary intelligence, the true nature of a contract, he must make use of those means.)[7] This black-letter New York law has been explicitly adopted by this District. *See Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171 (2d Cir. 2007); *See also Crigger v. Schueler*, 443 F.3d 230 (2d Cir. 2006).[8]

In *Schwarz v. Shapiro*, 202 A.D.2d 187, 608 N.Y.S.2d 810 (1st Dep't 1994), the court affirmed the dismissal of an action sounding in legal malpractice, misrepresentation and breach of fiduciary duties against attorneys who drafted a contract executed by the plaintiff. The court found that plaintiff understood the terms of the contract and accepted the benefits thereunder. In doing so, the court ruled that plaintiff was prevented from, "now claiming that the agreement which he ratified and accepted did not express his understanding." *Id.* At bar, Plaintiffs executed the documents underlying this dispute and accepted the benefit of that bargain, including settlement of their individual claims as a result of the

---

[7] Plaintiffs cannot excuse their claimed failure to read, or understand, the contract. *See e.g. Blog v. Battery Park City Authority*, 234 A.D.2d 99, 650 N.Y.S.2d 173, 175 (1st Dep't 1996)(Dismissal granted because plaintiff bound by release despite claims that she was hurried to sign the release, and that she did not fully read and understand the terms); *Gillman v. Chase Manhattan Bank, N.A.*, 73 N.Y.2d 1, 537 N.Y.S.2d 787 (1988)(Failure to read a contract is "gross negligence").

[8] *See also 484 Associates, L.P. v. Moy*, 2007 U.S. Dist. LEXIS 15625 (S.D.N.Y. March 5, 2007); *AHT Corp. v. Bioshield Technologies, Inc.*. ("In Re AHT Corp."), 292 B.R. 734 (S.D.N.Y. 2003), *aff'd*, *sub-nom*, *AHT Corp. v. Moses*, 123 Fed.Appx. 17 (2d Cir. 2005); *Waksman v. Cohen*, 2002 U.S. Dist. LEXIS 21209 (S.D.N.Y. Nov. 4, 2002).

ADR process. Plaintiffs' purported regret years later, cannot serve as the basis for a claim of malpractice or other misdeeds on the part of the LM&B.[9] *See Id.*

Inasmuch as the gravamen of Plaintiffs' claims are rebutted by the fact that Plaintiffs are legally presumed to have known the contents of the documents they signed, including LM&B's receipt of attorneys and consultancy fees from Nextel, they cannot create a pretense to attack the benefit they received under the contract. *See Crigger*, *supra*, 443 F.3d at 234 ("Reasonable reliance entails a duty to investigate… where plaintiff was placed on guard or practically faced with the facts")

**POINT IV**

**PLAINTIFFS' LIMITED OPPOSITION TO LM&B'S SUPPLEMENTAL BRIEFING FAILS**

Plaintiffs choose to oppose only two (2) points of LM&B's supplemental briefing in support of dismissal, ostensibly because LM&B established its right to dismissal on the other claims.

a) Neither New Jersey nor New York law permits a claim of commercial bribery.

Plaintiffs do not dispute the fact that there is no commercial bribery claim under New Jersey law. *See Trustees of Local 478 Trucking & Allied Indus. Pension Fund* v. *Pirozzi,* 198 N.J. Super. 297, 308 (Law Div. 1983), *aff'd*, 198 N.J. Super 318 (App. Div. 1984). Instead, Plaintiffs attempt to create an illusion of an issue by alleging that New York law (which Plaintiffs' otherwise argue does not apply here), leaves open whether a civil action for commercial bribery may be stated. Not only are Plaintiffs wrong in their contention, but even if true, it would still be incumbent on this Court to predict the outcome of the claim under New York law, based upon lower court precedent and policy. *See Bahar v. Allstate Ins. Co.*, 159 Fed. Appx. 311 (2d Cir. 2005). Plainly the overwhelming New York authority, like New Jersey authority, does not recognize a civil action for commercial bribery. *See* Supp. MOL Point V(c).

---

[9] Claims are barred when plaintiffs failed to exercise ordinary diligence to ascertain readily apparent facts. *See e.g. Hershenbaum v. Angerman*, 1 A.D.3d 218, 767 N.Y.S.2d 226 (1st Dep't 2003).

Plaintiffs solely rely on the decision of *Niagara Mohawk Power Corp. v. Freed*, 265 A.D.2d 938, 696 N.Y.S.2d 600 (4th Dep't 1999). The First and Second Appellate Departments as well as the Eastern District have explicitly rejected this decision. *See* e.g. *Phillip Morris, Inc. v. Grinnell Lithographic Co.*, 67 F.Supp.2d 126, 140 (E.D.N.Y. 1999); *Wint v. ABN Amro Mortgage Group, Inc.*, 19 A.D.3d 588, 800 N.Y.S.2d 411 (2d Dep't 2005); *Sardanis v. Sumitomo Corp.*, 279 A.D.2d 225, 230, 718 N.Y.S.2d 66, 69 (1st Dep't 2001). This District's rejection of a civil claim for commercial bribery predates *Niagara Mohawk Power Corp. See Philip Morris, Inc.* v. *Heinrich*, 1996 U.S. Dist. LEXIS 9156, *17 (S.D.N.Y. June 25, 1996). Plaintiffs do not offer an argument as to why this Court should disregard precedent set by this Court, another District Court, and the state appellate courts in which this Court sits.

Finally, even under the maverick decision of *Niagara Mohawk Power Corp.*, this claim must still be dismissed. The *Niagara Mohawk Power Corp.* court ruled that a civil claim for commercial bribery could only be made if there was a secret payment, which formed the bribery. Here, there is no dispute that Nextel's payment of Plaintiffs' legal fees to LM&B and the consultancy fees, were expressly set forth in written documents signed by the Plaintiffs. Accordingly, no civil claim is cognizable as a matter of law.

b) Plaintiffs abandon substantially all "predicate acts" for their New Jersey RICO claim.

By abandoning all other possible "predicate acts," Plaintiffs solely argue that LM&B committed the unauthorized practice of law in New Jersey as a "predicate act" under the New Jersey Racketeering Act, N.J.S.A. 2C:41-1 *et. seq.* ("NJRICO"). As discussed above, Plaintiffs abandonment of all other alleged predicate acts, including fraudulent practices, wire and mail fraud and commercial bribery, results in the presumption that Plaintiffs could never meet the heightened factual specificity required for such claims.

In order to assert a claim under NJRICO, Plaintiffs must set forth a *New Jersey based* racketeering enterprise effecting trade or commerce *in New Jersey*. *See State v. Casilla*, 362 N.J. Super.

554, 563-567 (App. Div. 2003). Here, where LM&B represented Plaintiffs and others located around the country in an arbitration process, there can be no proper New Jersey predicate act, and this New Jersey statutory claim fails. It is well settled that an attorney's representation as to an arbitration does *not* constitute the unauthorized practice of law in the state where the arbitration occurs. *See* Supp. MOL Point IV (a). The New Jersey Supreme Court Committee on Unauthorized Practice has specifically held that participation in an arbitration proceeding in New Jersey does not equate to the unauthorized practice of law. *See N.J. Comm. Unauth. Prac.*, Op. No. 28, 1994 WL 719208 (1994).[10]

Nevertheless, the sole criteria relied on by Plaintiffs for their unauthorized practice of law claim are the facts that LM&B was a New York law firm, and some of the *individual* Plaintiffs were residents of New Jersey. However, those facts do not end the inquiry. Analysis must be made as to the tasks that the attorney actually performs. *See e.g. In Re Estate of Waring*, 47 N.J. 367 (1966)(No unauthorized practice of law by a New York firm who assisted a New Jersey resident with estate matters, because there was no wide-spread pattern of handling of New Jersey estates); *Appell v. Reiner*, 43 N.J. 313, 204 A.2d 146 (1964)(No unauthorized practice of law for a New York attorney assisting New Jersey resident to resolve outstanding New Jersey credit disputes with creditors.)

At most, LM&B was retained by several New Jersey residents, along with hundreds of other claimants around the country, who elected to participate in an ADR process that allowed each of them to expeditiously resolve their individual discrimination claims against Nextel. Such representation does not suffice to state a claim for the unauthorized practice of law in New Jersey. This consclusion is consistent with Judge Cavanaugh's holding that "operative facts of this lawsuit have only tangential

---

[10] Plaintiffs' reliance on the inapposite decision of *In re: Jackman*, 165 N.J. 580 (2000) is both quixotic and misleading. In that case, it was found that an applicant to the New Jersey bar committed prior unauthorized practice of law in New Jersey after it was discovered that he had represented and charged clients over a seven year period as an associate in a New Jersey law firm, that the applicant allowed his only bar admission, Massachusetts, to become inactive, and provided misleading information regarding his lack of admission to the New Jersey bar. In finding the unauthorized practice of law, the court cited to New Jersey Court Rule 1:21-1(a), which forbids an individual from becoming an associate attorney in a New Jersey law firm if that individual is not a member of the New Jersey bar. *See Id.* at 588. These elements are clearly missing here, even crediting plaintiff's version of events as true.

connection to New Jersey." On this basis, and bearing in mind the abandonment of all other "predicate acts," the NJRICO claim fails.

**CONCLUSION**

Based upon the foregoing, the prior submissions, and all exhibits and pleadings hereto, it is respectfully requested that LM&B's motion be granted in its entirety and Plaintiffs' Amended Complaint in its entirety or each count for relief severally be dismissed with prejudice and without leave to replead and whatever further and different relief that to the Court may be just, reasonable and proper.

Dated: Uniondale, New York
May 5, 2008

Respectfully submitted:

RIVKIN RADLER LLP

By: s/Shari Claire Lewis
Shari Claire Lewis, Esq. (SL 0527)
Dylan Braverman (DB 5501)
For Defendants, Leeds, Morelli & Brown, P.C., Lenard Leeds, Stephen Morelli and Jeffrey Brown.
926 Rexcorp Plaza
Uniondale, New York 11556
(516) 357-3000

-and-

McCONNELL, SIDERIUS, FLEISCHNER, HOUGHTALING & CRAIGMILE
Michael McConnell, Esq.
Traci Van Pelt, Esq.
Denver Corporate Center, Tower 1
4700 S. Syracuse, Suite 200
Denver, CO 80202
(303) 458-9555