PROSKAUER ROSE LLP
Lawrence R. Sandak
Joseph C. O'Keefe
1585 Broadway
New York, NY 10036-8299
T: 212.969.3000
F: 212.969.2900
Attorneys for Defendant
Nextel Communications, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| MICHAEL S. JOHNSON, DONNA DYMKOWSKI, PATRICIA LONG-CORREA, ANTONIO SAMUEL, VINCENT HALL, ANGELETTTE WATERS, Individually, and on behalf of the Class, : : : : : | |
| Plaintiffs, : | 07 Civ. 08473 (GBD) |
| - against - : | |
| NEXTEL COMMUNICATIONS, INC., a Delaware Corporation; LEEDS, MORELLI & BROWN, P.C.; LENARD LEEDS, STEVEN A. MORELLI; JEFFREY K. BROWN; JAMES VAGNINI; FREDERIC DAVID OSTROVE; BRYAN MAZOLLA; SUSAN FITZGERALD; AND JOHN AND JANE DOES 1-10, (a fictitious designation for presently unknown Defendants), : : : : : : : : | |
| Defendants. : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT NEXTEL'S REPLY TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

## TABLE OF CONTENTS

                                                                                                                    Page

PRELIMINARY STATEMENT ...................................................................................................1

LEGAL ARGUMENT .....................................................................................................................1

       I.      NEW YORK LAW GOVERNS THE INTERPRETATION OF THE
                DRSA AND INDIVIDUAL AGREEMENTS AND ANALYSIS OF
                PLAINTIFFS' COMMON LAW CLAIMS. ..............................................1

       II.     THE COURT'S DECISION IN *McNEIL V. NEXTEL* SUPPORTS
                NEXTEL'S POSITION THAT PLAINTIFFS' CLAIMS AGAINST
                NEXTEL ARE BARRED DUE TO THE GENERAL RELEASE
                THEY SIGNED............................................................................................2

       III.    THIS COURT HAS HELD THAT THERE IS NO PRIVATE
                RIGHT OF ACTION FOR COMMERCIAL BRIBERY...........................3

       IV.    THE PLAINTIFFS' NJRICO CLAIM MUST FAIL................................4

CONCLUSION................................................................................................................................4

i

**TABLE OF AUTHORITIES**

**CASES**

Page

*Ackerman v. Price Waterhouse,*
   252 A.D.2d 179, 683 N.Y.S.2d 179 (1st Dep't, 1998)......................................................2

*Niagra Mohawk Power Corp. v. Fried,*
   265 A.D.2d 938 (4th Dep't 1999).......................................................................................3

*Philip Morris, Inc. v. Grinnell Lithographic Co., Inc.,*
   67 F.Supp.2d 126 (S.D.N.Y. 1999).....................................................................................3

*Philip Morris, Inc. v. Heinrich,*
   No. 95 CIV. 0328, 1996 WL 363156 (S.D.N.Y. June 25, 1996)..........................................3

*Sardanis v. Sumitomo Corp.,*
   279 A.D.2d 225, 718 N.Y.S.2d 66 (1st Dep't 2001)...........................................................3

*Sierra Rutile Ltd. v. Katz,*
   No. 90 Civ. 4913, 1996 WL 556963 (S.D.N.Y., Oct. 1, 1996) ...........................................3

*Texwood Ltd. v. Gerber,*
   621 F.Supp. 585 (S.D.N.Y.1985).......................................................................................3

**PRELIMINARY STATEMENT**

Defendant Nextel Communications, Inc. ("Nextel") submits this memorandum of law in reply to Plaintiffs' Supplemental Memorandum In Further Opposition to Defendants' Motion to Dismiss the First Amended Complaint.

**LEGAL ARGUMENT**

**I.   NEW YORK LAW GOVERNS THE INTERPRETATION OF THE DRSA AND INDIVIDUAL AGREEMENTS AND ANALYSIS OF PLAINTIFFS' COMMON LAW CLAIMS.**

As demonstrated in Nextel's Supplemental Memorandum of New York Law, whether this Court applies New York or New Jersey law to the Plaintiffs' claims, all claims should be dismissed. Thus, it is purely academic when Plaintiff argues that New Jersey law, and not New York law, controls. However, based on Judge Cavanaugh's Opinion in connection with the District of New Jersey's Order transferring venue to this Court, and based on applicable choice of law principles, New York law should govern consideration of Nextel's motion. Judge Cavanaugh explicitly held:

> The instant case is a diversity action that may involve complex choice of law issues. In diversity actions, federal courts apply the conflict of law principles of the forum state in order to determine which substantive law applies. New Jersey's principles dictate that in suits related to contractual agreements (e.g., the DRSA), the law of the state with the most significant relations, connections and contacts with the parties and the action applies. ***New York has the most significant relations, connections and contact with the DRSA.***

(See Supplemental Declaration of Shari Claire Lewis, Esq., Exhibit A.) All of the Plaintiffs' claims arise from the DRSA which was negotiated and formed in New York. Thus, under Judge Cavanaugh's analysis, New York law applies.

New York choice of law principles require the same result. *Ackerman v. Price Waterhouse,* 252 A.D.2d 179, 683 N.Y.S.2d 179 (1st Dep't, 1998)("New York applies a 'grouping of contacts' or 'center of gravity' approach to choice of law questions in contract cases"), *citing Zurich Ins. Co. v. Shearson Lehman Hutton*, 84 N.Y.2d 309, 317 (1994); *Matter of Allstate Ins. Co.* [Stolarz], 81 N.Y.2d 219, 226 (1993). New York courts analyzing choice of law issues in matters involving contracts focus on five factors: (i) the place of contracting; (ii) negotiation and performance of the contract; (iii) the location of the subject matter of the contract; and (iv) the domicile of the parties. (*Restatement [Second] of Conflict of Laws § 188 [2]; Matter of Allstate Ins. Co. [Stolarz], supra* at 227. These are the same factors considered by Judge Cavanaugh when he applied the New Jersey choice of law analysis and decided that "New York has the most significant relations, connections and contact with the DRSA." *Id.* at 226. Based on Judge Cavanaugh's analysis of the facts of this case, it is clear that New York law applies to Plaintiff's contract and related common law claims. In any event, however, as demonstrated in Nextel's Supplemental Brief, applying either New Jersey or New York law, the Plaintiffs' claims should be dismissed.

II. **THE COURT'S DECISION IN *McNEIL V. NEXTEL* SUPPORTS NEXTEL'S POSITION THAT PLAINTIFFS' CLAIMS AGAINST NEXTEL ARE BARRED DUE TO THE GENERAL RELEASE THEY SIGNED.**

Plaintiffs mischaracterize the court's decision in the Colorado *McNeil v. Nextel* suit ("*McNeil* suit") when they erroneously argue that the case should have "no bearing" on the instant matter. In the *McNeil* suit the plaintiffs asserted many of the same claims as the Plaintiffs here, and their claims were premised upon the same factual allegations. The *McNeil* plaintiffs participated in the same DRSA and executed the same General Releases. The Colorado District Court dismissed the plaintiffs' claims against Nextel as a matter of law, based on legal principles which are substantially identical to those expressed in the authority cited by Nextel in both New

York and New Jersey. The Colorado court concluded that the claims were all barred by the General Releases executed by the parties. In addition, the Colorado court found independent grounds for dismissal of the plaintiffs' fraud and aiding and abetting fiduciary duty claims, as a matter of law, based again on legal principles which are substantially identical to the controlling authority here. While not dispositive in this matter, the disposition of the *McNeil* suit is clearly persuasive.

### III. THIS COURT HAS HELD THAT THERE IS NO PRIVATE RIGHT OF ACTION FOR COMMERCIAL BRIBERY.

As set forth at length in Nextel's Supplemental Memorandum, there is no private cause of action for commercial bribery in New York. In response, Plaintiffs cite a single Fourth Department case (*Niagra Mohawk Power Corp. v. Fried,* 265 A.D.2d 938 (4th Dep't 1999)) which holds the opposite. The substantial weight of authority supports Nextel's position. *See Sardanis v. Sumitomo Corp.*, 279 A.D.2d 225, 718 N.Y.S.2d 66 (1st Dep't 2001)(explicitly rejecting *Niagra* and noting that New York federal courts have consistently found that there is no commercial bribery private right of action.). This Court has repeatedly held that no private cause of action for commercial bribery exists in New York. *Philip Morris, Inc. v. Grinnell Lithographic Co., Inc.,* 67 F.Supp.2d 126 (S.D.N.Y. 1999)("It appears that every federal court considering the issue has concluded that the commercial bribery sections of the Penal Law do not create a private right of action."); *Philip Morris, Inc. v. Heinrich,* No. 95 CIV. 0328, 1996 WL 363156, at *18 (S.D.N.Y. June 25, 1996)(declining to find private right of action under Penal Law § 180.03); *Sierra Rutile Ltd. v. Katz*, No. 90 Civ. 4913, 1996 WL 556963, at *4 (S.D.N.Y., Oct. 1, 1996) (same); *Texwood Ltd. v. Gerber,* 621 F.Supp. 585, 589 (S.D.N.Y.1985) (same). Based on this overwhelming authority, Plaintiffs' commercial bribery claim should be dismissed.

## IV.   THE PLAINTIFFS' NJRICO CLAIM MUST FAIL.

Plaintiffs finally argue that their NJRICO claim is viable because they allege the requisite "racketeering activity." As set forth at length in Nextel's Moving Brief, the Plaintiffs' NJRICO claim (Eleventh Count) should be dismissed because it is untimely and barred by the statue of limitations. In addition, the plaintiffs also lack standing to assert their claim, they have failed to plead the claim with the requisite particularity, and they have failed to plead the required pattern of racketeering activity. *Moving Brief,* pp. 24-28.

## CONCLUSION

For all of the foregoing reasons, and for the reasons contained in Nextel's prior submissions, the First Amended Complaint should be dismissed with prejudice as it relates to Nextel.

Dated: May 5, 2008                                       PROSKAUER ROSE LLP


                                                         By:   s/ Lawrence R. Sandak
                                                               Lawrence R. Sandak
                                                               Joseph C. O'Keefe
                                                               Attorneys for Defendant Nextel
                                                               Communications, Inc.

4