UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL S. JOHNSON, DONNA
DYMKOWSKI, PATRICIA LONG-CORREA,
ANTONIO SAMUEL, VINCENT HALL,
ANGELETTE WATERS, Individually, and on
behalf of the Class,

        Plaintiffs,

    -against-       **MEMORANDUM AND ORDER**

NEXTEL COMMUNICATIONS, INC.,    07 Civ. 8473 (GBD) (KNF)
a Delaware Corporation; LEEDS, MORELLI &
BROWN, P.C., LENARD LEEDS, STEVEN A.
MORELLI; JEFFREY K. BROWN; JAMES
VAGNINI; FREDERIC DAVID OSTROVE;
BRYAN MAZOLLA; SUSAN FITZGERALD;
AND JOHN AND JANE DOES 1-10,
(a fictitious designation for presently unknown
Defendants),

        Defendants.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

  Before the Court is a motion by Leeds, Morelli & Brown, P.C., Lenard Leeds, Steven A. Morelli and Jeffrey K. Brown (collectively "the movants") "for a Protective Order pursuant to Fed. R. Civ. P. 26(b)(5) and 26(c), forbidding the six individually named Plaintiffs from discovering any privileged and/or confidential information relating to [the movants'] representation of the absent putative subclass members on the grounds that such information is protected from disclosure under applicable attorney client privileges and confidentiality between clients and their counsel." The plaintiffs oppose the motion.

***Movants' Contentions***

  The movants contend that: (1) "the named plaintiffs cannot waive privilege belonging to,

or consent to disclosure of confidential information about, the absent former clients"; and (2) "because the named plaintiffs have not obtained waiver or consent from the absent former clients a protective order must be entered to protect their rights." The movants assert that with respect to them, "this is a putative Subclass action," and the plaintiff defined the putative subclass as "48 persons who opted out of the sealed Class Action Suit filed in the State of Colorado captioned Brewer v. Leeds & Morelli, Docket No. 02-CV-1484." They contend that, "as it pertains to [them], this case arises out of [the movants'] individual representation of the six named Plaintiffs as to their various respective individual employment claims against Nextel, [and] Plaintiff's [discovery] Requests implicate, *inter alia*, the intact attorney-client privilege and attorney-client confidentiality belonging to former clients of [the movants]." According to the movants, "[s]ince, with the exception of the six named Plaintiffs, [the movants'] former clients are absent, [the movants are] required by a variety of state statutes and state rules governing the conduct of attorneys to assert, on their behalf, their attorney-client privilege and attorney-client confidentiality rights." The movants contend that the number of putative subclass members includes 29 from Colorado, two from Georgia and six from New Jersey. According to the movants, the plaintiff's counsel "have not asserted they have received an express privilege waiver from any unnamed putative Subclass members, nor have Plaintiffs' counsel provided any express waiver to [the movants]."

   The movants argue that the named plaintiffs cannot waive the privilege belonging to the movants' absent former clients, nor can they consent to disclosure of confidential information on the absent former clients' behalf and, under Georgia and Colorado law, "piercing the attorney-client privilege or attorney-client confidentiality requires affirmative action on the part of the client whose privacy interests are placed at issue by virtue of the information sought."

2

Moreover, "since it does not appear that there was any effort to obtain consent from any Absent Former Client, Colorado law precludes this Court from ordering the production of any documents relating to their representation," and the "Court should enter a protective order forbidding the six named Plaintiffs from discovering any privileged and/or confidential information relating to [the movants'] representation of the Absent Former Clients."  The movants contend that Local Civil Rule 26.2(c) of this court provides that information regarding a privilege respecting multiple documents be provided "by category without individual identification of documents," which is "appropriate here, where there is no dispute as to the privileged nature of the attorney client file and individual identification of each document contained therein would not only be unduly burdensome and impracticable, but often destroy the very privilege that the log is supposed to reflect."

In support of their motion, the movants submitted, inter alia, Exhibit G, the movants' "Privilege Log Re: Files of Former Clients Who Opted Out of the Arapahoe County Case."  The privilege log consists of a table with the following categories: (a) "Name"; (b) "State"; (c) "Doc Number"; and (d) "Basis."  The following is an illustrative excerpt from the movants' privilege log:

| Name | State | Doc Number | Basis |
| --- | --- | --- | --- |
| Beth Love | Colorado | JO-004986 through JO-005317 | Colo. Rev. Stat. § 13-90-107(1)(b); Colo. R. Prof. Cond. 1.6. |
| Reanna Moore | Colorado | JO-007229 through JO-007404 | Colo. Rev. Stat. § 13-90-107(1)(b); Colo. R. Prof. Cond. 1.6. |
| Gary Ashton | Colorado | JO-00271 through JO-00539 | Colo. Rev. Stat. § 13-90-107(1)(b); Colo. R. Prof. Cond. 1.6. |

*Plaintiffs' Contentions*

The plaintiffs contend they had never seen the movants' privilege log prior to the filing of this motion, and the movants' privilege log is inadequate to establish the existence of any privilege. According to the plaintiffs, the movants "assume that the attorney-client privilege applies to *every* document in [their] individual client files," and "there is no such thing as privileged 'file' under the Federal Rules – there are certainly disputes about the applicability of the privilege to *documents* contained in those files." Moreover, the movants' privilege log does not provide the substantive information required by Local Civil Rules of this court, namely, the type of document, the date of the document, the author, the addressee and other recipients of the document, as well as the relationship among the persons involved in sending and receiving the document. The plaintiffs contend that the movants' argument that listing each document on the privilege log is unduly burdensome and impracticable "ignores that both[, the Federal Rules of Civil Procedure and Local Civil Rule 26.2] required disclosure to the degree sufficient to determine if the privilege exists," and if the movants' "burden claim were sufficient, no party would be required to produce [a privilege log]."

According to the plaintiffs, the movants failed to establish that the attorney-client privilege applies to all documents in its client files because they "only stated that the withheld documents were contained in individual client files." The plaintiffs assert that even if the movants' motion "is not premature," the movants "cannot use the attorney-client privilege to withhold documents because the relationship between [the movants] and [their] clients was a sham" and "it is unlikely that there are any communications of confidential advice to [the movants'] clients." However, the plaintiffs maintain that, "even if such communications exist," the relationship of the clients with the movants "was so tainted by conflict that [the movants

4

were] incapable of giving independent advice to [their] clients," and "the attorney-client privilege cannot shield the disclosure of [the movants'] communications with [their] clients."

Alternatively, the plaintiffs contend, the attorney-client privilege does not apply because the movants' clients "were more akin to absent class members" because: (a) the movants "did not vigorously represent the individual interests of [their] clients and instead herded them into signing the [Dispute Resolution Settlement Agreement reached by the parties in the Colorado class action Brewer v. Leeds & Morrelli, Docket No. 02-CV-1484]"; and (b) "courts have expanded the fiduciary exception to the attorney-client privilege to hold that where, as here, an attorney does work on behalf of a beneficiary (here, the 'class'), those beneficiaries can obtain documents created on their behalf."

***Movants' Reply***

In reply, the movants contend that the plaintiffs seek "overly broad, ill-defined categories of documents that are unrelated to class certification." According to the movants, "[i]f, as Plaintiffs contend, the named Plaintiffs are suitably representative of the absent putative Subclass members, then the eight client files [of the six named plaintiffs and the two Colorado putative Subclass members who have already tried their claims against the movants] already in their position [sic] should be adequate for them to support their burden to demonstrate typicality and commonality without need to invade the privacy interests of the Absent Former Clients." The movants assert that the plaintiffs' "joint representation" argument is flawed because "the Second Circuit[, in Johnson v. Nextel Commc'ns, Inc., 660 F.3d 131 (2d Cir 2011),] made no 'findings' regarding whether [the movants] provided individual representation to the putative Subclass or provided 'Joint Representation,'" and "[t]he Joint Representation allegations are just that – disputed allegations." According to the movants, "[a] cursory review of the eight

5

produced client files . . . reveals that: (1) the named Plaintiffs' client files largely consist of private, confidential and/or privileged communications and documents regarding the respective individual employment claims asserted by each Nextel claimant; and (2) individualized representation was required by and provided under the DRSA [Dispute Resolution and Settlement Agreement]."

Attached to the movants' reply is their counsel's declaration with various exhibits attached to it, including Exhibit H, which the movants contend is "the entire client file for plaintiff Patricia Long." According to the movants, a "review of Patricia Long's file as an exemplar 'Nextel client file,' confirms her privacy interest (here waived) and the importance of [the movants'] attempt to comply with Rule 1.6 [of the Colorado Rules of Professional Conduct]." The movants contend that their individual representation is "clear from the face of documents contained in each of the eight produced client files" because: (1) each named plaintiff signed an individual retainer agreement; (2) the movants "submitted detailed 'Claimant Statements' on each Plaintiff's behalf, setting forth the individual basis for their respective claims against Nextel"; (3) the movants responded on behalf of each named plaintiff to the deficiencies Nextel identified concerning each named plaintiff's Claimant Statement; and (4) each named plaintiff's client file contains his or her settlement check, indicating that each was paid a unique amount. The movants maintain that the "plaintiffs ignore Rule 1.6 [of the Colorado Rules of Professional Conduct] confidentiality and Georgia's broad privilege statute," and they have no "compelling need for the withheld Absent Former Clients files" and did not "detail any attempt to obtain the express waiver or consent of the Absent Former Clients which would eliminate [the movants'] obligation to assert attorney-client privilege and Rule 1.6 confidentiality."

*Legal Standard*

"[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."  Fed. R. Evid. 501.

> When a party withholds information otherwise discoverable by claiming that the information is privileged . . .  the party must:
> (i)   expressly make the claim; and
> (ii)  describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected,  will enable other parties to assess the claim.
>
> Fed. R. Civ. P. 26(b)(5)(A).

Local Civil Rules of this court provide:

> Where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis of such assertion, the information set forth in paragraph (a) . . . shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the Court.
>
> Local Civil Rule 26.2(b).

Paragraph (a) of Local Civil Rule 26.2 provides:

> The following information shall be provided . . . :
>    (A)  For documents: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other[.]
>
> Local Civil Rule 26.2(a)(A).

"A party receiving a privilege log that groups documents or otherwise departs from a document-by-document or communication-by-communication listing may not object solely on that basis, but may object if the substantive information required by this rule has not been provided in a comprehensible form."  Local Civil Rule 26.2(c).

A privilege log contemplated by Rule 26 of the Federal Rules of Civil Procedure should:

> identify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure. Other required information, such as the relationship between . . . individuals not normally within the privileged relationship, is then typically supplied by affidavit or deposition testimony. Even under this approach, however, if the party invoking the privilege does not provide sufficient detail to demonstrate fulfillment of all the legal requirements for application of the privilege, his claim will be rejected.
>
> United States v. Constr. Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996) (quoting Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 474 (S.D.N.Y. 1993)).

The purpose of the attorney-client privilege is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." Upjohn Co. v. United States, 449 U.S. 383, 389, 101 S. Ct. 677, 682 (1981). Courts "construe the privilege narrowly because it renders relevant information undiscoverable. . . . The burden of establishing the applicability of the privilege rests with the party invoking it." Pritchard v. County of Erie, 473 F.3d 413, 418 (2d Cir. 2007)(internal citations omitted).

"A party . . . may move for a protective order in the court where the action is pending. . . . The court may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). "If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery." Fed. R. Civ. P. 26(c)(2).

***Application of Legal Standard***

The movants' privilege log fails to comply with Rule 26 of the Federal Rules of Civil Procedure as well as with Local Civil Rule 26.2 requirements, because it does not describe in

any manner, without revealing the information protected, the nature of the documents, communications, or tangible things withheld.  The privilege log also does not explain: (a) whether the persons named are authors, addressees or recipients of any documents or communications withheld; and (b) the general subject matter or the date of any documents or communications withheld.  The movants' privilege log is fatally deficient since it does not identify the documents or communications withheld in any manner that does not reveal the privileged information, making it impossible for the plaintiffs to challenge the privilege claim and for the Court to ascertain whether any documents or communications withheld are protected by any privilege.  Therefore, granting the movants' motion for a protective order is not reasonable and appropriate.

Moreover, it is unclear why the movants invoked Colorado, Georgia and New Jersey statutes in their privilege log, and their memorandum of law fails to address the issue of choice of law governing the privilege in this action, namely what authority, if any, supports their contention that Colorado, Georgia and New Jersey law should govern the privilege in this action.  The lack of any choice of law discussion is particularly puzzling, in light of the Second Circuit's decision noting that, in this action, "New Jersey's choice of law rules apply because New Jersey law would have governed had there been no change of venue," and "[t]he parties appear to agree that there is no difference between New York and New Jersey law as to all [the plaintiff's] claims, save for the New Jersey RICO claim." Johnson v. Nextel Commc'ns, Inc., 660 F.3d 131, 138 (2d Cir. 2011).  "If there is no actual conflict, then the choice-of-law question is inconsequential, and the forum state [here New York] applies its own law to resolve the disputed issue." Id.

9

*Conclusion*

For the foregoing reasons, the movants' motion for a protective order, Docket Entry No. 72, is denied.

Dated: New York, New York
August 24, 2012

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE