SEATTLE    WASHINGTON, D.C.    BOSTON    CHICAGO    LOS ANGELES    PHOENIX    SAN FRANCISCO        T 202.355.6435    F 202.355.6455

**HAGENS BERMAN**

ATTORNEYS AT LAW
HAGENS BERMAN SOBOL SHAPIRO LLP
1629 K STREET NW, SUITE 300
WASHINGTON, D.C. 20006
www.hbsslaw.com

*Via CM/ECF*

June 6, 2013

Hon. George B. Daniels
United States District Court
for the Southern District of New York
United States Courthouse
500 Pearl St., Courtroom 11A
New York, NY 10007-1312

      Re:    *Johnson, et al. v. Nextel Communications, Inc.*
              Civil Action No. 07-Civ-8473 (GBD) (KNF)

Dear Judge Daniels:

      I write on behalf of Plaintiffs in response to the June 5, 2013 letter submitted by Defendant Nextel Communications, Inc. *See* Dkt. No. 139.

      Plaintiffs' certification motion [Dkt. No. 96] seeks certification under Fed. R. Civ. P. 23(c)(4) of common issues related to Defendants' execution of the Dispute Resolution Settlement Agreement ("DRSA"). Plaintiffs are not seeking to certify any claims for damages.

      Despite this fact, Nextel has submitted *Comcast Corp. v. Behrend*,[1] a decision from the United States Supreme Court decided over two months ago under Fed. R. Civ. P. 23(b)(3). Nextel's remaining decisions cited in its letter brief, *Whirlpool Corp. v. Glaze*,[2] *RBS Citizens NA v. Ross*,[3] *Roach v. T.L. Cannon Corp.*[4] and *Wang v. Hearst Corp.*,[5] were likewise decided under Rule 23(b)(3).

---

[1] 569 U.S. ___, 133 S. Ct. 1426 (2013).

[2] 133 S. Ct. 1722 (2013).

[3] 113 S. Ct. 1722 (2013).

[4] 2013 WL 1316452 (N.D.N.Y. Mar. 5, 2013).

[5] 2013 WL 1903787 (S.D.N.Y. May 8, 2013).

Nextel claims that the submission of this supplemental authority is appropriate because "essential elements of [Plaintiffs'] claims – including injury and damages – cannot be determined on a class-wide basis."[6] However, Plaintiffs are not seeking certification of damages. Instead, our Trial Plan proposes to have individualized damage proceedings after the Common Issues are decided on a classwide basis.

Indeed, contrary to Nextel's claim that *Comcast* has "broad application," the only court to have decided whether issue certification under Rule 23(c)(4) remains appropriate in light of the Supreme Court's decision in *Comcast* held that the *Comcast* decision was irrelevant to its review.

*Wallace v. Powell*[7] was a Section 1983 action that arose out of an alleged conspiracy between former judges and individual and business entities involved in the construction of two juvenile detention facilities. The plaintiffs sought certification of a liability-only class under Rules 23(b)(3) and 23(c)(4) of the Federal Rules of Civil Procedure.[8] After reviewing supplemental briefing regarding the relevance of *Comcast* to the plaintiffs' certification request, the court held *Comcast* to be irrelevant:

> First, the *Comcast* Court's analysis followed from an uncontested holding of the district court: satisfaction of predominance under Rule 23(b)(3) required the respondents to show that the damages resulting from the alleged antitrust injury were measurable on a classwide basis through the use of a common methodology. . . . Here, however, Plaintiffs have only sought certification of Classes for a liability determination under Rule 23(c)(4), a subsection of Rule 23 that was not at issue in *Comcast* or even mentioned in the majority opinion. Consequently, *Comcast*'s discussion of the defectiveness of the respondents' damages model when compared to the theories of antitrust impact susceptible to classwide proof does not impact a case such as this where

---

[6] *See also id.* at 1 ("In *Comcast*, the Supreme Court addressed the relationship between Rule 23(b)(3) predominance and damages, rejecting class certification because 'questions of individual damage calculations will inevitably overwhelm questions common to the class.' *Comcast*, 133 S.Ct. at 1433.").

[7] 2013 WL 2042369 (M.D. Pa. May 14, 2013). Plaintiffs have attached a copy of this decision as Exhibit A.

[8] *Id.* at *10.

> classwide resolution is sought only with respect to liability. Based on the differences in the requests for certification in this case when compared to *Comcast*, I am hesitant to interpret *Comcast* in the manner suggested by Provider Defendants . . . . Rather, in the absence of authority to the contrary, I am not inclined to extend *Comcast* beyond its facts and holding. Thus, *Comcast* does not foreclose a district court from certifying a liability only class under Rule 23(c)(4), and Plaintiffs have satisfied the predominance requirement of Rule 23(b)(3).[9]

For the same reasons, neither *Comcast* nor the cases cited by Nextel where plaintiffs sought certification of damage classes are relevant to Plaintiffs' Motion for Certification of Common Issues. As set forth in prior briefing and argument, Plaintiffs' Motion should be granted.

We thank the Court for its continued consideration of these matters.

Respectfully,

*Jennifer F. Connolly*

Jennifer Fountain Connolly

cc: All counsel (via electronic mail)

---

[9] *Id.* at *19 (internal citations omitted).