# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

DONNA DYMKOWSKI, PATRICIA LONG-
CORREA, and ANGELETTE WATERS,

                          Plaintiffs,

      -against-

NEXTEL COMMUNICATIONS, INC.,

                          Defendant.

------------------------------------x

MEMORANDUM DECISION
AND ORDER

07 Civ. 8473 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiffs Donna Dymkowski, Patricia Long-Correa, and Angelette Waters ("Plaintiffs") bring this action against Defendant Nextel Communications, Inc. ("Nextel") for conspiracy to breach fiduciary duty, aiding and abetting breach of fiduciary duty, and tortious interference under New Jersey law.[1] Plaintiffs' claims arise from their participation in a class action lawsuit against Nextel for employment discrimination, and the unsatisfactory settlement of those claims by conflicted class counsel, Leeds, Morelli & Brown P.C., Lenard Leeds, Steven Morelli, and Jeffrey Brown (collectively, "LMB"). Plaintiffs allege that Nextel paid LMB consulting fees in connection with the class settlement, which had the intended effect of artificially low settlement amounts for members of the class.

---

[1] The relevant factual and procedural background is set forth in greater detail in the prior decisions issued by this Court and the Second Circuit. *See Dymkowski v. Nextel Commc'ns, Inc.*, No. 07 Civ. 8473 (GBD), 2020 WL 6082107, at *3 (S.D.N.Y. Oct. 15, 2020); *Johnson v. Nextel Commc'ns, Inc.*, No. 07 Civ. 8473, 2009 WL 928131 (S.D.N.Y. Mar. 31, 2009); 660 F.3d 131 (2d Cir. 2011) ("*Nextel I*"); 293 F.R.D. 660 (S.D.N.Y. 2013); 780 F.3d 128 (2d Cir. 2015) ("*Nextel II*"); 2017 WL 4326052 (S.D.N.Y. Sept. 19, 2017); 763 F. App'x 53, 54 (2d Cir. 2019) ("*Nextel III*"). Such background is incorporated by reference herein and familiarity with those decisions is assumed.

Plaintiffs move to transfer venue back to the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a), thirteen years after this action was transferred here by that court. Plaintiffs argue that venue is improper in New York (1) because Plaintiffs dismissed their claims against LMB, (2) because the Second Circuit held that New Jersey law applies to Plaintiffs' remaining state law claims, and (3) because Plaintiffs are now pursuing their claims individually. (*See* Plaintiffs' First Mot. to Transfer ("Pls.' Mot."), ECF No. 269.) Plaintiffs' motion to transfer venue to New Jersey is DENIED.

## I. FACTUAL BACKGROUND

Plaintiffs filed this action against LMB and Nextel on September 27, 2006 in the Superior Court of New Jersey, Law Division, Passaic County. (Pls.' Mot. at 1.) Nextel removed the lawsuit to the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C § 1441, on the basis of diversity. (*Id.*) LMB, a New York law firm, then moved to transfer venue to the Southern District of New York pursuant to 28 U.SC. § 1404(a). (*Id.*)

In a memorandum opinion dated September 21, 2007, the New Jersey district court granted LMB's motion. (Memorandum Opinion dated September 21, 2007, ("September 21 Decision"), ECF No. 269-1 at 10.) The court found that the District of New Jersey was not Plaintiffs' initial choice of forum; transfer would cause "only slight inconvenience" to the Plaintiffs given the proximity between the Southern District of New York and the District of New Jersey; the operative facts of the lawsuit, specifically the settlement negotiations, "have only a tangential connection to New Jersey"; and because there were 587 plaintiffs scattered across the country, "the choice of these plaintiffs deserve less weight." (September 21 Decision at 7.) The September 21 Decision also found that New York has a strong public interest in this litigation, and a New York jury has a greater interest in the outcome, due to "vested interest[s] in the conduct of the attorneys practicing

2

in their community." (September 21 Decision at 9). Additionally, the court found that enforcement of a judgment against defendants, particularly LMB, weighed in favor of transfer. (*Id.* at 8.)

Following transfer, Nextel and LMB moved to dismiss Plaintiffs' claims, which this Court granted. *Nextel I* at 137. On appeal, the Second Circuit vacated the dismissal and remanded the case for further proceedings. *Id.* at 140-142. Following remand, Plaintiffs moved to certify the class against LMB and Nextel. This Court granted certification as to Nextel but denied certification as to LMB. *Nextel II* at 135-136. Plaintiffs voluntarily dismissed their claims against LMB shortly thereafter, which this Court approved on December 3, 2013. (Pls.' Mot. at 2.)

Nextel appealed this Court's certification of Plaintiffs' class. *Nextel II* at 143. On appeal, the Second Circuit vacated certification, finding that "the substantive law of each class member's state will apply to his or her claims," and therefore New Jersey substantive law applied to Plaintiffs' claims. *Id.* at 148.

Following remand, Plaintiffs moved to amend the First Amended Complaint ("FAC") to assert two new plaintiff subclasses and new claims. *Nextel III* at 54. Applying New Jersey law, this Court denied Plaintiffs' motion on the grounds the amendments would be futile. *Id.* at 54. This Court also found Plaintiffs' claims were time-barred, dismissed the remaining claims, and closed the case. *Id. at 55.* Plaintiffs appealed. On appeal, the Second Circuit affirmed the denial of leave to amend the FAC, but vacated the dismissal as to three of the named Plaintiffs since it was "unable to conclude that Dymkowski's, Long-Correa's, and Water's New Jersey tort-law claims [we]re time-barred" on the record available. *Id.* at 56.

Following remand, Nextel moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Memorandum Decision and Order dated October 15, 2020 ("October

3

15 Decision"), ECF No. 268, at 1.) Applying New Jersey law to Plaintiffs' claims, this Court denied Nextel's motion. (*Id.* at 3.) On November 16, 2020, Plaintiffs filed the motion to transfer venue back to the District of New Jersey. (Pls.' Mot.)

## II. LEGAL STANDARD

### A. The Law of the Case Doctrine

The law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815 (1988) (citing *Arizona v. California,* 460 U.S. 605, 618 (1983). The doctrine, however, is discretionary, and "[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances." *Christianson*, 486 U.S. at 817. A court is justified in reconsidering an earlier decision in "compelling circumstances," such as "(1) an intervening change in controlling law, (2) new evidence, or (3) the need to correct a clear error of law or to prevent manifest injustice." *United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009). Where the moving party can point to controlling decisions or data that "might reasonably be expected to alter the conclusion reached by the court" reconsideration of the prior decision is warranted. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*

### B. Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)

Under 28 U.S.C. § 1404(a), a district court may exercise its discretion to transfer venue "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). This statute gives a district judge broad discretion to transfer an action to another venue in which

4

plaintiff could have originally filed the case "in consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

In determining whether convenience and fairness favor transfer, courts in this Circuit consider several factors:

> (1) [T]he convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded to plaintiffs choice of forum; and (9) trial efficiency and the interests of justice, based upon the totality of the circumstances[.]

*ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 547 (S.D.N.Y. 2008) (*citing Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 401 (S.D.N.Y. 2004)). "[W]eighing the balance [of the factors] is essentially an equitable task left to the [c]ourt's discretion." *ESPN, Inc.*, 581 F. Supp. 2d at 547.

The moving party bears the burden of proof, and "must make a strong showing that the balance of convenience and the interest of justice weigh heavily in favor of a transfer." *U.S. Commodity Futures Trading Comm'n v. Wilson*, 27 F. Supp. 3d 517, 537 (S.D.N.Y. 2014). The standard of proof on a motion for transfer is "clear and convincing evidence." *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 113–14 (2d Cir. 2010). Motions for retransfer are "disfavored" in this Circuit. *Krist v. McGraw-Hill Sch. Educ. Holdings LLC*, No. 17 Civ. 8200 (LAP), 2019 WL 10960491, at *1 (S.D.N.Y. Jan. 4, 2019). Absent "a clear-cut showing that transfer is in the best interests of the litigation," transfer must be denied. *Miller v. Bombardier Inc.*, No. 93 Civ. 0376 (PKL), 1993 WL 378585, at *2 (S.D.N.Y. Sept. 23, 1993).

5

## III. RECONSIDERATION OF THE SEPTEMBER 21 DECISION IS WARRANTED

Plaintiffs, however, seek reconsideration based on three post-transfer changes in circumstance: (1) Plaintiffs dismissed their claims against LMB in 2013; (2) New Jersey law applies to Plaintiffs' claims; and (3) Plaintiffs are now suing on their individual claims. (Pls.' Mot. at 6.) In opposition, Defendants argue that the September 21 Decision is neither "clearly erroneous" nor "would work a manifest injustice" on the parties, therefore this Court should apply the law of the case doctrine to uphold the September 21 Decision. (Def. Nextel Commc'ns, Inc. Mem. of Law in Opp'n to Pls.' Mot. to Transfer Venue, ("Nextel Opp'n"), ECF No. 272 at 1-2; Def. Leeds, Morreli & Brown P.C. et al., Mem. of Law in Opp'n to Pls.' Mot. to Transfer Venue, ECF No. 274 at 3.)

The post-transfer changes identified by Plaintiffs constitute new evidence which might reasonably be expected to alter the conclusion reached by the New Jersey district court. In concluding that the balance of convenience favored transfer, the New Jersey district court heavily relied on the fact that LMB was a defendant, finding that enforceability of a judgment and New York's public interest weighed in favor of litigating in New York. (September 21 Decision at 8-9.) Similarly, that court found that since New York had "the most significant relations, connections, and contact with the [Settlement Agreement]," New York law would apply, which weighed in favor of venue in New York. (*Id.* at 9.) Finally, the New Jersey district court found that Plaintiffs' choice of forum "warrants less deference," in part, because they "constitute only six out of the 587 persons represented by [LMB]." (*Id.* at 9.)

This Court finds that the post-transfer changes identified by Plaintiffs are new evidence not considered by the New Jersey district court in the September 21 Decision, which might reasonably be expected to alter the conclusion reached by that court in its decision to transfer. *Gutermuth*

6

*Invs., Inc. v. Coolbrands Smoothies Franchise, LLC*, No. 07 Civ. 1105(ENV)(RER), 2007 WL 2128835, at *3 (E.D.N.Y. July 25, 2007) (reconsideration warranted in light of new evidence). Therefore, the law of the case does not preclude this Court's reconsideration of venue considering the new evidence. Reconsideration in this case is warranted.

## IV.  PLAINTIFFS' MOTION TO TRANSFER VENUE IS DENIED

Plaintiffs fail to put forth clear and convincing evidence that transfer to the District of New Jersey is in the best interests of the litigation, and therefore transfer would be improper.

Plaintiffs argue that dismissal of their claims against LMB eliminated "all of the bases relied upon by the transferring court" in finding venue for the action proper in New York, rendering venue "no longer valid or convenient" in this district, and therefore transfer back to the district of New Jersey warranted. (Pls.' Mot. at 7.) This argument fails for two reasons. First, Plaintiffs do not articulate how such a transfer would be in the best interests of this litigation. Second, all the bases relied on by the New Jersey district court have not been eliminated. For one, New York interest in this litigation has not been eliminated since the ethical conduct of LMB remains a central issue in this case, notwithstanding that Plaintiffs dismissed their claims against LMB. In the September 21 Decision, the New Jersey district court found that New York has a strong public interest in this matter based on its "authority to establish standards for licen[s]ing and regulating the practice of attorneys." (September 21 Decision at 9.) As Plaintiffs concede in their Reply, to prove Nextel's liability, Plaintiffs will need to prove that LMB owed Plaintiffs a fiduciary duty, that LMB breached that duty, and that Nextel participated in that breach. (Pls.' Reply, ECF No. 275 at 2-3.) As such, a jury will still be required to evaluate the conduct of New York attorneys LMB. Therefore, New York still has a strong public interest in the outcome of this litigation, which has not been extinguished simply because Plaintiffs no longer seek to recover from LMB.

7

Plaintiffs also argue transfer is warranted because New Jersey law applies to Plaintiffs claims and "the district of New Jersey is more familiar with New Jersey substantive law than courts in New York." (Pls.' Mot. at 6.) However, this factor carries little weight on motions to transfer where, as here, "adjudication of this matter does not involve complex questions of foreign laws." *Dwyer v. Gen. Motors Corp.*, 853 F. Supp. 690, 694 (S.D.N.Y. 1994) (denying transfer where plaintiffs foreign law claims were for negligence, strict liability, and breach of warranty). Furthermore, this Court has been overseeing this case for thirteen years and has applied New Jersey law to Plaintiffs' claims without challenge. (October 15 Decision at 5-6.) Since Plaintiffs' claims do not require this Court to determine complex or novel issues of New Jersey law, and as this Court has become familiar with the relevant law in the last thirteen years overseeing this litigation, this factor does not favor transfer.

Plaintiffs argue that their choice of forum deserves deference because they are suing on their individual claims. (Pls.' Mot. at 7.) However, the New Jersey district court found that Plaintiffs deserved less deference for four independent reasons, only one of which has been eliminated by the Plaintiffs' decision to pursue individual claims against Nextel. (September Decision at 7.) The court also held that Plaintiffs' choice of forum warranted less deference because (1) Plaintiff's chosen forum was not the District of New Jersey; (2) litigating in New York would result in "only slight inconvenience to Plaintiffs due to location"; and (3) New York had more connections to the litigation. (September 21 Decision at 7.) These reasons, which have been unaffected by post-transfer changes in this litigation, are enough to find that Plaintiffs' choice of forum deserves less deference. Plaintiffs argue that even if the District of New Jersey was not their chosen forum, New Jersey was their chosen state, and this Court should defer to that choice. (Pls.' Mot. at 6-7.) Plaintiffs incorrectly cite to *Kroll v. Lieberman* for support. In that case, the

8

court denied defendant's motion for transfer where defendant's primary argument was that it would be "unjust to require Defendants to schlep all the way out to the Eastern District" finding that defendant's convenience did not outweigh plaintiff's choice of forum. *Kroll v. Lieberman*, 244 F. Supp. 2d 100, 103 (E.D.N.Y. 2003). Here, conversely, it is Plaintiffs who seek to disturb venue for the sake of their slight convenience which is not entitled to deference. As Plaintiffs' have failed to rebut all the reasons that the September 21 Decision listed in support of its finding that Plaintiffs' choice of forum warranted less deference, this Court finds it unnecessary to disturb that decision.

Plaintiffs have failed to make a showing that transfer is in the best interests of the litigation, nor have they provided clear and convincing evidence that the balance of convenience and interest of justice favor transfer. In fact, transfer at this advanced stage would lead to unnecessary duplication of judicial resources and would be wholly against the interest of justice. While plaintiffs have argued that litigating this action in the District of New Jersey might be slightly more convenient for Plaintiffs, that alone is insufficient to warrant transfer where, as here, the balance of the of convenience and interest of justice weigh in favor of concluding the litigation in New York.

Plaintiffs' motion to transfer this action back to the District of New Jersey is DENIED.

Dated: New York, New York
June 8, 2021

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge